IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM YOUNG, RONALD JOHNSON, and WILLIAM JONES, on behalf of themselves and a class of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No: 06-CV-552 |
| COUNTY OF COOK, MICHAEL SHEAHAN, individually and in his official capacity as Sheriff of Cook County, CALLIE BAIRD, individually and in her official capacity as former Director of the Cook County Department of Corrections, SCOTT KURDOVICH, individually and in his official capacity as Director of the Cook County Department of Corrections, STEVEN MARTIN, Jr., individually and in his official capacity as director of the Cook County Department of Public Health RUTH ROTHENSTEIN, individually and in her official capacity as former director of the Cook County Department of Public Health, and LEONARD R. BERSKY, individually and in his official capacity as Chief Operating Officer of ermak Health Services of Cook County, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JUDGE KENNELLY |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

Named Plaintiffs KIM YOUNG, RONALD JOHNSON and WILLIAM JONES,, on

behalf of themselves and a class of others similarly situated, through their attorneys, Loevy &

Loevy, complaining of Defendants COUNTY OF COOK, MICHAEL SHEAHAN, individually

and in his official capacity as Cook County Sheriff, CALLIE BAIRD, individually and in her

official capacity as former Director of the Cook County Department of Corrections, SCOTT

KURDOVICH, individually and in his official capacity as Director of the Cook County

Department of Corrections, RUTH ROTHENSTEIN, individually and in her official capacity as

former Director of the Cook County Department of Public Health, and STEVE MARTIN,

individually and in his official capacity as Director of the Cook County Department of Public

Health, LEONARD R. BERSKY, individually and in his official capacity as Chief Operating

Officer of Cermak Health Services of Cook County, state as follows:

### Introduction

1.       This is an action pursuant to 42 U.S.C. § 1983 and state law challenging the use of

several unjustified and sexually-intrusive search procedures on both men and women at the Cook

County Jail ("CCJ").

2.       First, the CCJ maintains a blanket policy requiring that all women placed in its

custody undergo a vaginal swabbing, a procedure which involves the insertion of a probe into the

vagina.

3.        There is no legitimate purpose for subjecting detainees to this procedure.  Rather,

as explained below, it is used only to humiliate and dehumanize the women detainees. Whiel

Defendants subject all women to this procedure upon their entry into Cook County Jail, it either

ceased performing, or significantly restricted the use of, the equivalent procedure on male

detainees several years ago, after being sued be a male detainee in the case of Thompson v.

County of Cook, 03-C-7172.

4       In addition to lacking any legitimate purpose, the procedures are also performed in

a coercive, unsanitary, and dehumanizing environment.  The examiners often fail to change

gloves between procedures or otherwise follow usual precautions against the spread of infection.

Moreover, the women are provided no explanation of what is being done to them.  Indeed, asking

questions is treated as a form of recalcitrance which can result in the use of physical force on the woman.

5.     For example, Plaintiff YOUNG was processed into the CCJ as part of a group of approximately 30 women, all of whom were required to undergo the vaginal swabbing.  After it became clear what was being done to the group, one of the women demanded to know if the personnel performing the procedures were licensed.  In response to her questions, several jail guards assaulted this woman in front of the rest of the group.  Plaintiff herself asked what was about to happen to her when she was ordered to place herself on a table and put her legs in stirrups.  Her question met with silence and she had to participate without an explanation.

6      The CCJ also requires both men and women to undergo strip and body cavity searches when being processed into the jail.  For men, the procedure requires that they strip naked and line up facing a wall shoulder-to-shoulder with tens of other men (and sometimes more than 100) who are also being processed into the jail.  The men are then instructed as a group to bend over and spread their buttocks with their hands.  All of the men must remain in this position as guards walk down the row and visually inspects each man's anal cavity.  Often men are forced to stand naked amongst each other in close proximity for thirty-minutes or more.

7.     Women are required to undergo a similar set of searches, but, at least, not in the presence of other detainees.  The women must strip naked, bend over and assume a crouched position.  They are then instructed to cough several times as a guard or guards watch.

8      These strip and visual body cavity searches are conducted pursuant to a blanket procedure that does not require any particularized suspicion that the detainee is concealing anything in his/her cavities.  Moreover, the CCJ requires that these searches be conducted on all

3

detainees at the time they are first brought to the CCJ without regard to the nature of the crime for which they are being held. In other words, a person arrested for a traffic-related misdemeanor who has not yet been able to raise bail will be subjected to the same invasive search as someone arrested for much more serious offences.

