# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 552 | **DATE** | 8/3/2009 |
| **CASE TITLE** |  | Young, et al. vs. Cook County, et al. | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to amend the pretrial order is granted [391 & 393]. Plaintiff's motion to clarify ruling is terminated; the ruling in question is clarified as stated below [388]. Defendants' motion to reconsider is granted in part and denied in part as stated below [384]. Plaintiffs' motion for sanctions is granted as stated below [376]. The Court makes additional rulings on the parties' motions in limine as stated below.

■[ For further details see text below.]        Docketing to mail notices.

## STATEMENT

The Court makes the following rulings:

*Defendants' motion in limine 3 & 6C*

Upon further consideration of the materials offered with regard to plaintiffs' motion in limine number 3, the Court has now concluded, as plaintiffs have argued, that evidence that use of similar methods of strip searching at dates prior to those at issue in the trial is relevant, and admissible under Federal Rule of Evidence 404(b), to show modus operandi.

Plaintiffs also seek to admit evidence of lawsuits predating February 2007 for this and other purposes. The Court is still not completely certain what exactly plaintiffs intend to offer in this regard, and what they contend each such item of evidence shows. Before Court can rule on this point, plaintiffs must submit a detailed proffer of this evidence, and are directed to do so by no later than the morning of Tuesday, August 4.

*Defendants' motion in limine 5*

Ruling on defendants' motion in limine number 5 has been deferred until after plaintiffs submit a proffer of the testimony they intend to offer that is covered by this motion. *See* 7/29/09 Tr. at 42.

*Defendants' motion in limine 6D*

Defendants' objection to the Department of Justice report is overruled. *See* 7/29/09 Tr. at 52.

**STATEMENT**

*Defendants' motion in limine 7*

Defendants' objection to evidence and argument to the effect that the use of partitions was introduced as a result of litigation is sustained. *See* 7/29/09 Tr. at 56. With regard to the issue of practices following defendants' introduction of body scanning machine for intake searches of male detainees, on or about March 18, 2009, the Court determined that the trial will concern only defendants' practices from February 2007 through March 18, 2009. *See* 7/29/09 Tr. at 64.

*Plaintiffs' motion in limine 1 / plaintiffs' motion to clarify ruling*

Plaintiffs' motion to clarify is granted, however, the Court clarifies that it has denied plaintiffs' motion in limine number 1 in its entirety. *See* 7/29/09 Tr. at 79.

*Plaintiffs' motion in limine 3*

Defendants advised that they are not asserting the defense of failure to exhaust administrative remedies under the Prison Litigation Reform Act, and thus the remaining open issue regarding plaintiffs' motion in limine number 3 is moot. *See* 7/29/09 Tr. at 79-80.

*Plaintiffs' motion in limine 6 / defendants' motion to reconsider*

Defendants' motion to reconsider the Court's ruling regarding plaintiffs' motion in limine number 6 is granted in part. The Court has determined that the IDOC reports offered by defendants and attached to their motion to reconsider are admissible under Federal Rule of Evidence 803(8). *See* 7/29/09 Tr. at 86-878. The reports from the *Duran* litigation, however, are inadmissible. *See* 7/29/09 Tr. at 83. The Court has also ruled that defense witness Charles Fasano cannot provide opinion testimony due to defendants' non-harmless and unjustified failure to provide Rule 26(a)(2)(A) disclosures, *see* 7/29/09 Tr. at 93, and that although Mr. Fasano may testify regarding his observations to the extent they are relevant to the issues being tried, *see* 7/29/09 Tr. at 92, any evidence that he made such observations in the capacity of a court-appointed monitor is excluded pursuant to Federal Rule of Evidence 403. *See* 7/29/09 Tr. at 93. Defendants are directed to discuss these points with Mr. Fasano before he testifies and will be required to advise the Court before Mr. Fasano testifies, outside the jury's presence, how his presence at the Jail to make the observations at issue will be explained.

*Plaintiffs' motion in limine 7*

The Court bars defendants, pursuant to Federal Rule of Evidence 403, from introducing evidence regarding the charges that testifying class members and other testifying detainees were facing at the time they were searched on intake at the Jail. There is no evidence or indication that any particular person's charges were considered in searching that person. This evidence is similarly irrelevant, as well as unfairly prejudicial, for purposes of cross examining such witnesses. *See* Fed. R. Evid. 401, 402 & 403. This does not preclude defendants from cross-examining such witnesses regarding prior convictions that are properly admissible for impeachment purposes, provided that defendants comply with the procedure set forth in the Court's July 27, 2009 decision.

*Plaintiffs' motion for sanctions*

**STATEMENT**

Plaintiffs have moved for imposition of sanctions based on defendants' non-compliance with written discovery requests seeking production of grievances relating to strip searches. As the Court determined at the hearing on July 29, 2009, defendants failed to properly search for, and failed to produce, responsive and highly relevant grievances relating to strip searches, including intake strip searches. This was unjustified, and it was not harmless, because plaintiffs were deprived of the opportunity to call the grievance filers as witnesses and to conduct discovery and possibly present evidence regarding what became of these grievances and regarding the effectiveness of the grievance process generally. In addition, given the circumstances under which the grievances attached to the motion for sanctions were discovered and produced, and the fact that they were not produced as a result of a search by defendants or their counsel, it is highly probable that other similar grievances exist and still have not been produced. The Court also finds that at the hearing on the motion, defense counsel misrepresented that there had been an agreement with plaintiffs' counsel to limit production of strip search-related grievances to those concerning searches during the intake process. As the Court noted at the July 29 hearing, this contention was completely undermined by, among other things, the fact that the grievances defendants actually had produced were not limited to grievances concerning intake searches.

The imposition of sanctions pursuant to Federal Rule of Civil Procedure 37 is appropriate and necessary to remedy the harm that plaintiffs have experienced due to defendants' misconduct during the discovery process. First, defendants are precluded from offering evidence or arguing that policy-making personnel were unaware of complaints about intake strip search practices at the Jail during the times relevant to the trial in this case. The submission of the grievances at issue will be deemed to constitute notice of these grievances to policy-making personnel and not simply to lower-level personnel at the Jail or Sheriff's Office. This sanction is tailored to the violations identified earlier, because it provides a remedy for the fact that plaintiffs were stymied from pursuing discovery regarding what became of the grievances and how they were handled and addressed.

Second, the Court declines to bar defendants, as plaintiffs request, from contending that they did not have notice of "proven widespread practices." Whether the grievances that have now been identified are sufficient to describe "widespread" practices is a matter of legitimate debate. That said, the Court will entertain the possibility of providing the jury with an instruction regarding defendants' noncompliance with discovery obligations regarding the request to produce grievances about strip searches and the possibility of an inference that a complete search would have uncovered additional grievances regarding the intake strip search process. The Court will leave it to plaintiffs to propose such an instruction at an early point during the trial and will hear argument at that time regarding whether such an instruction is appropriate and what it should say.

Third, the Court will bar defendants from cross-examining plaintiffs' witnesses regarding their failure to file grievances regarding their treatment during the intake search process. Though the Court previously ruled that this evidence is relevant and admissible, *see* July 27, 2009 Decision at 8, admission of this evidence even for the limited purpose of attacking credibility might lead a jury to infer that because of the absence of complaints by these witnesses, defendants were not on notice of alleged improprieties in the intake search process. Given defendants' violations of the rules of discovery relating to production of grievances, plaintiffs have been effectively deprived of the opportunity to conduct discovery, in advance of trial, regarding the effectiveness of the grievance process.