**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIM YOUNG, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 06 C 552** |
| **SHERIFF THOMAS DART,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The defendant, Cook County Sheriff Thomas Dart, has moved to stay proceedings in this Court pending his interlocutory appeal of a purported Eleventh Amendment issue, specifically, the Court's ruling denying his motion for judgment as a matter of law at the recent jury trial. Defendant's interlocutory appeal is frivolous. Accordingly, the Court denies his motion to stay these proceedings.

### Background

Plaintiffs, on behalf of two certified classes, sued the defendant for constitutional violations stemming from strip searches performed on incoming detainees at Cook County Jail (CCJ). Some of the plaintiffs' claims concerned whether any strip search was appropriate; other claims concerned the manner in which strip searches were conducted.

The Court granted partial summary judgment in favor of one of the classes and a portion of the other class on the issue of liability. *See Young v. County of Cook*, 616 F.

Supp. 2d 834 (N.D. Ill. 2009). Defendant's interlocutory appeal does not concern that ruling. The plaintiffs' remaining claims were tried to a jury in August 2009 on the issue of liability. The claims that were tried did not involve whether defendant was permitted to conduct a strip search at intake. Rather, the claims considered at the trial all involved the manner of intake strip searches conducted at the CCJ from February 2007 through March 2009.

During the trial, defendants filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The motion included an argument that plaintiffs' claims were barred by the Eleventh Amendment to the United States Constitution. *See* Dkt. No. 415. Specifically, defendants contended that a provision of the Illinois Administrative Code required them to conduct strip searches, thereby transforming county officials into agents of the State of Illinois and conferring Eleventh Amendment immunity on them as state actors. *Id.* at 11-12. The Court denied that motion in an oral ruling. The jury subsequently found in favor of plaintiffs on each of their claims.

On August 21, 2009, defendants filed a notice of appeal from the Court's denial of their Rule 50 motion. The notice of appeal referenced only the denial of that particular motion, not any other ruling by the Court.[1] Defendants also filed a motion to stay proceedings in this Court during the pendency of their interlocutory appeal. The Court ordered expedited briefing on defendants' motion to stay.

---

[1]The notice of interlocutory appeal makes it clear that defendant is appealing only from the Court's order denying his judgment as a matter of law at trial, and not from anything relating to the Court's summary judgment ruling.

## Discussion

An interlocutory appeal on Eleventh Amendment immunity grounds typically requires a stay of further proceedings in the district court. *See generally Apostol v. Gallon*, 870 F.2d 1335, 1337-40 (7th Cir. 1989). Exceptions exist to the general rule. "[A] notice of appeal may be so baseless that it does not invoke appellate jurisdiction." *Id.* at 1339. Thus this Court may decline to stay proceedings if defendants' interlocutory appeal is frivolous. *Id.* Frivolousness that would justify denying a motion to stay includes when the decision concerning immunity "is so plainly correct that nothing can be said on the other side." *Id.* Additionally, a motion to stay may be denied where defendants "forfeit" the right to a stay or where "they use [a] claim[ ] of immunity in a manipulative fashion." *Id.*

In the current case, defendants' interlocutory appeal is frivolous, for at least two reasons. First, defendants forfeited their Eleventh Amendment defense by failing to plead it or to assert it in timely fashion. Second, the defense is plainly lacking in merit, because the trial in this case concerned the manner of the strip searches, not whether defendant was entitled to conduct strip searches. In reaching these conclusions, the Court is cognizant that the Seventh Circuit has instructed district court judges to exercise "restraint" when using their power to find an interlocutory appeal concerning immunity frivolous. *Id.*

### 1. Forfeiture

Immunity from suit is an affirmative defense. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (qualified immunity); *cf. Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728,

734 n.5 (7th Cir. 1994) (defendant bears burden of persuasion on Eleventh Amendment assertion). "[F]ailure to raise [an affirmative] defense in a timely manner will result in a forfeiture." *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotation marks omitted).[2]

Defendant contends that he has not forfeited the Eleventh Amendment defense raised in his Rule 50 motion, which forms the basis for his interlocutory appeal, because it appeared in his answer and affirmative defenses to the third amended complaint. The Court disagrees; that was a different Eleventh Amendment defense. In that answer, defendant asserted that he has "absolute immunity from suit for monetary damages under the Eleventh Amendment . . . because [he was] executing a valid Court Order and therefore [has] judicial immunity." Answer & Aff. Defs. to Pls.' 3d Am. Compl. (dkt. no. 154) at 43 ¶ 6. Execution of a court order is not the Eleventh Amendment defense that defendant later asserted in his Rule 50 motion and that forms the basis for his interlocutory appeal. Rather, the Rule 50 motion was expressly premised on the purported application of a provision of the Illinois Administrative Code. In short, the Eleventh Amendment defense that defendant pleaded and the one that he asserted for the first time in his Rule 50 motion are not the same.

