IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEE MERCADO, ALLEN GORMAN, et al. on behalf of themselves and a class of others similarly situated, <br><br>　　　　　　　　Plaintiffs, <br><br>　　　　　v. <br><br>THOMAS DART, OFFICE OF THE SHERIFF OF COOK COUNTY, <br><br>　　　　　　　　Defendant. | No. 06 C 0552 <br><br> Judge Matthew Kennelly |

## MOTION TO CLARIFY DAMAGES SCHEDULE/RESET DAMAGES TRIAL

NOW COMES Defendant, Thomas Dart, Office of the Sheriff of Cook County, by and through his attorneys, Querrey & Harrow, Ltd., and moves this Court to clarify the damages schedule and to reset the damages trial in this matter. In support, Defendant states as follows:

　　1.　　On December 3, 2009, this Court entered an order setting this matter for trial on the issue of damages for March 29, 2010 starting at 9:30 a.m. (12/3/09 Min. Ord., Doc. No. 499). The period from December 3rd, 2009 to March 29th, 2010 is only 116 days. During that hearing this Court instructed the parties that there may be three of four damages trials in order to ascertain the damages of the class.

　　2.　　Additionally, this Court set out a proposed format whereby Plaintiffs would be allowed to pick twelve class members of their choosing to represent the Plaintiffs in the damages trial. It appears these twelve individuals would not necessarily have to consist of the prior disclosed class representatives or any of the class members that testified at the liability jury trial that took place in August 2009. No deadline was set on Plaintiff's identification of these individuals.

3. Liability and damages were bifurcated in this litigation. As such, Defendants were generally not permitted to ascertain any damages of the six class representatives or the 40 class members that provided deposition testimony. In fact, Plaintiffs objected to any interrogatories or oral questions that may arguably have touched upon damages.

4. Defendant is entitled to propound written discovery on all witnesses or newly selected class members that may testify during the damages trials. Without such discovery Defendant would be severely prejudiced.

5. As stated, Defendant has not been apprised of whom will testify at the proposed trials. Although Defendant objects to new class representatives being identified at this late juncture, if this Court allows Plaintiffs to appoint new class representatives, there simply is not enough time for Defendant to conduct proper damages discovery. At the very least, the Court should order identification of these class members by plaintiff in a very short period of time, e.g., by year end.

6. The issue of damages remains in dispute. Thus, Defendant will need to propound interrogatories on these witnesses. Plaintiff would have thirty days to respond to the same. Defendant would also be entitled to subpoena any claimed medical, psychological or other relevant damages records in order to ascertain whether any alleged injury was complained of, was pre-existing or was even diagnosed. Indeed, compliance with written subpoenas in less than two weeks is unlikely, which means that the necessary written discovery would not be completed until mid-February.

7. Following this process, depositions of the twelve class members would need to be scheduled and depending on the substance of those depositions, additional follow-up discovery may be needed. Additionally, Defendant's will likely want to depose class members other than

the twelve hand-picked by Plaintiff's counsel in an effort to rebut or refute certain damage claims. The Court indicated that there would be time restrictions on plaintiff's selected class member depositions, but following written discovery these depositions may not take place until March, which would give Defendant less than sufficient time to investigate the veracity of the testimony and discover evidence to contradict the same, let alone prepare for a damages trial the end of March. During the liability phase, depositions were cancelled by plaintiff's counsel (when their respective class member did not show up, etc.). The Court previously had imposed a sanction of barring said class members who did not appear for deposition within the period prescribed by the Court, and perhaps this mechanism could be employed again by the Court to keep class member depositions on track.

8. In addition to conducting discovery on the above class members, the Court had previously deferred any damages expert discovery in this matter. Typically under Rule 26(a)2(C)i these disclosures are to be made "at least 90 days before the date set for trial…" It is unknown if plaintiffs are contemplating any expert, and at this time defendant has been in the process of determining if expert testimony will be utilized at trial. Defendant requests the trial date and schedule be modified to allow sufficient time for the above-described damages and expert discovery. Under the most ideal of situations, the current timeframe would not provide sufficient time for damages discovery and would severely prejudice Defendant.

9. Based upon the size of this class, even a small dollar award, could result in a verdicts of tens, if not hundreds, of millions of dollars. The high stakes of this litigation and the ramifications of a sizable award require the parties to proceed prudently.

10. Defendant is not asking for a year to proceed through damages, but only a realistic continuance of the trial dates to allow sufficient time to conduct damages discovery and

expert discovery prior to trial. In light of the fact that Plaintiffs have not yet answered any previously propounded damages discovery, this request is reasonable.

11. This motion is not brought for dilatory purposes, but rather to ensure that Defendant is afforded a fair opportunity to refute Plaintiffs' damages claims.

WHEREFORE Defendant, Thomas Dart, Sheriff of Cook County, prays that this Court grant this motion and reset the trial date/modify the discovery schedule accordingly and for any other relief that this Court deems necessary and just.

                                           Respectfully submitted this 10th day of December, 2009.

                                           Thomas Dart, Sheriff of Cook County

                                           By: s/Daniel F. Gallagher
                                                   One of his Attorneys

| | |
|---|---|
| DANIEL F. GALLAGHER | FRANCIS J. CATANIA |
| QUERREY & HARROW, LTD. | Assistant State's Attorney |
| 175 West Jackson Boulevard | OF COUNSEL |
| Suite 1600 | 500 Richard J. Daley Center |
| Chicago, IL 60604-2827 | Chicago, Illinois 60602 |
| (312) 540-7000 | Tel: (312)603-6572 |
| I.D.# 0905305 | Fax:(312)603-3000 |
| Attorneys for Defendant | I.D. # 6203188 |
| Sheriff of Cook County | |