**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KIM YOUNG, RONALD JOHNSON, WILLIAM JONES, ALLEN GORMAN, GERRAD LAMOUR, LEE MERCADO, BRADLEY HYTREK, CARL GRAY, and MATTHEW LIPTAK, on behalf of themselves and a class of others similarly situated, | No: 06-CV-552 JUDGE KENNELLY |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| COUNTY OF COOK and TOM DART, Sheriff of Cook County, | |
| Defendants. | |

<u>**CLASS ACTION RELEASE AND SETTLEMENT AGREEMENT**</u>

This Class Action Release and Settlement Agreement ("Agreement") is made between and among (1) Kim Young, Ronald Johnson, William Jones, Allen Gorman, Gerrad Lamour, Lee Mercado, Bradley Hytrek, Carl Gray, and Matthew Liptak, (collectively, the "Named Plaintiffs"), individually and as representatives of the Settlement Classes defined in Paragraph 10 below (collectively, "Plaintiffs"), and counsel for the Named Plaintiffs and the Settlement Classes, Michael Kanovitz, Esq., and the law firm of Loevy & Loevy, on the one hand; and (2) the County of Cook and Tom Dart, Sheriff of Cook County ("Defendants"), on the other hand (collectively, the "Parties").

1.      This Agreement is entered into to effect a full and final settlement and dismissal with prejudice all claims against Defendants in the above-captioned lawsuit (the "Action") on the terms set forth below, subject to the approval of the Court. The Parties acknowledge that this Settlement Agreement is contingent upon the Finance Committee of the Cook County Board of Commissioners giving its approval to the settlement, and that if the settlement is not so approved by the time of the Mailed Notice Date (as defined below),

the Settlement Agreement, and any preliminary approval of the settlement shall have no force

or effect, and the Parties will be returned to the *status quo ante* with respect to this Action as

if this Agreement had never been entered into (other than as to notice and claims

administrator costs which may have been incurred), as further set forth in Paragraphs 53-55.

## RECITALS

2.      This is a class action, in which Plaintiffs claim that the Sheriff of

Cook County violated the United States Constitution by maintaining a policy and practice of

conducting blanket strip searches and/or visual body cavity searches during the initial

admission process at Cook County Jail (hereinafter, "Jail") on pre-trial new admission

detainees charged with misdemeanors or lesser offenses not involving drugs or weapons; and

by maintaining a policy and practice of conducting strip searches and/or visual body cavity

searches of pre-trial male new admission detainees in an unconstitutional manner during the

initial admission process at the Jail.  Defendants have denied and continue to deny these

claims and further deny that they have engaged in any wrongdoing whatsoever.

The Court previously certified two litigation classes in this Action.  The first certified class,

known as "Class I," consisted of "All males who were subjected to a strip search and/or

visual body cavity search as a new detainee at the Cook County Jail after January 30, 2004."

The second certified class, known as "Class II," consisted of "All people (male and female)

charged with a misdemeanor or lesser offense not involving drugs or weapons who were

subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook

County Jail after January 30, 2004."  Class I claimed that the manner in which the strip

searches and/or visual body cavity searches were conducted was abusive and violated the

Fourth Amendment's prohibition against unreasonable searches, the Fourteenth

Amendment's Due Process Clause, and the Fourteenth Amendment's Equal Protection

Clause.  Class II claimed that the blanket policy of conducting strip-searches and/or visual

2

body cavity searches on individuals detained on suspicion of misdemeanor or lesser offenses not involving drugs or weapons violated the Fourth Amendment's prohibition against unreasonable searches. Prior judicial determinations in this case have held in favor of Class I and Class II on the issue of liability as to all of their claims. Specifically, in February of 2009, the Court granted summary judgment to all members of Class II and to those members of Class I who were admitted to the Jail prior to February of 2007. Thereafter, the Court held a trial on the claims of members of Class I admitted to the Jail between February of 2007 and March 30, 2009. On August 13, 2009, the jury found that the Office of the Sheriff of Cook County violated the constitutional rights of these additional class members. Neither the Court's summary judgment rulings nor the trial determined the damages to Class I or Class II. The Parties recognize the risk, expense, difficulty and uncertainty associated with resolving the issue of damages on a class-wide basis and any appeals that may follow, as well as the uncertainty inherent in complex litigation, and have concluded that the settlement as set forth in this Agreement is fair, reasonable, adequate, and in the best interests of all Parties. The Parties have reached this Agreement at arms' length, after consultation with their independent advisors and attorneys, in order to resolve these disputes conclusively without the uncertainty, expense, and delay of further litigation, pursuant to the terms set forth herein.

## SETTLEMENT TERMS

### Preliminary Certification of Settlement Classes

3. This Settlement Agreement shall fully and finally settle all individual and class action claims against Defendants that were asserted in the Action, as further provided in Paragraphs 49 and 50 of this Agreement.

4. The parties to this Agreement are sometimes referred to as "the Parties" and include:

      (a)     The Named Plaintiffs, Kim Young, Ronald Johnson, William Jones, Allen Gorman, Gerrad Lamour, Lee Mercado, Bradley Hytrek, Carl Gray, and Matthew Liptak, individually, and on behalf of the Settlement Classes, as defined in Paragraph 10; and

      (b)     The Defendants, the County of Cook and Office of the Sheriff of Cook County.

5.     The "Released Parties" consist of Defendants, the County of Cook and Office of the Sheriff of Cook County, and all of their future, current, and former officers, agents, and employees.

6.     Counsel for the Named Plaintiffs and the Settlement Classes are Michael Kanovitz and the law firm of Loevy & Loevy. They are referred to as "Class Counsel."

7.     The "Claims Administrator" refers to Rust Consulting, Inc.

8.     The "Settlement Fund" means the sum total of settlement administration and notice costs, attorneys' fees and costs, Incentive Awards, and claims payments, which, in sum total, shall consist of a $55 million cash fund, plus an assignment by Defendants to Plaintiffs of certain insurance claims, as further set forth in Paragraph 28.

9.     "Claimant" means a potential member of one or more of the Settlement Classes who submits a claim for settlement payment pursuant to the terms of this Agreement.

10.     The Parties stipulate to certification, for settlement purposes only, of the two Settlement Classes (collectively "Settlement Classes," and individually, "Settlement Class I" and "Settlement Class II") defined as follows:

      (a)     Settlement Class I is defined as:

      All males who were subjected to a strip search and/or visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

(b)       Settlement Class II is defined as:

All people (male and female) charged with a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

(c)       Named Plaintiff Kim Young is a class representative for Settlement Class II.  Named Plaintiffs Allen Gorman, Bradley Hytrek, William Jones, Gerrad Lamour, Matthew Liptak, and Lee Erick Mercado are class representatives for Settlement Classes I and II.  Named Plaintiffs Carl Gray and Ronald Johnson are class representatives for Settlement Class I.

(d)       Excluded from these Settlement Classes are the following persons:

(i)       Members of the Northern District of Illinois federal judiciary and their immediate families; and

(ii)       All persons who timely elect to opt out of (i.e., exclude themselves) from the Settlement Classes in accordance with the Court's Orders, as well as all persons who timely elected to opt out of the Litigation Classes on or before February 12, 2009 pursuant to the Court's Notice in this case.