9       There was no constitutional justification for the CCJ to force PLAINTIFFS and the members of the class to submit to these needlessly invasive searches or for forcing them to undergo the procedures in such humiliating ways. Nevertheless, Cook County's policymakers, including Defendant SHEAHAN, instituted these unconstitutional procedures and they have turned a blind eye to the dehumanizing way in which these searches are conducted.

10.     Indeed, individuals have sued previously over these practices, but the relatively-small liability threatened by these individual suits has not been sufficient to cause the policymakers to implement reforms. Plaintiffs bring this class action to compensate those who have been victimized by these sexually-invasive procedures and, hopefully, to bring change.

## Jurisdiction and Venue

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367 as Plaintiffs asserts claims under federal law and the state law claims all arise out of the same facts as the federal claims. Venue is proper under 28 U.S.C. § 1391(b) as Defendant, COUNTY OF COOK, is physically situated in this judicial district, and the events giving rise to the claims in this case all occurred here.

## Parties

12.     Named Plaintiff KIM YOUNG is 44 years old. She resides in the State of Wisconsin. She is employed as a certified nurse assistant. She has three daughters.

4

13.     Named Plaintiff RONALD JOHNSON is 41 years old and resides in Flossmoor, Illinois.  He has a degree in business from Western Illinois University and is employed in auto sales.

14.     Names Plaintiff WILLIAM JONES is a 50 year-old Illinois resident.  He works as an expediter at a manufacturing company.

15.     Defendant COUNTY OF COOK is a county of the State of Illinois.  It oversees the Cook County Department of Corrections which in turn operates the Cook County Jail. It also oversees the Cook County Department of Health with in turn operates Cermak Health Services.

16.     Defendant MICHAEL SHEAHAN is a resident of Cook County, Illinois.  Throughout the class period, he has been the Sheriff of Cook County.  In that capacity he is in charge of the Cook County Department of Corrections and the Cook County Jail.  By law, custom, and/or delegation, he has policymaking authority over the jail for the actions at issue in this case.  He is responsible for ensuring that the policies and practices of the CCJ comply with federal and state requirements for the treatment of detainees.  Throughout the class period, he has had personal knowledge that the practices challenged in this case were occurring on a routine basis.   He is sued in his official and individual capacities for the forced veginal swabbing procedures as well as for the strip and cavity search procedures.

17.     Defendants CALLIE BAIRD and SCOTT KURDOVICH have served as the Director of the Cook County Department of Corrections during the class period.  They are responsible, *inter alia*, for ensuring that the practices of the CCJ comply with federal and state requirements for the treatment of detainees.  Throughout their respective tenures as Director, they has had personal knowledge that the practices challenged in this case were occurring on a routine

5

basis.   They are sued in their official and individual capacities for the forced vaginal swabbing

procedures as well as for the strip and cavity search procedures.

18.     Defendants RUTH ROTHENSTEIN and STEVE MARTIN have served as the

Director of the Cook County Department of Public Health.  In that capacity they were in charge

of the Cook County Department of Health of Cermak Health Services.  By law, custom, and/or

delegation, they had policymaking authority over the actions of Cermak Health Services at the

CCJ at issue in this case.  They are responsible for ensuring that the policies and practices of

Cermak Health Services at the CCJ comply with federal and state requirements for the treatment

of detainees.  Throughout their respective tenures they had personal knowledge that employees of

Cermak Health Services were performing the vaginal swabbing procedures challenged in this

case were occurring on a routine basis.  They are sued in their official and individual capacities

for the forced vaginal swabbing procedures at the CCJ.

19.      Defendant LEONARD R. BERSKY, is the Chief Operating Officer of Cermak

Health Services of Cook County.   He is responsible, *inter alia*,  for ensuring that the practices of

Cermak Health Services comply with federal and state requirements for the treatment of

detainees.  Throughout his tenure as Director he has had personal knowledge that employees of

Cermak Health Services were performing the challenged vaginal swabbing procedure on a

routine basis.  He is sued in his official and individual capacities for the forced swabbing

procedure.