Defendant did reference the Illinois Administrative Code in another affirmative defense responding to the third amended complaint. Specifically, defendant asserted that the Illinois Administrative Code "specifically mandates that the Sheriff conduct strip

---

[2] The Eleventh Amendment does not curtail federal courts' subject matter jurisdiction. *See, e.g., Endres v. Indiana State Police*, 349 F.3d 922, 925 (7th Cir. 2003).

searches as part of the admission of detainees. 20 Ill. Adm. Code 701.40 (2006). As such, these Defendants cannot be held liable for enacting or supervising programs required under state law." Answer & Aff. Defs. to Pls.' 3d Am. Compl. (dkt. no. 154) at 44 ¶ 8. Defendant did not, however, identify this as implicating the Eleventh Amendment or any other sort of immunity.[3]

Even if defendant had asserted in his pleadings the Eleventh Amendment defense on which he now bases his interlocutory appeal, he forfeited the right to stay these proceedings, because he did not seek a ruling on the defense before trial. *See Apostol*, 870 F.2d at 1339. In this respect, this case is different from *Bullock v. Dart*, No. 04 C 1051 (N.D. Ill.), which defendant cites in his motion to stay. Defendant correctly notes that Judge Elaine Bucklo concluded that an interlocutory appeal based on an Eleventh Amendment defense in that case was not frivolous. The *Bullock* defendants, however, raised the issue of Eleventh Amendment immunity in a summary judgment motion and began pursuing their interlocutory appeal as soon as Judge Bucklo denied their motion for reconsideration of her summary judgment decision on that issue. The defendant in the present case acknowledges these facts about *Bullock* in his motion to stay. *See* Defs.' Mot. to Stay Proceedings ¶¶ 6-7. Unlike *Bullock*, the defendant in this case acted in the least expeditious manner possible: he failed to plead the defense he now seeks to assert; he failed to bring it before the Court in a dispositive motion prior to trial; and he raised it for the first time near the end of a jury

---

[3]Defendants' answer to the fifth amended complaint, filed on July 14, 2009, contains the same defenses as the answer to the third amended complaint pertaining to the Eleventh Amendment and the Illinois Administrative Code. *See* Answer & Aff. Defs. to Pls.' 5th Am. Compl. (dkt. no. 350) at 47 ¶¶ 6 & 8,

trial.

Defendant's own motion demonstrates his tardiness in raising the Eleventh Amendment issue. He contends that a stay is necessary "[t]o obtain the full benefits of this appeal, including immunity from suit under the Eleventh Amendment." Defs.' Mot. to Stay Proceedings ¶ 5. If defendant wanted the "full benefit" of an Eleventh Amendment defense, he could have and should have raised the issue in a motion to dismiss or, at the absolute latest, in a motion for summary judgment. Instead, he sat on the issue – or did not think of its existence – during three years of discovery and extensive motion practice. He waited until nearly two weeks into a jury trial on liability to raise it for the first time.

It bears mentioning that defendant did assert yet another Eleventh Amendment defense at an earlier point in the case. After the Court ruled on the parties' summary judgment motions in late February 2009 (after the case had been pending for about three years), defendant filed a motion for an interlocutory appeal under 28 U.S.C. § 1292(b). *See* Defendants' Joint Mot. for Interloc. Appeal (dkt. no. 281). The motion largely focused on the merits of the Court's summary judgment ruling. Defendant also stated, however, that he had "raised Eleventh Amendment immunity as an affirmative defense. The grounds for Eleventh Amendment immunity are numerous. Defendants' search process is mandated by state law and thus defendants were acting pursuant to state law." *Id.* at 10. This argument, however, centered on the proposition that the CCJ houses state prisoners in addition to local detainees. *See id.* Defendant also stated that "the issue of whether the defendants acted as an 'arm of the state' in conducting visual strip searches where state law mandates a 'thorough' search is inextricably

intertwined" (he did not say what it is intertwined with). *Id.* at 9. But he cited nothing to support the proposition that state law mandated a "thorough" search, leaving this entirely to the imagination. In any event, the purported requirement for a thorough search is not contained in the Illinois Administrative Code provision that defendant cited in his Rule 50 motion and that is the basis for his current interlocutory appeal. In other words, the purported Eleventh Amendment defense that defendant tried to assert in his motion for interlocutory appeal back in March 2009 is not the Eleventh Amendment defense he now raises.