11.       Solely for purposes of implementing this Agreement and effectuating the settlement, Defendants stipulate that the Court may enter an Order certifying the Settlement Classes, appointing Named Plaintiffs as representatives of the Settlement Classes (as set forth in Paragraph 10), and appointing the following as Class Counsel for the Settlement Classes:

Michael Kanovitz
Loevy & Loevy
312 North May Street, Suite 100
Chicago, Illinois 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
Email: mike@loevy.com

12.     Solely for the purpose of implementing this Agreement and effectuating the settlement, the Parties stipulate that the following shall be appointed as Claims Administrator:

Rust Consulting, Inc.

13.     Solely for the purpose of implementing this Agreement and effectuating the settlement, Defendants stipulate that the Named Plaintiffs are adequate representatives of the Settlement Classes, as set forth in Paragraph 10.

14.     The Parties shall promptly move the Court to enter an order (the "Preliminary Approval Order") that is without material alteration from Exhibit A hereto, and that, among other things:

(a)     preliminarily approves this Agreement;

(b)     preliminarily certifies the Settlement Classes defined herein, with the Named Plaintiffs approved as class representatives of the Settlement Classes as set forth in Paragraph 10, and Loevy & Loevy appointed as Class Counsel for the Settlement Classes;

(c)     schedules a fairness hearing on final approval of this Agreement (the "Final Approval Hearing") to consider the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court, as well as to determine the Attorneys' Fee Award;

(d)     finds the settlement to be sufficiently fair  to warrant providing notice to the Settlement Classes;

(e)     appoints Rust Consulting, Inc. as Claims Administrator;

(f)     approves the form of mailed notice (the "Mailed Notice"), the content of which is without material alteration from Exhibit B hereto, and

6

directs its mailing to potential members of the Settlement Classes by first class U.S. mail, postage prepaid, to the last-known address for each such person reflected in Cook County Department of Corrections' records, in accordance with the procedures set forth in Paragraphs 15 and 16, and, for Mailed Notices returned, directs the Claims Administrator to follow the procedures set forth in Paragraph 20;

(g)     approves the form of published notice (the "Published Notice"), the content of which is without material alteration from Exhibit C hereto, and directs that it be published in accordance with the Notice Plan, as set forth in Paragraph 14(h)**;**

(h)     approves the notice plan (the "Notice Plan"), which shall consist of: (i) sending mailed notice directly to potential members of the Settlement Classes as set forth in Paragraph 14(f) and Paragraphs 15, 16, and 20; (ii) publishing the Published Notice in the following publications: *La Raza* (Spanish-language weekly publication), the Chicago Sun Times (weekday publication), the Chicago Defender (weekday publication), and Prison Legal News (monthly publication), by placing the Published Notice in each of the foregoing publications as a 1/4 page ad located in the main body of the paper (not the classified section) in two print cycles; (iii) publishing a Claim Form in Prison Legal News in two print cycles; (iv) a website, which the Claims Administrator shall maintain as described in Paragraph 19; *and* (v) by posting the Published Notice inside the Cook County Jail Receiving Classification and Diagnostic Center ("RCDC") in a location that is accessible and visible to detainees;

(i)      and finds that it satisfies the requirements of due process and federal law;

(j)      approves the settlement website as described in Paragraph 19 which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained until the Court enters an order relinquishing jurisdiction;

(k)      directs the Claims Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class members to speak to live operators or to leave messages in a voicemail box;

(l)      approves the claim forms, the contents of which are without material alteration from Exhibit D hereto, for distribution to potential members of the Settlement Classes, and sets a date after which Claim Forms shall be deemed untimely (as further provided in Paragraph 24 below);

(m)      determines that the Notice Plan, including the Mailed Notice and Published Notice, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise potential members of the Settlement Classes of the pendency of the Action and of their right to object or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and federal law;

(n)      requires the Claims Administrator, at or before the Final Approval Hearing, to file proof of mailing of the Mailed Notice, as well as a list of all persons who timely requested exclusion from the Settlement Classes

(along with an affidavit attesting to the accuracy of that list (the "Opt-Out List"));

(o)       requires each potential member of the Settlement Classes who wishes to exclude himself or herself from the Settlement Classes to submit an appropriate, timely request for exclusion, received no later than forty-five (45) days after the mailing is initially completed (the "Mailed Notice Date"), to the Claims Administrator at the address in the Mailed Notice, and further requires that any requests for exclusion be exercised individually by a Settlement Class member, not as or on behalf of a group, class, or subclass, except that such requests may be submitted on behalf of an individual Settlement Class Member by the executor or administrator of a deceased Settlement Class Member's estate, or the legal guardian of a Settlement Class Member who has been declared incompetent, or a person with a valid Power of Attorney from the Settlement Class Member. In the case of Settlement Class Members whose mailing was returned to the Claims Administrator as undeliverable and to whom a Notice and Claim Form was re-mailed to a different, current address, the deadline for receipt of the request for exclusion shall be extended by 14 days;

(p)       preliminarily enjoins all potential members of the Settlement Classes unless and until they have properly and timely excluded themselves from the Settlement Classes (i) from filing, commencing, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction asserting the same claims set forth in the Fifth Amended Complaint in this Action and/or the Released Claims (as defined in Paragraph 48); (ii) from

filing or commencing, a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Settlement Classes who have not properly and timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the same claims set forth in the Fifth Amended Complaint in this Action and/or the Released Claims; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding asserting the same claims set forth in the Fifth Amended Complaint in this Action and/or the Released Claims (as defined in Paragraph 48);

(q)     rules that any potential member of the Settlement Classes who does not submit a timely, written request for exclusion from the Settlement Classes will be bound by all proceedings, orders, and judgments in the Action, even if such person subsequently initiates individual litigation or other proceedings encompassed by the Released Claims (as defined in Paragraph 48);

(r)     requires each member of the Settlement Classes who has not submitted a timely request for exclusion from the Settlement Classes and who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed settlement, or the Attorneys' Fee Award, or Incentive Awards, to mail to the Claims Administrator (who shall promptly forward it to Class Counsel and Counsel for Defendants) and to file with the Court a statement of the objection, as well as the specific legal and factual reasons, if any, for each objection, including any support the member of the Settlement Classes wishes to bring to the Court's attention and all evidence the

member of the Settlement Classes wishes to introduce in support of his or her objection, or be forever barred from objection, as follows: the objection must contain (1) a heading that refers to the Action by case name (Young v. County of Cook) and case number (06-CV-552); (2) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection; (4) a list of any witnesses the objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony; and (5) a description of any and all evidence the objector may offer at the Final Approval Hearing. Objections will be deemed untimely unless they are received by the Claims Administrator and filed with the Court no later than forty-five (45) days after the Mailed Notice Date, and in the case of Settlement Class Members whose mailing was returned to the Claims Administrator as undeliverable and to whom a Notice and Claim Form was re-mailed to a different, current address, the deadline for receipt of objections shall be extended by 14 days;