## Facts Concerning the Named Plaintiffs

20.     On the evening of January 13, 2005, Plaintiff YOUNG was driving to her cousin's

house in Chicago for a funeral.  Her daughter, sister and granddaughters were in the car with her.

6

21.     Chicago police arrested her on a warrant that was issued after Plaintiff YOUNG
had failed to appear on a traffic ticket.

22.     The police took her to the CCJ where she was processed in accordance with the
jail's usual procedures.  Ms. Young participated in the intake with approximately 30 other
women.

23.     First, the women were placed in a line and serially taken behind a partition.  When
Ms. Young's turn came, she was ordered to remove all of her clothes and underwear, and was
told to squat down in front of a guard.  The guard then told her to cough.  Ms. Young complied
with all of the guard's instructions.  She was required to repeat this procedure three times before
being allowed to dress again.

24.     Later, the approximately 30 women were led to a hallway lined with chairs, where
they were ordered to sit and wait.  Periodically, a woman emerged from a room off the hallway to
call numbers assigned to the detainees.  When their numbers were called, the detainees were
made to enter the room.

25.     When the woman called Ms. Young's number, she entered the room and was told
to sit at one of three tables.  A woman, who was dressed in street clothes drew two tubes of blood
from Ms. Young's arm. When Young asked the woman why her blood was being taken, the
woman did not respond.

26.     Ms. Young was then sent to sit in the hallway again.  Approximately twenty
minutes later, she was called back into the room, but this time she was led behind a partition.  A
woman ordered Young to remove her clothes again saying, "we're going to examine you." When
Young asked what she was being examined for, the woman responded "just get on the table."

7

Young protested, telling the woman that she expected to be bonded out of the jail soon. Ms. Young was ordered to climb on to the examining table and place her feet in stirrups.

27.    The woman proceeded to perform a vaginal swab on Ms. Young which included inserting a speculum and other probes into Ms. Young's vaginal cavity.

28.    Ms. Young was never given any paper to read or sign before any of these procedures were performed on her, nor was she asked any questions about her medical status or history.

29.    After the procedure, Ms. Young was instructed to return to the hall, where she waited while the other women underwent the same procedure.

30.    At one point, while Ms. Young was sitting in the hallway, one of the female detainees demanded to know if the person drawing blood was licensed. When this person responded that she was not licensed, the woman refused to enter the room with her. The woman responded, "we're going to show you." Soon guards arrived, physically abused the protesting detainee, and took her away.

31.    Neither Ms. Young nor any of the other women in her presence were asked to consent to these procedures nor were the nature or purpose of the procedures explained to them.

32.    On information and belief, the persons administering these procedures were employees or agents of the Cook County Department of Health and of Cermak Health Services.

33.    On January 15th, approximately 36 hours after being arrested, Ms. Young was brought before a judge and was released from Cook County Jail. While being checked out of the jail, Ms. Young asked the woman processing her paperwork if she could see the results of the procedures. The woman laughed at this request, and said "you better get out of here now."

34.     On April 18, 2005, Plaintiff JOHNSON was booked into CCJ after having been charged with possession of a controlled substance, a false charge of which he was later acquitted.

35.     Mr. Johnson went through the intake process with approximately 100 other men. These men were all ordered into a crowded hallway and then instructed to strip naked as a group. They remained naked in each other's presence for more than thirty minutes. The ventilation was insufficient and the air stank of body oder.

36.     At one point they were told to face a wall, bend over, and spread their buttocks with their hands. They had to remain in that position as guards walked down the row visually inspecting them. Several of the guards made comments that the men were un-bathed and stank.

37.     The following day, Mr. Johnson was released from CCJ and placed on home monitoring.

38.     On January 30, 2006, Plaintiff William Jones was riding in a friend's car when the friend was pulled over by Palatine police. Upon checking the identity of the vehicles occupants, the officers discovered an outstanding warrant for Mr. Jones, issued after he had failed to appear at a hearing regarding a traffic offense. They therefore arrested him.

39.     The police took Mr. Jones to CCJ where he was processed in accordance with the jail's usual procedures. Mr. Jones participated in the intake with approximately 100 other men.

40.     These men were all ordered into a crowded hallway and then instructed to strip naked as a group. They remained naked in each other's presence for approximately 40 minutes. There was no heat in the hallway, and the temperature felt to be less than 50 degrees Fahrenheit. Many of the men were shivering. In addition, the ventilation was insufficient and the air stank of body oder.