In any event, defendant's assertion of the Eleventh Amendment in his March 2009 motion for an interlocutory appeal of the summary judgment ruling was utterly frivolous, because defendant had not even hinted at an Eleventh Amendment issue during the extensive summary judgment briefing. When the Court called this glaring omission to the attention of defense counsel at the hearing on the motion, held on April 1, 2009, counsel conceded that defendant had not raised the purported Eleventh Amendment defense as a basis for summary judgment. The Court found that aspect of the March 2009 motion for interlocutory appeal frivolous, and defendant did not pursue the matter further.

To summarize, defendant's current interlocutory appeal based on the Eleventh Amendment defense raised in his Rule 50 motion is frivolous because defendant did not plead it, did not raise it in a motion for summary judgment, and only sought to raise it near the end of a two-week jury trial. Under these circumstances, defendant has

forfeited the defense.[4]

**2. Nature of plaintiffs' claims and the Eleventh Amendment**

Even had the defendant had not forfeited his contention that he was a state actor because Illinois law required him to perform strip searches, his interlocutory appeal on that issue would still be frivolous. The defense is utterly lacking in merit with respect to the claims that were decided at the jury trial.

"The Eleventh Amendment does not apply to suits against counties or other local government entities," including county sheriffs in Illinois. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). An exception to this rule exists when a county sheriff acts "as an arm of the state." *Id.* "In determining whether the sheriff is an agent of Illinois government when performing particular functions, [courts] have looked to the degree of control exercised by Illinois over the conduct at issue and whether the Eleventh Amendment policy of avoiding interference with state (as opposed to county) policy is offended by the lawsuit." *Id.*

In his Rule 50 motion, defendant relied upon a section of the Illinois Administrative Code pertaining to jail procedures that states:

> 701.40 Admission Procedures
>
> . . .
>
> f) Strip Search
>
> > 1) A strip search shall be performed in an area that ensures privacy and dignity of the individual. The individual shall not be exposed to the view of others who are not specifically involved in the process.

[4] Defendant does not contend that the defense is non-forfeitable.

    2) Strip searches shall be conducted by a person of the same sex.

    3) All personal clothing shall be carefully searched for contraband.

    4) The probing of body cavities may not be done except where there is reasonable suspicion of contraband. Intrusive searches may only be conducted:

        A) By a medically trained person who is not a detainee, for example, a physician, physician's assistant, registered nurse, licensed practical nurse, or paramedic; and

        B) In a private location under sanitary conditions.

20 Ill. Admin. Code 701.40(f).

Assuming this regulation, as defendant contends, requires a strip search – as opposed to prescribing how a strip search, if done, should be conducted – it does not provide an Eleventh Amendment defense to the claims that were tried before the jury and that were the subject of defendant's Rule 50 motion. At the trial, the plaintiffs never contested defendant's right to strip search them upon intake to the CCJ. To the contrary, the plaintiffs admitted during their testimony that it was appropriate to conduct a strip search, and plaintiffs' counsel so stated to the jury a number of times.

Rather, plaintiffs' claims that were tried to the jury involved the *manner* of the strip searches that defendant conducted on intake. Nothing in the Illinois administrative regulation quoted above required defendants to search detainees in the manner plaintiffs alleged at trial – nor does defendant so contend. As a result, compliance with the regulation was not and could not have been a defense to plaintiffs' claim that were tried to the jury.

Defendant plainly was not acting as an agent of the State of Illinois for the conduct that was the subject of the trial and the Rule 50 motion. The State exercised

no control over the conduct found by the jury, specifically, strip searches performed without privacy, with the subjects of the search exposed to the view of others not involved in the process. And the Eleventh Amendment's policy of avoiding interference with state (as opposed to county) policy is not offended by a suit that could not have succeeded had defendant actually followed the State regulation on which he belatedly sought to rely.

**Conclusion**

For the reasons stated above, the Court concludes that defendant's interlocutory appeal of the denial of his Rule 50 motion is frivolous and therefore denies his motion to stay proceedings in this Court pending that appeal [# 434].

MATTHEW F. KENNELLY
United States District Judge

Date: September 15, 2009