  (s)  provides that the rights to object to the proposed settlement must be exercised individually by a Settlement Class member or his or her attorney, not as a member of a group, class, or subclass, and, except in the case of a deceased or incapacitated Settlement Class member, not by the act of another person acting or purporting to act in any other representative capacity, unless that person is legally authorized to do so;

  (t)  requires any attorney hired by a member of the Settlement Classes at the Settlement Class member's expense for the purpose of objecting

to this Agreement or to the proposed settlement, or to the Attorneys' Fee Award or Incentive Award, to mail to Claims Administrator (who shall promptly forward it to Class Counsel and Counsel for Defendant) and to file with the Clerk of the Court a notice of appearance within the time period allowed for the Settlement Class Member's filing of the objection;

(u)     directs the Claims Administrator to rent a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other non-privileged communications, and providing that only the Claims Administrator, Class Counsel, Defendant, the Court, the Clerk of the Court, and their designated agents shall have access to this post office box, except as otherwise expressly provided in this Agreement; and finds that if any privileged communications are disclosed to the Class Administrator, the Court, Defendant, or Counsel for Defendant, the privilege has not been waived by such disclosure;

(v)     directs the Claims Administrator and/or Class Counsel promptly to furnish Class Counsel, Counsel for Defendant, and the Claims Administrator with copies of any and all objections, exclusions, or notices of intention to appear, that come into its possession (except as expressly provided in this Agreement);

(w)     contains any additional provisions agreeable to the Parties that might be necessary to implement the terms of this Agreement and the proposed settlement; and

(x)     finds that preliminary approval of the settlement is contingent upon Finance Committee of the Cook County Board of Commissioners giving its approval to the settlement, and that if the Settlement Agreement is not so

approved by the Mailed Notice Date, the settlement, the Settlement

Agreement, and the Court's preliminary approval of the settlement shall have

no further force or effect, and the Parties will be returned to the *status quo*

*ante* with respect to this Action as if this Agreement had never been entered

into (other than as to notice and claims administrator costs which may have

been incurred), or the settlement preliminarily approved, as further set forth in

Paragraphs 53-55.

### Class Notice and Opt-Out Procedures

15.     Within twenty (20) days of the entry of the Preliminary Approval

Order, the Claims Administrator shall cause the Mailed Notice, along with the Claim Form,

to be mailed by first class U.S. mail postage pre-paid to the last-known address of each

potential member of the Settlement Classes whose names and last-known addresses are

reasonably ascertainable from the Cook County Department of Corrections records, as agreed

to by the Parties.  Prior to the mailing, the Claims Administrator shall use address updating

services, including but not limited to Lexis SmartLinx and the National Change of Address

Database, to verify the accuracy of the addresses of all potential Settlement Classes members,

the costs of which are included in the administration costs described in Paragraph 29.  In

addition, the Claims Administrator shall use reasonable efforts to identify any Settlement

Class members who are currently in the custody of the Illinois Department of Corrections

and/or the Office of the Sheriff of Cook County, the costs of which are included in the

administration costs described in Paragraph 29, and for those members who are so identified,

Mailed Notice and the Claim Form shall be mailed to the Settlement Class Members at the

respective individual facility at which they are being held.

16.     If, as a result of the mailing, a forwarding address is provided by the Postal Service, but the Mailed Notice is not forwarded by the Postal Service, the Claims Administrator will re-mail the Mailed Notice to the forwarding address.  In the event that any such Mailed Notice is returned as undeliverable a second time, no further mailing shall be required.   In the case of Settlement Class Members whose Mailed Notice and/or Claim Forms are returned as undeliverable, if the Claims Administrator obtains a current address for any such Settlement Class Member, the Claims Administrator shall re-mail the Mailed Notice and Claim Form to the current address.

17.     The Claims Administrator shall effectuate the Published Notice, as set forth in further detail in Exhibit C and Paragraphs 14(g) and 14(h).

18.     The Claims Administrator shall maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class members to speak to live operators or to leave messages in a voicemail box.   The Claims Administrator will also maintain a non-toll free telephone number to speak with live operators.

19.     The Claims Administrator shall maintain a website for this settlement as set forth in Paragraph 14(j).  The website shall include, at a minimum, copies of the Settlement Agreement (including exhibits), the Mailed Notice, the Claim Form, and the Preliminary Approval Order, and may be amended as appropriate during the course of the settlement as agreed to by the Parties.  The Mailed Notice and Claim Form shall also be made available in Spanish upon the request of a Claimant and posted on the website.  The Parties will notify each other of the receipt of any request for exclusion or objection to this Agreement received from a member of the Settlement Classes within two (2) business days of receipt.

20. As set forth above, in the case of Settlement Class Members whose Mailed Notice and/or Claim Forms are returned as undeliverable, if the Claims Administrator subsequently obtains a current address for any such Settlement Class Member, the Claims Administrator shall re-mail the Mailed Notice and Claim Form to the current address, and the deadlines for any such Settlement Class Member shall be extended as follows: the postmark deadline for submitting a Claim Form, the deadline by which the Claims Administrator must receive objections and the objections must be filed with the Court, and the deadline by which the Claims Administrator must receive exclusions, shall each be extended by fourteen (14) days.

21. The Named Plaintiffs agree that they shall not elect or seek to opt out or exclude themselves from the Settlement Class(es).

22. All potential members of the Settlement Classes who do not timely and properly exclude themselves from the Settlement Classes shall be bound by this Agreement, and all their claims that are brought in this Action shall be dismissed with prejudice and released as set forth in Paragraphs 49 and 50, even if they never received actual notice of the Action or this settlement.

## Claim Forms and Certain Settlement Administration Procedures

23. The Claim Form shall be without material alteration from Exhibit D.

24. To be eligible for any monetary relief set forth in Paragraph 34, a Settlement Class(es) Member must (a) truthfully, accurately to the best of his or her ability, and completely fill out the Claim Form; (b) sign the Claim Form under penalty of perjury; and (c) mail the Claim Form on or before forty-five (45) days after the Mailed Notice Date to the Claims Administrator and/or Class Counsel, except in the case of Settlement Class Members whose Mailed Notice and/or Claim Forms are returned as undeliverable and for whom the Claims Administrator re-mails the Mailed Notice and Claim Form to the current

address, for whom the postmark deadline for submission of claim form shall be extended by fourteen (14) days (*i.e.*, fifty-nine (59) days after the Mailed Notice Date).

25. Claim Forms must be signed by the Settlement Class Member, except that Claim Forms may be submitted on behalf of a Settlement Class Member by (1) the executor or administrator of a deceased Settlement Class Member's estate, (2) the legal guardian of a Settlement Class Member who has been declared incompetent, or (3) a person with a valid Power of Attorney from the Settlement Class Member.

26. The Claims Administrator will be responsible for all tax withholding and reporting as required by law, including for issuing any necessary IRS 1099 form(s) to Settlement Class Members.

**Settlement Class Recovery, Costs of Notice,
Incentive Awards, and Attorneys' Fees and Expenses**

27. Defendants shall be responsible for the funding of a settlement fund (the "Settlement Fund"). The Settlement Fund shall include $55,000,000.00 in cash, to be funded by Defendants.