41.     At one point a guard  told the men to put their head on one of the hallway walls, which were filthy, bend over, and spread their buttocks with their hands.  They had to remain in that position as a guard walked down the row visually inspecting them.

42.     During the 40 minute period, the guards repeatedly engaged in "hazing" behavior, poking fun at the men and trying to "put them in their place" with teasing commands.

### Class Allegations

43.     Cook County Jail is one of the largest detention centers in the world.  Hundreds of men and women are brought into Cook County Jail each day, amounting to approximately 100,000 people per-year.  Each person booked into Cook County Jail is subjected to the intake procedures described herein.

44.     Named Plaintiffs YOUNG, JOHNSON and JONES (the "Named Plaintiffs") seek to pursue claims both for themselves and for a class of others similarly situated.  Named Plaintiffs believe that the class should be organized into the following four subclasses.

45.     Class I consists of:

All women who have been subjected to vaginal swabbing in connection with the intake procedures at the Cook County Jail at anytime on or after January 30, 2004.

Class I brings claims pursuant to the Fourth Amendment, the Due Process Clause and the Equal Protection Clause.  Plaintiff YOUNG seeks to represent this class.

46.     The individuals in Class I are so numerous that joinder of all members is impractical.  The Named Plaintiffs estimate that Class I numbers in at least the thousands.

a.      On information and belief, approximately 200,000 persons have been booked into the Cook County Jail during the Class Period.  A substantial percentage of these persons are women;

10

b.  On information and belief, all women booked into Cook County Jail during the Class Period have been subjected to the challenged swabbing procedure; and

c.  Ms. Young herself witnessed at least 30 women being subjected to the procedure.

47.  There are questions of law and fact common to the claims of Class I.  Among these common questions are:

a.  Whether there is any legitimate purpose for subjecting the female detainees to the swabbing procedure;

b .  Whether there is any sufficient justification for continuing to subject women to the swabbing procedure, when the CCJ discontinued subjecting men to the equivalent procedure;

c.  Whether the use of the procedure and/or the way in which it is conducted is an  unreasonable search;

d.  Whether the use of the procedure and/or the way in which it is conducted violates the detainees' rights under the Due Process Clause;

e.  Whether the use of the procedure on women when the equivalent procedure on men has been discontinued violates the women's rights to Equal Protection;

f.   Whether Cook County maintains an express policy or custom requiring the swabbing procedure, and/or whether the procedure was instituted by a policymaker(s) of Cook County, and/or whether the policymakers of Cook County condoned or were deliberately indifferent to the use of the procedure;

g.  Whether any of Defendants SHEAHAN, BAIRD, KURDOVICH,

11

ROTHENSTEIN, MARTIN, and/or BERSKY failed in their supervisory responsibilities to have terminated this procedure; and

      h.    Whether the procedure violates the women's rights under state law.

48.    Plaintiff YOUNG's claims are typical of the claims of Class I. Ms. Young was detained at the CCJ and was subjected to the swabbing procedure in accordance with the CCJ's usual practices. She seeks to prove that the procedure violates the Fourth Amendment, the Due Process Clause and the Equal Protection Clause, as well as state law, and that each of the Defendants is liable.

49.    Plaintiff Young will fairly and adequately represent the interests of Class I. She has retained skilled counsel with experience in constitutional and class action litigation to represent the Class.

50.    The questions of law and fact common to Class I predominate over any individual issues.

51.    Class II consists of:

All men who have been subjected to a strip and visual body cavity search pursuant to the uniform intake search procedures at the Cook County Jail at anytime on or after January 30, 2004.

Class II brings claims pursuant to the Fourth Amendment, the Due Process Clause and the Equal Protection Clause. Plaintiffs JOHNSON and JONES seek to represent this class.

52.    The individuals in the Class II are so numerous that joinder of all members is impractical. The Named Plaintiffs estimate that Class II numbers in at least the thousands.

      a.    On information and belief, approximately 200,000 persons have been booked into the Cook County Jail during the Class Period. A substantial portion of the persons

12

are male;

b.       On information and belief, each man booked into Cook County Jail during the Class Period has been subjected to the strip and visual body cavity search described herein;

c.       Mr. Johnson himself witnessed approximately 100 men being subjected to the procedure; and

d.       Mr. Jones himself witnessed approximately 100 men being subjected to the procedure.