28. **Assignment of Claims.**

(a) Cook County and the Sheriff of Cook County will assign to plaintiffs, to the fullest extent permitted by law, all claims and rights to payment from the following insurance policies (collectively, the "Insurance Policies") in connection with the claims asserted in *Young v. County of Cook, et al.* and/or the settlement thereof, whether arising under the policies themselves or the common law, or pursuant to statute, and whether sounding in contract, tort, or otherwise, as well as for any actions the insurers have taken or refused or failed to take in connection with the claims asserted in *Young v. County of Cook, et al.* and/or the settlement thereof:

- Insurance Company of the State of Pennsylvania Policy No. 6034672, effective December 31, 2003 to December 31, 2004;

- Insurance Company of the State of Pennsylvania Policy No. 6041577, effective December 31, 2004 to December 31, 2005;

- Insurance Company of the State of Pennsylvania Policy No. 8766984, effective December 31, 2006 to December 31, 2007;

- Lexington Insurance Company Policy No. 7577060, effective December 31, 2006 to December 31, 2007;

- Insurance Company of the State of Pennsylvania Policy No.4890591, effective December 31, 2007 to December 31, 2008;

- Lexington Insurance Company Policy No. 1071788, effective December 31, 2007 to December 31, 2008;

- Insurance Company of the State of Pennsylvania Policy No. 4890641, effective December 31, 2008 to December 31, 2009; and

- Lexington Insurance Company Policy No. 015542506, effective December 31, 2008 to December 31, 2009.

(b)     This agreement does not constitute a stipulation by either side as to the amount of damages in addition to policy limits, if any, which may be recovered pursuant to the assignment.

(c)     Defendants agree that they will reasonably cooperate with Plaintiffs in asserting any and all of the rights assigned to Plaintiffs.

(d)     Plaintiffs acknowledge that this is an assignment of a claim, not of the Insurance Policies.   Subject to the limitations set forth below, Defendants agree not to take any action with regard to the Insurance Policies that would impair Plaintiffs' ability to pursue the rights and claims assigned. This assignment does not create any further payment obligations on the part of Defendants other than those amounts that Cook County has agreed to pay in Paragraph 27 above.

(e)     Defendants warrant and represent that as of the Effective Date of this Agreement, none of the aggregate limits of any of the above policies have been impaired in any way by the payment of either indemnity or defense costs.  Defendants further warrant and represent that as of the Effective Date of this Agreement, they are not pursuing claims for insurance coverage to their insurers under the Insurance Policies, other than in connection with *Young v. County of Cook, et al.*, and *Michael Parish et al., v Sheriff of Cook County and County of Cook*, Case No. 07 CV 4369 (N.D. Ill.).  Plaintiffs further warrant and represent that as of the Effective Date of this Agreement, Defendants have not assigned any rights under the above policies to any party(ies) other than Plaintiffs.

(f)     Notwithstanding any language to the contrary, nothing herein shall preclude Defendants, after the Effective Date of this Agreement, from providing notice of any claims to any or all of the insurers under the Insurance Policies.  Nor shall Defendants be precluded, after the Effective Date of this Agreement, from pursuing or preserving any claims for insurance coverage under the Insurance Policies, subject to the limitation below in paragraph g. regarding the following aggregate limits (collectively, the "Aggregate Limits"):

(1)     the $5,000,000 "Errors and Omissions Liability Aggregate, other than personal injury offense wrongful acts" in the 2003-04 Insurance Company of the State of Pennsylvania ("ICOSP") Special Excess Liability Policy for Public Entities and the $5,000,000 "Annual Aggregate" in the 2004-05 ICOSP Excess Liability Policy;

(2)     the $10,000,000 "Errors and Omissions Liability Aggregate, other than personal injury offense and advertising injury offense wrongful acts" in the 2006-07, 2007-08, and 2008-09 ICOSP Special Liability Excess Policies for Public Entities;

(3)     the $10,000,000 "Errors and Omissions Liability Aggregate, other than personal injury offense and advertising injury offense wrongful acts" limits in the 2006-07 and 2007-08, and 2008-09 Lexington Insurance Company ("Lexington") Excess Liability policies; and

(4)     the (i) $10,000,000 "Class Action Strip Search or Body Cavity Search Liability Aggregate" in the 2008-09 ICOSP Special Liability Excess Policy for Public Entities; and (ii) $10,000,000 "Class Action Strip Search or Body Cavity Search Liability Aggregate" in the 2008-09 Lexington Excess Liability policy.

(g)     For a period of six months from the Court's final approval of this Agreement, Defendants shall not accept any funds from ICOSP or Lexington that will reduce the Aggregate Limits. Nothing herein, however, precludes the County from taking any actions at any time to pursue or preserve their rights to any of the Aggregate Limits. Similarly, other than during the foregoing six month period, nothing herein precludes the County from accepting or otherwise receiving any funds from ICOSP or Lexington that would reduce the Aggregate Limits. If, however, the County accepts or receives funds from ICOSP or Lexington that would reduce the Aggregate Limits, the following procedures and requirements will apply:

(1) The County shall give Plaintiffs' counsel Loevy & Loevy notice of the actual receipt of funds that reduce the Aggregate Limits. Such notice shall be given to Loevy & Loevy within 30 days after the Director of the Department of Risk Management of the Cook County Bureau of Finance receives actual knowledge of the actual receipt of such funds.

(2) Within 30 days of receipt of such notice from The County, either party may initiate a binding arbitration seeking declaratory relief with respect to the following questions: (a) do the Insurance Policies provide coverage, and if so to what extent, for the claims in *Young v.*

19

*County of Cook* that are subject to the Aggregate Limits, and (b) do the funds received by the County as identified in the foregoing notice implicate the Aggregate Limits, such that the County's receipt of those funds has reduced the amounts available to pay Plaintiffs for covered claims subject to those same Aggregate Limits (together, g(2)(a) and (b) are referred to as the "Coverage Questions").

(3) Any such arbitration must be filed within the 30-day time period set forth above, unless otherwise agreed to in writing by the parties. Either party may commence the arbitration by filing a written demand for arbitration with the American Arbitration Association. The arbitration shall be conducted in Chicago, Illinois in accordance with the American Arbitration Association Commercial Arbitration Rules and procedures in effect at the time of filing of the demand for arbitration.

(4) If the arbitrator answers the Coverage Questions in paragraph (g)(2) above in the affirmative, then the County shall be required to pay to Plaintiffs that portion of the Aggregate Limits that were eroded by the County's receipt of funds, but only to the extent that Plaintiffs would have been entitled to those funds pursuant to the assigned claims had the Aggregate Limits not been eroded.

(5) In any such arbitration, the County may assert any and all arguments that it, ICOSP, or Lexington may have as to why insurance coverage may not exist for the assigned claims in *Young v. County of Cook*. No prior statements, correspondence, or other communications (whether or oral or written) regarding insurance coverage positions or theories

made or taken by either of the Parties shall be admissible as evidence or used against one of the Parties in any other way in connection with the arbitration.