53.       There are questions of law and fact common to the claims of Class II.  Among these common questions are:

a.       Whether it is unreasonable to conduct group strip and visual body cavity searches of the men in a manner which violates the Fourth Amendment;

b.       Whether the use of group strip and visual body cavity searches violates the men's rights under the Due Process Clause;

c.       Whether the use of a group strip and body cavity search procedure for men but not for women violates the Equal Protection Clause;

d.        Whether Cook County maintains an express policy or custom requiring the group procedure for members of Class II, and/or whether the application of the procedure to members of Class II was instituted by a Cook County policymaker(s), and/or whether the policymakers of Cook County condoned or were deliberately indifferent to the use of the procedure on the members of Class II;

e.       Whether any of Defendants SHEAHAN and/or BAIRD failed in their supervisory responsibilities to have avoided the use of a group strip and cavity search procedure

13

for the members of Class II; and

    f.  Whether the procedure violates the state law rights of the members of

Class II.

  54.  Plaintiffs JOHNSON's and JONES' claims are typical of the claims of Class II.

Both were booked into the CCJ and was subjected to the strip search and visual cavity search

procedure in accordance with the CCJ's usual practices for males.  Both seek to prove that the

procedure violates the Fourth Amendment, the Due Process Clause and the Equal Protection

Clause as well as state law, and that Defendants COOK COUNTY, SHEAHAN, KURDOVICH

and BAIRD are liable as a result.

  55.  Plaintiffs JOHNSON and JONES will fairly and adequately represent the interests

of Class II.  They have retained skilled counsel with experience in constitutional and class action

litigation to represent the Class.

  56.  The questions of law and fact common to the Class II predominate over any

individual issues.

  57.  Class III consists of:

> All persons who were arrested on failure to appear or bench warrants for traffic or
> misdemeanor offenses and all persons arrested for traffic or misdemeanor offenses
> and who were subsequently subjected to a strip and/or visual cavity search at the
> Cook County Jail at anytime on or after January 30, 2004 pursuant to the uniform
> intake search procedures.

Class III brings claims pursuant to the Fourth Amendment and the Due Process Clause.  Plaintiffs

YOUNG and JONES seek to represent this class.

  58.  The individuals in Class III are so numerous that joinder of all members is

impractical.  The Named Plaintiffs estimate that Class III numbers in at least the thousands.

a. On information and belief, approximately 200,000 persons have been booked into the Cook County Jail during the Class Period;

b. On information and belief, each person booked into Cook County Jail during the Class Period has been subjected to the strip searches described herein;

c. Ms. Young herself witnessed at least 30 women being subjected to the procedure;

d. Mr. Johnson himself witnessed approximately 100 men being subjected to the procedure; and

e. Mr. Jones himself witnessed approximately 100 men being subjected to the procedure.

. 59. There are questions of law and fact common to the claims of Class III. Among these common questions are:

a. Whether there is any sufficient justification for subjecting the members of Class III to a blanket strip search procedure;

b. Whether the use of the procedure and/or the way in which it is conducted is an unreasonable search;

c. Whether the use of the procedure and/or the way in which it is conducted violates the detainees' rights under the Due Process Clause;

d. Whether Cook County maintains an express policy or custom requiring the procedure for members of Class III, and/or whether the application of the procedure to members of Class III was instituted by a Cook County policymaker(s), and/or whether the policymakers of Cook County condoned or were deliberately indifferent to the use of the

15

procedure on the members of Class III;

      e.     Whether any of Defendants SHEAHAN, KURDOVICH and/or BAIRD failed in their supervisory responsibilities to have avoided strip searching the members of Class III; and

      f.     Whether the procedure violates the state law rights of the members of Class III.

60.    Plaintiffs YOUNG's and JONES' claims are typical of the claims of Class III. Both were arrested for a failure to appear for traffic offenses and both were then detained at the CCJ and subjected to a strip search procedure in accordance with the CCJ's usual practices. Both seek to prove that the procedure violates the Fourth Amendment and the Due Process Clause, as well as state law, and that Defendants COOK COUNTY, SHEAHAN, KURDOVICH and BAIRD are liable as a result.