(6) Plaintiffs shall use their best efforts to diligently pursue any claims assigned herein directly against ICOSP and Lexington. If Plaintiffs at any time enter into a settlement agreement with ICOSP or Lexington regarding coverage under the Insurance Policies for the claims assigned herein and which does not expressly reserve the issue of the Coverage Questions for monies that were previously paid to the County under this paragraph (g) that reduced the Aggregate Limits, then these arbitration procedures shall be null and void, and Plaintiffs shall not be permitted to recover any funds from the County with respect to the Aggregate Limits or otherwise. If Plaintiffs enter into a settlement agreement that expressly reserves the Coverage Questions, then in any arbitration pursuant to this section, Plaintiffs shall bear the burden of not only prevailing on the Coverage Questions, but shall also bear the burden of proving that the Plaintiffs would have settled for more had the County not impaired the Aggregate Limits, and by how much. The County may make any and all arguments in the arbitration that any settlement agreement with ICOSP or Lexington was sufficient to compensate the Plaintiffs for all claims assigned herein, and that the County should not have to pay any additional monies to Plaintiffs from any funds that the County received from ICOSP or Lexington that reduced the Aggregate Limits.

(7) If, prior to the conclusion of any arbitration set forth above, Plaintiffs' claims against ICOSP or Lexington reach a judgment that decides any of the Coverage Questions, that judgment shall be binding on the parties with respect to the questions that were to be decided in the arbitration. If any such judgment is being appealed, either party may seek relief to stay or continue the arbitration until the resolution of any such appeal.

No restrictions apply to the County's ability to accept insurance proceeds under the Insurance Policies or any other policies that do not reduce the Aggregate Limits, and none of the foregoing procedures apply to the County's acceptance of any such insurance proceeds.

(h)     Plaintiffs agree that, as part of any settlement or other agreement with ICOSP, Lexington, or any related entities of these insurers (collectively, the "Insurers"), they shall not enter into any agreement involving any of the Insurers buying back any or all of the Insurance Policies. Similarly, Plaintiffs agree that, as part of any settlement or other agreement with the Insurers, Plaintiffs shall not release any rights under the Insurance Policies to insurance coverage, other than those rights assigned to Plaintiffs herein for the *Young v. County of Cook, et al.* matter.

29.     All costs of sending the Mailed Notice and Claim Form and administering the Settlement will be paid out of the Settlement Fund. Defendants shall provide sufficient funds for the Claims Administrator to send out the Mailed Notice and Claim Form no later than seven (7) days before the Mailed Notice Date. The Claims Administrator will perform all work necessary to send the Mailed Notice and Claim Form to the Settlement Class Members and administer the settlement and the Settlement Fund. The

22

Parties will provide to the Claims Administrator an agreed list of members of the Settlement

Classes ("Class List") based upon a careful analysis of the Cook County Department of

Corrections booking records produced by Defendants in this litigation (hereinafter, "CCDOC

records") and the offense classification chart for the Illinois Criminal Code that is prepared

by the Administrative Office of the Illinois Courts (hereinafter, "AOIC table"), to determine

the list of individuals who fall into one or both of the Settlement Classes.  Where charge data

or offense classification data was either unavailable or inconclusive, the following

assumptions were used to determine class eligibility: (i) if a statutory charge was ambiguous,

such that it was capable of being either a felony or a misdemeanor depending on the nature

and circumstances of the specific alleged offense, then in the case of those ambiguous

charges that most frequently appeared in the CCDOC records, the ambiguous charges were

treated as felony charges, and for all remaining ambiguous charges, the offense classification

assigned to that specific charge by CCDOC for any given detainee at the time of the

detainee's admission was used; (ii) if a charge listed in the CCDOC records did not appear in

the AOIC table, then the offense classification assigned to that specific charge by CCDOC at

the time of the detainee's admission was used; and (iii) if the offense classification of a

particular charge is elevated by statute from misdemeanor to felony where the individual had

a prior conviction for that same offense, then in instances in which a detainee was admitted to

CCDOC during the class period more than once for such a charge, that charge is treated as a

misdemeanor during that particular detainee's first admission during the class period and as a

felony during that particular detainee's second or subsequent admission during the class

period on that charge.

        30.     The Named Plaintiffs' incentive awards ("Incentive Awards") will be

paid out of the Settlement Fund.  Subject to Court approval, each of the nine Named Plaintiffs

will each be paid an additional $25,000 as an award for services provided to the class and in

recognition of the time, effort, and substantial benefits conferred to the Classes as a result of their involvement. Such awards shall not affect the Named Plaintiffs' right to seek payment as a Settlement Class Member, except in the case of Named Plaintiffs Allen Gorman and William Jones, who shall not submit Claim Forms as Settlement Class Members but who shall receive payment in addition to the Incentive Awards by Defendants in the full amount of the jury awards awarded on their individual claims, which amounts shall not be paid from the Settlement Fund. The Claims Administrator shall comply with the Internal Revenue Code and may issue IRS Form 1099-MISC where appropriate.

   31.   Each Settlement Class Member who is not a Named Plaintiff and who testified at the August 2009 trial in this Action shall each be paid an additional $10,000 as an award ("Testifying Class Member Incentive Award") for services provided to the class and in recognition of the time, effort, and substantial benefits conferred to the Classes as a result of their involvement. Specifically, an award of $10,000 each shall be paid to Paul Beck, Bobby Bishop, Robert Brown, Robert Consiglio, James Curran, Michael Higgs, John Jacobsen, Derrick Jones, Dennis Maimonis, Darryl Paul, Osbaldo Santiago, Eric Slapak, Del Wilson, and Rickey Winfield. Such awards shall not affect these Settlement Class Members' right to submit Claims Forms and seek payment as Settlement Class Members. The Claims Administrator shall comply with the Internal Revenue Code and may issue IRS Form 1099-MISC where appropriate.

   32.   Each individual who submitted his claim for damages to be tried individually in March and April of 2010 shall be paid by the Defendants for the full amount of the jury awards on his claim. The awards ("Individual Damage Awards") are as follows: Allen Gorman, $42,000.00; Daniel Coleman, $40,000.00; Robert Brown, $40,000.00; William Jones, $25,000.00; Gerardo Aranda, $32,500.00; Vincent Jackson, $25,000.00; David Malcom, $65,000.00; Martin Medina, $65,000.00. The Individual Damage Awards

shall not be paid out of the Settlement Fund. Defendants shall pay the Individual Damage Awards within twenty-one (21) days of the entry of the Preliminary Approval Order. The foregoing individuals who will be paid the Individual Damage Awards shall provide counsel for Defendant Cook County with their address and either a social security number or I-TIN (e.g., through a sworn statement or a W-9 form) at least seven (7) days prior to the issuance of payment, so that Defendants can satisfy any federal reporting requirements, or if these individuals do not submit this information, their respective Individual Damage Awards may be subject to backup withholding but only to the extent permitted under federal law. Such individuals may seek a refund from the federal or state government.

      33.    Class Counsel's attorneys' fees, costs, and expenses will be paid out of the Settlement Fund. Class Counsel shall seek from the Court an award of actual costs incurred in this matter, along with attorneys' fees of up to one-third of the Settlement Fund (collectively hereinafter, the "Attorneys' Fee Award"). Defendants shall not oppose Class Counsel's petition for the Attorneys' Fee Award. The final determination of the Attorneys' Fee Award will be decided by the Court during the Final Approval Hearing. The Attorneys' Fee Award will be disbursed to Class Counsel at such time as provided in Paragraph 42 below.