61.    Plaintiffs Young and Jones will fairly and adequately represent the interests of the Class III. They have retained skilled counsel with experience in constitutional and class action litigation to represent the Class.

62.    The questions of law and fact common to the Class III predominate over any individual issues.

63.    Class IV consists of:

All persons who were arrested for non-drug-related offenses and who were subsequently subjected to a visual cavity search at the Cook County Jail at anytime on or after January 30, 2004 pursuant to the uniform intake search procedures.

Class IV brings claims pursuant to the Fourth Amendment and the Due Process Clause.

Plaintiffs YOUNG and JONES seek to represent this class.

64.     The individuals in Class IV are so numerous that joinder of all members is impractical.  The Named Plaintiffs estimate that Class IV numbers in at least the thousands.

a.     On information and belief, approximately 200,000 persons have been booked into the Cook County Jail during the Class Period;

b.     On information and belief, each person booked into Cook County Jail during the Class Period has been subjected to the visual cavity searches described herein;

c.     Ms. Young herself witnessed at least 30 women being subjected to the procedure;

d.     Mr. Johnson himself witnessed approximately 100 men being subjected to the procedure; and

e.     Mr. Jones himself witnessed approximately 100 men being subjected to the procedure.

.     65.     There are questions of law and fact common to the claims of Class IV.  Among these common questions are:

a.     Whether there is any sufficient justification for a blanket procedure of subjecting the members of Class IV to a visual cavity search;

b.     Whether the procedure is an unreasonable search;

c.     Whether the use of the procedure and/or the way in which it is conducted violates the detainees' rights under the Due Process Clause;

d.     Whether Cook County maintains an express policy or custom requiring the  procedure for members of Class IV, and/or whether the application of the procedure to members of Class IV was instituted by a Cook County policymaker(s), and/or whether the

17

policymakers of Cook County condoned or were deliberately indifferent to the use of the

procedure on the members of Class IV;

       e.    Whether any of Defendants SHEAHAN, KURDOVICH and/or BAIRD

failed in their supervisory responsibilities to have avoided strip searching the members of Class

IV; and

       f.    Whether the procedure violates the state law rights of the members of

Class IV.

66.    Plaintiffs YOUNG's and Jones' claims are typical of the claims of Class IV.  Both

were arrested for a failure to appear for a traffic offense and she was then detained at the CCJ and

both were subjected to the visual cavity search procedure in accordance with the CCJ's usual

practices.  Both seek to prove that the procedure violates the Fourth Amendment and the Due

Process Clause, as well as state law, and that Defendants COOK COUNTY, SHEAHAN,

KURDOVICH and BAIRD are liable as a result.

67.    Plaintiffs Young and Jones will fairly and adequately represent the interests of the

Class IV.  They have retained skilled counsel with experience in constitutional and class action

litigation to represent the Class.

68.    The questions of law and fact common to the Class IV predominate over any

individual issues.


### Count I - Class I's claims pursuant to 42 U.S.C. §1983
### for violations of the Fourth and Fourteenth Amendments

69.    Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

70.    There is no proper or sufficient need or justification for the vaginal swabbing

procedure.

71.     By instituting and continuing the vaginal swabbing procedures identified above, Defendants have subjected Plaintiff YOUNG and the members of Class I to an unreasonable search in violation of the Fourth Amendment.

72.     By instituting and continuing the vaginal swabbing procedures identified above, Defendants have subjected Plaintiff YOUNG and the members of Class I to punishment in violation of the Fourteenth Amendment.

73.     By instituting and continuing the vaginal swabbing procedures identified above, Defendants have denied Plaintiff YOUNG and the members of Class I the right to select and control their own medical treatment including refusing treatment, all in violation of the Fourteenth Amendment.

74.     Policies, customs and/or widespread practices of Defendant COOK COUNTY, and/or the express decisions of its policymaker(s) are the moving force behind these violations. Defendants SHEAHAN, BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN and BERSKY had supervisory responsibility to have terminated the procedure and failed to do so.

            WHEREFORE, Named Plaintiff YOUNG respectfully demands judgment on behalf of herself and the class, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendants COOK COUNTY, SHEAHAN, BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN and BERSKY.  Named Plaintiff YOUNG further demands an award of punitive damages on behalf of herself and the class against Defendants SHEAHAN, BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN and BERSKY.