      34.    Payments to eligible Settlement Classes Members who submit timely and valid Claim Forms shall be determined as follows: Men who were strip-searched one or more time(s) who satisfy the definition of Settlement Class II shall be entitled to an estimated payment (subject to adjustment) of $1,000. Men who were strip-searched one or more times who satisfy the definition of Settlement Class I but not Settlement Class II shall be entitled to an estimated payment (subject to adjustment) of $700. Women who were strip-searched one or more times who satisfy the definition of Settlement Class II shall receive estimated payment (subject to adjustment) of $500.

35.     The following drug- or weapon-related offense shall be considered ineligible under the definition of Settlement Class II:  720 ILCS 5/12-2(a)(1) Aggravated assault; 720 ILCS 5/24-1 Unlawful Use of Weapon; 720 ILCS 5/21-6 Unauthorized Possession or Storage of Weapons; 720 ILCS 5/33F-3 Unlawful Use of Body Armor; 720 ILCS 550 Cannabis Control Act; 720 ILCS 570 Illinois Controlled Substances Act; 720 ILCS 646 Meth Control & Community Protection Act; 720 ILCS 647 Meth Manufacturing Chem. Retail Sale Control Act; 720 ILCS 648 Meth Precursor Control Act; 720 ILCS 690 Use of Intoxicating Compounds Act; 720 ILCS 635 Hypodermic syringes and needles Act; *and* 720 ILCS 600 Drug Paraphernalia Control Act.

36.     In the event that the payment amounts required by Paragraph 37 exceed the funds remaining in the Settlement Fund after payment of other amounts provided for in Paragraphs 29, 30, 31, 33, and 42, payments to Settlement Class Members shall be reduced *pro rata* to distribute the shortfall.

37.     In the event that, following the payment of the other amounts specified in paragraphs 29, 30, 31, 33, and 42, the number of valid Claim Forms does not consume the entire remainder of the Settlement Fund, then Defendant County of Cook may exercise the right to receive a reversion of up to $5 million from such surplus.  It is expressly understood that any such reversion will be paid from the monies that the County contributed to the Settlement Fund in excess of the $40 million in self-insured retention ("SIR") funds offered in its attempts to obtain policy limits from its insurers.  In addition, any remaining surplus in the Settlement Fund following the reversion shall be distributed in *pro rata* amounts to each Settlement Class Member who is eligible for payment amounts under Paragraphs 34 and 39-41.

38.     The payment amounts to Settlement Class Members, as set forth in Paragraph 34, 36, and 37, are not affected by the number of strip-searches to which a

Settlement Class Member has been subjected. Settlement Class Members shall receive the same payment amount under this Settlement regardless of the number of times they were strip searched. Settlement Class Members shall receive the highest payment amount to which they are eligible based on any one admission to Cook County Jail during the class period. For example, a Settlement Class Member who meets the definition of Class II on a particular admission date and who meets the definition of only Class I on another admission date shall be entitled to payment as a member of Class II.

**ADDITIONAL CLAIMS ADMINISTRATION PROCEDURES**

39. Settlement Claims shall be denied if the information in the Class List indicates that the Claimant is not eligible for payment. For purposes of calculating the claim payments, the information in the Class List shall control and may not be challenged by Claimants except as otherwise specifically provided in this Agreement. The Claims Administrator shall provide copies of all Claim Forms (including any related documents and non-privileged communications from claimants) to Class Counsel and Defendant's counsel on a weekly basis, and in any event by no later than seven (7) days after the deadline for submitting claims. Within seventy-seven (77) days of the final date of submission of Claim Forms, as set forth in Paragraph 24, the Claims Administrator shall provide to Class Counsel and Defendant's counsel a list of the Settlement Class members who submitted Claim Forms, along with (1) the Claims Administrator's initial proposal for which Claim Forms are valid and timely, and (2) the proposed payments for each of the claimants. Class Counsel and Defendants' counsel shall have twenty-one (21) days thereafter in which to confer regarding (1) which Claim Forms are valid and timely and (2) the appropriate payments (if any) for each claim. If Class Counsel and counsel for Defendant cannot agree on whether any particular claim is entitled to payment under the settlement, they shall submit the issue to the Court. The Court's decision shall be final, binding, and non-appealable.

40.     Where the Claims Administrator, in its discretion, elects to notify the Claimant of a defect in the Claim Form, such as the failure to sign the Claim Form, such notification must be mailed as soon as practicable upon the Claims Administrator's receipt of the Claim Form, and in no event may the deficiency notice be mailed later than eighty-two (82) days after the Mailed Notice Date.  The Claimant shall have twenty-one (21) days from the date the deficiency notification was mailed to cure the defect.  The Claims Administrator's failure to timely notify a Settlement Class Member of a potential defect in that individual's Claim Form will mean that the alleged deficiency must be disregarded for purposes of determining eligibility for payment awards.  The Claims Administrator may, in its discretion, disregard any deficiency in the Claim Form for purposes of determining eligibility for payment.

41.     Within one hundred and ten (110) days of the Mailed Notice Date, the Claims Administrator shall mail to all Claimants who submitted Claim Forms a notice informing the Claimant of the determination as to whether, and how much money (if any), he or she is entitled to receive under the Settlement, but this notice shall be sent only to those Claimants for whom the Claims Administrator has made a determination about eligibility for payment that is different from, or inconsistent with, the information claimed by the claimant on his or her Claim Form.  The letter shall also advise the Claimant that he or she may object to the amount of the payment, or to the denial of payment, by mailing to the Claims Administrator, within twenty-two (22) days after the date that the Claims Administrator mails the notice, a written and signed statement setting forth the basis for that objection, including any documents that support the Class Member's objection, such as charging documents or court papers.  Any objection to the aforementioned notice regarding payment amount that is not postmarked within that twenty-two (22) day period shall be waived.  The only valid basis for an objection is that the criteria set forth in Paragraphs 34 and 35 were not properly applied

to the Claimant. The Claims Administrator shall forward any objections to Class Counsel and counsel for Defendant within three (3) days of receipt. The Parties shall seasonably report to the Court any objections that have been submitted and seek the Court's resolution of these objections no later than fourteen (14) days after the postmark deadline for the submission of these objections. The Parties shall also report to the Court regarding their joint or respective recommendation for resolution of each of the objections.

42.     Defendant will pay the Attorneys' Fee Award, the Incentive Awards, and the Testifying Class Member Incentive Awards within thirty-seven (37) days after the Final Approval Order is entered.

43.     Defendants will fund the remainder of the Settlement Fund within eighty-five (85) days after the entry of the Final Approval Order, which amount the Claims Administrator shall hold in trust and distribute in accordance with the terms of this Agreement.

44.     The Claims Administrator shall distribute payments within ninety-one (91) days of the entry of the Final Approval Order to each Settlement Class Member who submitted a valid Claim Form. The check will be mailed to the Settlement Class Member at the address indicated on the Claim Form. The Claims Administrator will be responsible for all tax withholding and reporting as required by law, including for issuing any necessary IRS 1099 form(s) to Settlement Class Members. All checks issued to the Settlement Class member claimants in accordance with this Paragraph shall indicate on their face that they are void after one hundred and eighty (180) days from the date issued ("Void Date"). Any monies received as a result of the Assigned Claims, net of attorneys' fees and costs and claims administration costs, as specified in Paragraphs 29 and 33, will be distributed *pro rata* as an additional payment to the Settlement Class Members who submitted valid Claim Forms and to whom payment awards were issued pursuant to paragraph 44.