**Count II - Class I's claims pursuant to 42 U.S.C. §1983
for violations of the Equal Protection Clause**

75.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

76.     By continuing the blanket vaginal swabbing procedures identified above even
after terminating or limiting the use of the equivalent procedure for males, Defendants have
violated the right to equal protection of Plaintiff YOUNG and the members of Class I.

77.     There is no proper or sufficient need or justification for discriminating between
men and women with regard to the swabbing procedure.

78.     The continuation of the procedure for women, and/or the failure to limit it in the
same manner as for men, resulted from policies, customs and/or widespread practices of
Defendant COOK COUNTY, and/or the express decisions of its policymaker(s).  Defendants
SHEAHAN, BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN and BERSKY had
supervisory responsibility to have terminated the procedure as to women when the procedure was
terminated for the men and failed to do so.

        WHEREFORE, Named Plaintiff YOUNG respectfully demands judgment on
behalf of herself and the class, awarding costs, fees, attorneys fees, actual damages, and any other
appropriate relief against Defendants COOK COUNTY,SHEAHAN, BAIRD, KURDOVICH,
MARTIN, ROTHENSTEIN and BERSKY .  Named Plaintiff YOUNG further demands an
award of punitive damages on behalf of herself and the class against Defendants SHEAHAN,
BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN and BERSKY .

### Count III - Class II's claims pursuant to 42 U.S.C. §1983
### for violations of the Fourth and Fourteenth Amendments

79.    Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

80.    There is no proper or sufficient justification for the use of a group strip and cavity search procedure, nor for the other aspects of the procedure including the amount of time for which the men must remain naked.

81.    By instituting and continuing the group strip and cavity search procedures identified above, Defendants have subjected Plaintiffs JOHNSON and JONES and the members of Class II to an unreasonable search in violation of the Fourth Amendment.

82.    By instituting and continuing the group strip and cavity search procedure and allowing it to be performed in the alleged manner Defendants have subjected Plaintiffs JOHNSON and JONES and the members of Class II to punishment in violation of the Fourteenth Amendment.

83.    Policies, customs and/or widespread practices of Defendant COOK COUNTY, and/or the express decisions of its policymaker(s) are the moving force behind these violations. Defendants SHEAHAN, BAIRD and KURDOVICH had supervisory responsibility to have terminated the procedure and failed to do so.

WHEREFORE, Named Plaintiffs JOHNSON and JONES respectfully demand judgment on behalf of themselves and the class, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendants COOK COUNTY, SHEAHAN, BAIRD and KURDOVICH.  Named Plaintiffs JOHNSON and JONES further demand an award of punitive damages on behalf of themselves and the class against Defendants SHEAHAN, BAIRD and KURDOVICH.

**Count IV - Class II's claims pursuant to 42 U.S.C. §1983
for violations of the Equal Protection Clause**

84.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

85.     By instituting and continuing the group strip and cavity search procedures identified above for men but using an individualized and private search for women, Defendants have violated the right to equal protection of Plaintiffs JOHNSON and JONES and the members of Class II.

86.     There is no proper or sufficient need or justification for discriminating between men and women with regard to the searches.

87.     The use and continuation of this discriminatory procedure resulted from policies, customs and/or widespread practices of Defendant COOK COUNTY, and/or the express decisions of its policymaker(s).  Defendants SHEAHAN, BAIRD and KURDOVICH had supervisory responsibility to prevent this discrimination towards the men and failed to do so.

        WHEREFORE, Named Plaintiff JOHNSON and JONES respectfully demand judgment on behalf of themselves and the class, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendants COOK COUNTY, SHEAHAN, BAIRD and KURDOVICH.  Named Plaintiffs JOHNSON and JONES further demand an award of punitive damages for themselves and the Class against Defendants SHEAHAN, BAIRD and KURDOVICH.

**Count V - Class III's claims pursuant to 42 U.S.C. §1983
for violations of the Fourth and Fourteenth Amendments**

88.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

89.     There is no proper or sufficient need or justification for a blanket procedure of strip and/or visual cavity searching the members of Class III.

90.     By instituting and continuing a blanket procedure of strip searching the members of Class III,  Defendants have subjected Plaintiffs YOUNG and JONES and the members of Class III to an unreasonable search in violation of the Fourth Amendment.