45.     Reversion of funds to the Defendant, if any, as set forth in Paragraph 37, shall occur no earlier than thirty (30) days following the Void Date.  Any monies that remain in the Settlement Fund from unclaimed checks that become void and that are not subject to reversion shall be distributed to Program Services at Cook County Jail, for use for counseling, recreation, skills, training, and the like for detainees.

## **ATTORNEYS' FEE AWARD**

46.     Class Counsel will petition the Court for an order awarding attorneys' fees in an amount no greater than one-third of the Settlement Fund and for actual costs incurred in this matter.  The terms of this Agreement are not conditioned upon any minimum or maximum Attorneys' Fees Award, or upon the payment of any Incentive Award or claims payment to any Named Plaintiffs.  Defendants, the Named Plaintiffs, and Class Counsel agreed to all substantive terms of the settlement with respect to members of the Settlement Classes prior to reaching an agreement concerning attorneys' fees and costs.  The Named Plaintiffs and Class Counsel do not condition their willingness to enter into, or perform under, this Settlement Agreement on any agreement or accord regarding the attorneys' fees or costs of Class Counsel, or the Named Plaintiffs' Incentive Awards.  Class Counsel shall receive from the Settlement Fund the amount of attorneys' fees and costs approved by the Court, but in no event more than one-third of the Settlement Fund plus actual costs, by the due dates provided herein.  Such fees and costs are inclusive of all efforts heretofore expended by Class Counsel and any other attorneys acting on behalf of the Named Plaintiffs and Settlement Classes, up to and including the execution of this Settlement Agreement, and further include all services to be performed by Class Counsel in effectuating this Settlement Agreement.  Class Counsel will also be eligible to receive as Attorneys' Fees up to one-third of the amount recovered from the Defendants' insurers if Plaintiffs recover any funds in the action on the Assigned Claims.

**Final Approval, Dismissal of Claims, and Releases**

47.     If after conducting the Final Approval Hearing, the Court grants final approval of this Agreement (including any modifications thereto made by the Parties as provided for herein), the Parties will request that the Court enter a final order (the "Final Order and Judgment") that, among other things:

(a)     certifies the Settlement Classes for settlement purposes only, and finds that the Court has personal jurisdiction over all members of the Settlement Classes and that the Court has subject matter jurisdiction to approve this Agreement and all exhibits thereto;

(b)     gives final approval to the settlement set forth in this Agreement as fair, reasonable, and adequate as to the Named Plaintiffs and the Settlement Classes, and in their best interests, and in compliance with all requirements of due process and federal law, and directs the Parties and their counsel to implement and consummate this Agreement and direct the administration of the settlement in accordance with its terms and provisions;

(c)     declares this Agreement and the Final Order to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Paragraphs 49 and 50) maintained by or on behalf of the Named Plaintiffs and all other members of the Settlement Classes, as well as their heirs, executors and administrators, successors, and assigns;

(d)      finds that the Mailed Notice, Published Notice, and Notice Plan implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary and other relief; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and federal law;

(e)      finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Classes for the purpose of entering into and implementing the Agreement;

(f)      retains jurisdiction over this Action until all aspects of the settlement of this Action, including any proceedings on the Assigned Claims, are fully resolved;

(g)      adjudges that the Named Plaintiffs and the Settlement Classes have conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims against the Released Parties;

(h)      approves the payment of the Attorneys' Fee Award to Class Counsel as set forth in Paragraph 33 and 46, and the payment of Incentive Awards to the Named Plaintiffs and Testifying

Class Member Incentive Awards as set forth in Paragraph 30 and 31;

(i)    provides that, as set forth in Paragraphs 48-50, the Named Plaintiffs and all members of the Settlement Classes who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against the Released Parties, and any such members of the Settlement Classes shall have released any and all Released Claims as against the Released Parties;

(j)    determines that the Agreement and the settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement;

(k)    bars and enjoins all members of the Settlement Classes who have not been excluded from the Settlement Classes from (i) from filing, commencing, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction asserting the same claims set forth in the Fifth

Amended Complaint in this Action and/or the Released Claims

(as defined in Paragraphs 49 and 50);  and (ii) organizing

members of the Settlement Classes who have not been

excluded from the Settlement Classes into a separate class for

purposes of pursuing as a purported class action lawsuit or

administrative, regulatory, arbitration, or other proceeding in

any jurisdiction asserting the same claims set forth in the Fifth

Amended Complaint in this Action and/or the Released Claims

(as defined in Paragraphs 49 and 50);

(l)     approves the Opt-Out List and determines that the Opt-Out List

is a complete list of all Settlement Classes members who have

properly and timely requested exclusion from the Settlement

Classes and, accordingly, shall neither share in nor be bound by

the Final Order; and

(m)     authorizes the Parties, without further approval from the Court,

to agree to and adopt such amendments, modifications, and

expansions of this Agreement and all exhibits hereto as (i) shall

be consistent in all material respects with the Final Order and

Judgment and (ii) do not limit the rights of members of the

Settlement Classes.

48.     The claims released by the Named Plaintiffs and the Settlement

Classes members as set forth in Paragraphs 49 and 50 are the "Released Claims."

49.     Named Plaintiffs' Release:  As consideration for this Agreement, as of

the date of payment of the Incentive Awards, the Named Plaintiffs, including each and every

one of their respective agents, representatives, attorneys, heirs, assigns, or any other person

34

acting on their behalf or for their benefit hereby generally release and discharge Released

Parties from any and all claims, demands, rights, causes of action, compensatory and punitive

damages, attorneys' fees, costs, debts, or liabilities which they now have, or had at any time

prior to and through the date of this release.

50.     Settlement Class Members' Release:  As consideration for this

Agreement, as of the date of payment for of the Incentive Awards, the Settlement Class

Members, including each and every one of their respective agents, representatives, attorneys,

heirs, assigns, or any other person acting on their behalf or for their benefit hereby generally

release and discharge Released Parties from any and all claims, demands, rights, causes of

action, compensatory and punitive damages, attorneys' fees, costs, debts that were asserted in

the Fifth Amended Complaint.

51.     In the event of an appeal of any aspect of the Final Order, the dates for

payment set out herein (Paragraphs 37, 43, 44, and 45) shall be fifteen days following the

resolution of such appeal.

52.     Nothing in this Agreement shall preclude any action to enforce the

terms of the Agreement, including participation in any of the processes detailed therein.