91.     By instituting and continuing a blanket procedure of strip searching the members of Class III, Defendants have subjected Plaintiffs YOUNG and JONES and the members of Class III to punishment in violation of the Fourteenth Amendment.

92.     Policies, customs and/or widespread practices of Defendant COOK COUNTY, and/or the express decisions of its policymaker(s) are the moving force behind these violations. Defendants SHEAHAN, BAIRD and KURDOVICH had supervisory responsibility to have terminated the procedure and failed to do so.

        WHEREFORE, Named Plaintiffs YOUNG and JONES respectfully demand judgment on behalf of themselves and the class, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendants COOK COUNTY, SHEAHAN, BAIRD and KURDOVICH.  Named Plaintiffs YOUNG and JONES further demand an award of punitive damages on behalf of themselves and the class against Defendants SHEAHAN, BAIRD and KURDOVICH.

**Count VI - Class IV's claims pursuant to 42 U.S.C. §1983**
**for violations of the Fourth and Fourteenth Amendments**

93.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

94.     There is no proper or sufficient need or justification for a blanket procedure of performing visual cavity searches on the members of Class IV.

95.     By instituting and continuing a blanket procedure of visual cavity searching the members of Class IV,  Defendants have subjected Plaintiffs YOUNG and JONES and the members of Class IV to an unreasonable search in violation of the Fourth Amendment.

96.      By instituting and continuing a blanket procedure of visual cavity searching the members of Class IV, Defendants have subjected Plaintiffs YOUNG and JONES and the members of Class IV to punishment in violation of the Fourteenth Amendment.

97.     Policies, customs and/or widespread practices of Defendant COOK COUNTY, and/or the express decisions of its policymaker(s) are the moving force behind these violations. Defendants SHEAHAN, BAIRD and KURDOVICH had supervisory responsibility to have terminated the procedure and failed to do so.

WHEREFORE, Named Plaintiffs YOUNG and JONES respectfully demand judgment on behalf of themselves and the class, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendants COOK COUNTY, SHEAHAN, BAIRD and KURDOVICH.  Named Plaintiffs YOUNG and JONES further demands an award of punitive damages on behalf of themselves and the class against Defendants SHEAHAN, BAIRD and KURDOVICH.

## Count VII - State Law Claim: Respondeat Superior

98.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

99.     By all of the above employees of Defendant Cook County subjected Named Plaintiffs YOUNG, JOHNSON and JONES, and the members of the Classes I-IV to the procedures described above, all of which procedures violate Illinois law.

100.     These employees' actions and omissions were taken within the scope of their employment for Cook County .

101.     Plaintiffs YOUNG, JOHNSON and JONES and the members of the Classes I-IV have suffered damages as a result.

WHEREFORE, Named Plaintiffs YOUNG, JOHNSON and JONES respectfully demand judgment on behalf of themselves and the Class Members, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendant COOK COUNTY**.**

## Count VIII - State Law Claim: Indemnification

102.     Plaintiffs re-allege each paragraph of this Complaint as if fully stated herein.

103.     By all of the above Defendants SHEAHAN, BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN, BERSKY and/or other as yet unidentified Cook County employees subjected Named Plaintiffs YOUNG, JOHNSON and JONES, and the members of the Classes I-IV to the procedures described above.

104.     These persons' actions and omissions were taken within the scope of their employment for Cook County.

105.    Defendant COOK COUNTY is therefore required to indemnify an judgment awarded in this case against Defendants SHEAHAN, BAIRD, KURDOVICH, MARTIN, ROTHENSTEIN, BERSKY and/or other as yet unidentified Cook County employees.

WHEREFORE, Named Plaintiffs YOUNG, JOHNSON and JONES respectfully demand judgment on behalf of themselves and the Class Members, awarding costs, fees, attorneys fees, actual damages, and any other appropriate relief against Defendant COOK COUNTY.


### Jury Demand

Named Plaintiffs YOUNG, JOHNSON and JONES respectfully demand judgment trial by jury on behalf of themselves and the Class Members on all issues so triable.


RESPECTFULLY SUBMITTED,


/s/ Michael Kanovitz
Attorneys for Plaintiffs


Arthur Loevy
Michael Kanovitz
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May St.,Suite 100
Chicago, IL 60607
(312) 243-5900