**<u>Withdrawal from Settlement</u>**

53.     Within fifteen (15) days of the occurrence of any of the following

events, and upon written notice to counsel for all Parties, any Party shall have the right to

withdraw from the settlement:

(a)     if the Court fails to approve the Agreement or if on appeal the Court's

approval is reversed or substantially modified; or

(b)     if the Court materially alters any of the terms of the Agreement; or

(c)     if the Preliminary Approval Order, as described in Paragraph 14, or the

Final Approval Order, as described in Paragraph 47, is not entered by the

Court, or is reversed or modified on appeal, or otherwise fails for any reason; or

54.     If this Agreement is not approved by the Court or the settlement is not given approval by the Finance Committee of the Cook County Board of Commissioners, or otherwise fails to become effective, the orders, judgment, and dismissal to be entered pursuant to this Agreement shall be vacated; this Agreement shall have no further force and effect, and the Parties will be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into (other than as to notice and claims administrator costs which may have been incurred).

55.     If this Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

(a)     The Named Plaintiffs shall be entitled to continue this Action on behalf of the classes in accordance with the rulings, circumstances and procedural posture that existed in this Action on or about November 1, 2010; *and*

(b)     Defendants shall retain all rights to continue its defense to this Action and to assert claims in accordance with the rulings, circumstances and procedural posture that existed in this Action on November 1, 2010.

## Additional Provisions

56.     The Parties hereto shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.  The executing of documents must take place prior to the date scheduled for the Final Approval Hearing.

57.     The Parties may not destroy documents generated related to the notice and administration of the Agreement until eighteen (18) months after the full resolution (including appeals) of any proceeding on the Assigned Claims.

58.     Nothing in this Agreement shall be construed to prevent Defendant from communicating orally, electronically, or in writing with Settlement Classes members in the ordinary course of business.

59.     All documents, papers and notices required to be given by this Agreement to Plaintiffs, the classes or Class Counsel shall be given to:

> Michael Kanovitz
> LOEVY & LOEVY
> 312 N. May Street, Suite 100
> Chicago, Illinois  60607

All documents, papers and notices required to be given under this Agreement to Defendant shall be given to:

> Francis Catania
> Assistant State's Attorney
> State's Attorney's Office
> Richard J. Daley Center
> 50 W. Washington Street, Room 302
> Chicago, IL 60602

60.     The Parties to this Agreement agree to cooperate in the submission of this Agreement to the Court and will recommend acceptance of the Agreement by all necessary parties.  The Parties shall cooperate in taking any such other steps as may be requested by the Court to implement this Agreement and the settlement provided for herein.

61.     This Agreement shall be governed by and interpreted in accordance with the laws of the State of Illinois.

62.     The Parties to this Agreement warrant that they are executing this Agreement freely and voluntarily, after independently determining that its provisions are of a

material benefit to them, and that the duties and obligations imposed by it are fair and reasonable.

63.     The Parties to this Agreement have read and fully understand the stated terms and conditions, have had time to reflect on and consider the benefits and consequences of entering into this Settlement Agreement, and have had the opportunity to review the terms of this Agreement with their respective attorneys. The Parties also warrant that they have not entered into this Agreement in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

64.     Except as otherwise expressly provided in this Agreement, this Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action, and it supersedes all prior and contemporaneous written and/or oral agreements between the parties. All negotiations, discussions, prior understandings and agreements between the Parties with regard to the subject matter of this Agreement are merged into this Agreement, which fully, completely, and accurately states and expresses the Parties' entire understandings and agreements, and may not be modified or amended except upon a writing signed by the Parties and their respective counsel.

65.     This Agreement shall not be construed more strictly against one Party than another merely because of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms'-length negotiations resulting in the Agreement, all Parties hereto have contributed substantially and materially to the preparation of the Agreement.

66.     In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then

such matters shall be dealt with as agreed upon by the Parties, and, failing agreement, as shall be ordered by this Court.

67.     In the event any date or deadline set forth in this Agreement falls on a weekend or legal holiday, such date or deadline shall be on the first business day thereafter. Unless otherwise noted, all references to "days" in this Agreement shall be to calendar days.

68.     This Agreement may be executed in any number of counterparts, each of which together shall be deemed one and the same instrument.  Facsimile and PDF signature copies are acceptable.

**For Class Counsel:**

Michael Kanovitz
LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

*Attorney for Named Plaintiffs and Settlement Class*

**For Defendant County of Cook**

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Action Bureau
Richard J. Daley Center
50 W. Washington Street, Suite 500
Chicago, IL 60602

Francis Catania
Assistant State's Attorney
Richard J. Daley Center
50 W. Washington Street, Room 302
Chicago, IL 60602

**For Defendant County of Cook**

Daniel F. Gallagher
Special State's Attorney
Querrey & Harrow
175 W. Jackson Street, Suite 1600
Chicago, IL 60604

41

**For Class Counsel:**

_____
Michael Kanovitz
LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

*Attorney for Named Plaintiffs and Settlement Class*

**For Defendant County of Cook**

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Action Bureau
Richard J. Daley Center
50 W. Washington Street, Suite 500
Chicago, IL 60602

Francis Catania
Assistant State's Attorney
Richard J. Daley Center
50 W. Washington Street, Room 302
Chicago, IL 60602

**For Defendant County of Cook**

Daniel F. Gallagher
Special State's Attorney
Querrey & Harrow
175 W. Jackson Street, Suite 1600
Chicago, IL 60604

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on _November 16_____, 2010.

**For Named Plaintiffs and the Settlement Class:**

_Lucky Allen Gorman_
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on _____11 - 16 ~_____, 2010.


**For Named Plaintiffs and the Settlement Class:**


_____
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on _____, 2010.

**For Named Plaintiffs and the Settlement Class:**

_____
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

40

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of

record have so agreed, on ___November 16___, 2010.

**For Named Plaintiffs and the Settlement Class:**

_____

Allen Gorman

_____

Carl Gray

_____

Bradley Hytrek

_____

Gerad Lamour

_____

Matthew Liptak

_____

Ronald Johnson

_____

William Jones

_____

Lee Erick Mercado

_____

Kim Young

40

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of

record have so agreed, on _Nov . 16_____, 2010.


For Named Plaintiffs and the Settlement Class:


_____

Allen Gorman


_____

Carl Gray


_____

Bradley Hytrek


_____

Gerrad Lamour

*Matthew J. Liptak*
Matthew Liptak


_____

Ronald Johnson


_____

William Jones


_____

Lee Erick Mercado


_____

Kim Young

40

NOV-16-2010 02:55P FROM:PARAMIL Case 1:05-cv-00552 Document #: 624-1 Filed: 11/18/10 Page 47 of 50 PageID #:13799 TO:+17065350722 P.1

From: CONFIDENTIAL          Fax: (312) 243-5902              To: +17065350722          Fax: +17065050722          Page 2 of 2 11/16/2010 2:55

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on ___11 - 16___, 2010.

**For Named Plaintiffs and the Settlement Class:**

_____
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on ___11 - 1 6_____, 2010.

**For Named Plaintiffs and the Settlement Class:**

_____
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

40

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on _____, 2010.

**For Named Plaintiffs and the Settlement Class:**

_____
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

40

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of

record have so agreed, on ___11 – 16_____ _____, 2010.

**For Named Plaintiffs and the Settlement Class:**

_____
Allen Gorman

_____
Carl Gray

_____
Bradley Hytrek

_____
Gerrad Lamour

_____
Matthew Liptak

_____
Ronald Johnson

_____
William Jones

_____
Lee Erick Mercado

_____
Kim Young

41