IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Quentin Bullock and Jack Reid, individually and on behalf of a class | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 04 C 1051 |
| vs. | ) ) | *(Judge Bucklo)* |
| Michael F. Sheahan, as the Sheriff of Cook County in his Official Capacity and Cook County | ) ) ) ) | |
| *Defendants* | ) | |

## MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

Plaintiffs, with the agreement of Defendants, moves the Court to grant preliminary approval to the class action settlement agreement attached to this motion as Exhibit 1.

Grounds for this motion are as follows:

1. The parties have agreed to a settlement of this class action. The proposed settlement allocates $1,400,000 for distribution to unnamed class members receiving an award ranging from one hundred dollars to two hundred dollars. The settlement also incorporates an agreement, subject to the approval of the Court, concerning attorneys' fees and incentive awards for the named Plaintiffs.

2. Plaintiffs believe that class notice can be mailed on or about January 5, 2011 and suggest that the fairness hearing be set on or about March 15, 2011.

3. Attached as Exhibits 2 and 3 are proposed forms of class notice. Exhibit 2 is

Group Exhibit A

1

the proposed notice for potential class members who have not had an opportunity to opt out; Exhibit 3 is the proposed notice for those who have had an opportunity to opt out. The proposed opt-out form is attached as Exhibit 4 and the proposed claim form is attached as Exhibit 5.

It is therefore respectfully requested:

A. That the Court grant preliminary approval to the proposed settlement;

B. That the Court set a date and time for a fairness hearing, and authorize the parties to provide notice by first class mail in the forms attached as Exhibits 2 and 3.

Respectfully submitted,

*/s/ Thomas G. Morrissey*
*One of the Attorneys for Plaintiffs*

Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10249 S. Western Avenue
Chicago, IL 60652
773-233-7900


Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd.
1155 S. Washington Street
Naperville, IL 60540
630-369-0103

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Quentin Bullock and Jack Reid, individually and on behalf of a class, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| -*vs*- | ) ) | No. 04 CV 1051 |
| Thomas J. Dart, Sheriff of Cook County in his official capacity and Cook County, | ) ) ) ) ) | *(Judge Bucklo)* |
| . *Defendants*. | ) | |

## CLASS SETTLEMENT AGREEMENT

This settlement agreement is entered into by all parties to this action through their respective undersigned counsel to resolve all matters at issue in this action.

## RECITALS

1. **Nature of litigation**. On February 12, 2004, plaintiffs filed the above captioned action, for themselves and all others similarly situated, in the United States District Court for the Northern District of Illinois alleging violations of their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42 U.S.C. Sections 1983 and 1988. The plaintiffs allege that they were strip searched upon being returned to the jail for out-processing following a court ruling which warranted their release from Jail.

2. **Class Certification.** Pursuant to the Court's order of June 15, 2005, the instant case is proceeding as a class action for:

> All male inmates who, on or after February 12, 2002, have been subjected to defendant's policy and practice of strip searching a male inmate upon his return to the jail following a court appearance at which court appearance a specific case or charge against the inmate was dismissed when no other cases, charges, warrants or holds were pending against that inmate which warranted that inmate's continued detention at the jail.

3. **Important Rulings**. On July 30, 2008, the Court initially granted Plaintiffs summary judgment for liability with respect to the Fourth and Fourteenth Amendment strip search claims and denied Defendants motion for summary judgment. On February 27, 2009, the Court granted Defendants motion for reconsideration and set aside its order granting summary judgment.

4. **Settlement Process**. During the pendency of defendants' appeal on Eleventh Amendment issues, counsel for the parties participated in the Settlement Conference Program of the United States Court of Appeals for the Seventh Circuit. With the assistance of Joel N. Shapiro, Senior Conference Attorney, counsel for the parties discussed the outline of a proposed resolution of this case. Counsel thereafter renewed the settlement dialogue and agreed to a proposed settlement. This proposal was presented to the Cook County Board and approved by the Board after further negotiations between the parties. The pro-

4

posed settlement takes into account the risks, delay and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the litigation will be further protracted.

5. **Certification by Class Counsel:** Class Counsel have investigated the facts and the applicable law and believe that it is in the best interest of the class to enter into this Settlement Agreement.

6. **Denial of Liability:** Cook County and Sheriff vigorously contest each and every claim in the Action. Cook County and Sheriff maintain that they have consistently acted in accordance with governing laws at all times. Cook County and Sheriff vigorously deny all of the material allegations set forth in the Action. Cook County and Sheriff nonetheless have concluded that it is in their best interest that the Action be settled on the terms and conditions set forth in this Stipulation. Cook County reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of a final resolution of the Action, the expense that would be necessary to defend the Action through trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of Cook County to conduct its business unhampered by the distractions of continued litigation.

7. As a result of the foregoing, Cook County and Sheriff enter into this Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Cook County or the Sheriff of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of Cook County or the Sheriff, or shall be used as precedent in the future against Cook County and the Sheriff in any way.

8. To the extent permitted by law, neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, to establish any liability or admission by Cook County and/or the Sheriff, except in any proceedings brought to enforce the Stipulation.

9. Neither this Stipulation, nor any pleading or other paper related in any way to this Stipulation, nor any act or communication in the course of negotiating, implementing or seeking approval of this Stipulation, shall be deemed an admission by Cook County or the Sheriff

that certification of a class or subclass is appropriate in any other litigation, or otherwise shall preclude Cook County or the Sheriff from opposing or asserting any argument it may have with respect to certification of any class(es) or subclass(es) in any proceeding or this Action, or shall be used as precedent in any way as to any subsequent conduct of Cook County or the Sheriff except as set forth herein.

## DEFINITIONS

10. In addition to the foregoing, the following terms shall have the meanings set forth below:

   a. "Cook County" means the County of Cook and/or any other successors, assigns or legal representatives thereof.

   b. "Sheriff" means the Sheriff of Cook County and/or any other successors, assigns or legal representatives thereof.

   c. "Class Counsel" means Thomas G. Morrissey, Ltd., 12049 South Western Avenue, Chicago, Illinois, 60643, Robert H. Farley, Jr., Ltd., 1155 South Washington, Naperville, Illinois 60540 and Kenneth N. Flaxman, 200 South Michigan Avenue, Suite 1240, Chicago, Il. 60604.

   d. "Class Member" means any person who is included within the definition of the class set out in paragraph 2 above.

   e. The "*Young* litigation" means proceedings in *Young v. County of Cook*, No. 06-cv-552 (N.D. Ill).

   f. "Effective Date" means that date defined in paragraph 25 of this Stipulation.

   g. "Final Settlement Hearing" means the hearing at which the Court is asked to grant final approval of this Settlement.

7

    h. "Administrator" means class counsel.

    i. "Potential Class Members" means all persons who would qualify as part of the Class, prior to the date by which exclusion from the Class must be requested.

    j. "Released Claims" means and includes any and all Unknown Claims, known claims, and rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the Named Plaintiffs or the Potential Class Members in this Action, or relate in any way whatsoever to this Action regarding strip searches of inmates after returning to the jail following a court appearance at which court appearance a specific case or charge against the inmate was dismissed when no other cases, charges, warrants or holds were pending against that inmate which warranted that inmate's continued detention at jail and any cause of action or claim not filed to date in a court of law known or unknown on or before the date of this settlement that arose out of his incarceration at the jail. This release does not extend to any claim that may be, or has been, or will be, asserted on behalf of the "releasing person" as an unnamed class member in any other action.

    k. "Released Persons" means Cook County, Cook County's counsel, the Sheriff of Cook County, the Sheriff's counsel, and any of the Sheriff's and Cook County's past, present or future officers, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

## RELIEF

11. **Monetary Relief to the Class.** To resolve all claims at issue in this case involving monetary relief to class members, other than attorneys' fees, expert and consulting witness fees and litigation costs, the parties have agreed that, as part of the consideration for this

8

Agreement, Defendants will establish a fund (the "Settlement Fund") in the amount of $1,400,000 (One Million Four Hundred Thousand Dollars).

12. **Incentive Payments.** The named plaintiffs, Quentin Bullock and Jack Reid shall, subject to the approval of the Court and receipt by the County of Cook of properly executed IRS W-9 forms, receive an incentive award of $25,000. Such award shall be in lieu of, and not in addition to, any other awards to which the named plaintiffs may be entitled under this settlement. These incentive awards will be paid by defendants in addition to the funds that are part of the "Settlement Fund"

13. **Administration of the Settlement**. An Administration Fund in the amount of $285,000 shall be established. The cost of administration of the settlement, including but not limited to notice to the class, establishing class membership, processing of claim forms, and providing a final list of claimants and addresses, shall be paid from this Administration Fund. For purposes of performing ministerial work in the administration of this settlement only, class counsel agrees to a rate of $200 per hour for the time of lawyers with three or more years of experience and $100 per hour for the time of legal assistants. Cook County shall reimburse counsel for administrative costs upon receipt of

9

itemized statements, with payments to be made within 30 days of receipt of said statement with a maximum amount not to exceed the Administrative fund of $285,000. Any portion of the $285,000 not expended by November 1, 2011 for administrative and notice costs and expenses from the Administration Fund shall revert to Cook County.

14. **Payments to Class Members:** The parties, while recognizing that each class member may have a distinct claim for emotional damages, agree that the expense, uncertainly, and delay of providing each class member with an individual determination of damages outweighs the benefits of a distribution based on date of occurrence. Accordingly, the parties agree that each class member shall receive an award from the "Settlement Fund" not to exceed $200 (two hundred dollars).

15. **The Potential *Young* Setoff:** Class members who were processed into the Jail on or after January 30, 2004 may be members of the plaintiff lass in the *Young* litigation, referred to in paragraph 10(e) above. Defendants may be entitled to a setoff of $100 for each class member if Defendants certify that the class member has been sent a legal notice to his last known address stating he is eligible to receive an award of $200 or more from the Young litigation. By way of illustration and not limitation, a class member who receives an award of $200 in Young shall receive an award of $100 in this case.

16. Each class member shall receive one award from the "Settlement Fund" even though he may have been subjected to more than one strip search. The actual amount to be paid to each class member will be determined within 60 days after expiration of the date for submission of claim forms. The total amount to be paid to class members, will not exceed $1,400,000 (One Million Four Hundred Thousand Dollars). If more than 7000 claims are submitted, each claimant shall receive an aliquot share of the settlement fund. If less than 7000 claims are submitted, the undistributed portion of the "Settlement Fund" designated by the Cook County Comptroller shall be held until November 1, 2011 to allow payment of any claim submitted late with good cause shown. Good cause is defined as legally adequate and substantial grounds and not simply neglect. Any portion of the "Settlement Fund" remaining on November 2, 2011 shall revert to Cook County.

17. **Attorneys' Fees and Expenses:** Attorneys' fees and costs were not finally negotiated by Class Counsel and counsel for the Released Parties until after full agreement had been reached on the monetary relief for the class. Class counsel represented that the total amount of attorneys' fees shall not exceed two million one hundred thousand dollars and that counsel have expended $159,303.88 as costs. Cook County has agreed not to contest any request by Class Counsel for

11

an award of fees not to exceed two million one hundred thousand dollars and costs in the amount previously stated, and agrees that it will pay 3/4ths of the attorneys' fees and all of the costs within 45 days following the Court's final approval of the settlement, and the balance of the attorney fees on January 7, 2012.

## NOTICE AND CLAIMS PROCEDURE

18. Within twenty-one days after the Court has given its preliminary approval to this proposed settlement, notice of the proposed settlement, and information about the date and time of the fairness hearing will be sent by first class mail to the last ascertainable address of each class member. "Ascertainable" means the last known address as enhanced by the United States Postal Service change of address database. The cost of this notice shall be paid by defendant Cook County. In the event that this settlement obtains final approval from the Court, the cost of notice will be deducted from the Administration Fund.

19. To participate in this settlement, each Class Member must submit a sworn Claim Form postmarked no later than the date certain established on the final Class Notice. The Class Notice will include a forwarding and return address, which will be a Post Office Box controlled by Class Counsel. Class Counsel shall provide Cook County and the Sheriff with copies of all claim forms received.

## DECEASED, DISSOLVED, BANKRUPT, OR INCAPACITATED CLASS MEMBERS

20. Where a Class Member is deceased and a payment is due to that Class Member, upon receipt of a proper notification and documentation, settlement payment shall be made in accordance with Illinois law.

21. Where a Class Member has been declared bankrupt, or is the subject of an open and ongoing bankruptcy proceeding, and a payment is due to the Class Member, upon receipt of proper notification and documentation, the settlement payment shall be made to such Class Member in accordance with applicable United States Bankruptcy Code laws.

## COMMUNICATIONS WITH THE CLASS

22. The Class Notice shall list Class Counsel's addresses. Other than as provided for in this Stipulation, communications relating to the Action or this Settlement with persons receiving Class Notices and Potential Class Members shall be through Class Counsel. Nothing in this Stipulation shall be construed to prevent Cook County, the Sheriff, their employees, agents, or representatives from communicating with Potential Class Members or Class Members in the normal course of its operations.

## CONDITIONS OF SETTLEMENT AND
## EFFECT OF DISAPPROVAL, CANCELLATION
## OR TERMINATION OF STIPULATION

23.  If the Court disapproves this Stipulation or fails to rule, or if the Court enters the Final Judgment but it is reversed or vacated on appeal, this Stipulation shall be null and void and of no force and effect. If the Court materially modifies any provision of the Stipulation or proposed Final Judgment, or if either is materially modified on appeal or remanded to the Court for modification, with Cook County and the Sheriff determining what is "material" in the use of its reasonable discretion, Cook County, the Sheriff or Class Counsel shall have the option of terminating this Stipulation and withdrawing this consent to the entry of the Final Judgment, in which case this Stipulation shall be null and void and of no force and effect.

24.  If any financial obligation is imposed upon Cook County in addition to or greater than those specifically set out in this Stipulation, Cook County may withdraw its consent to the entry of the Final Judgment, in which case this Stipulation shall be null and void and of no force and effect.

25.  The "Effective Date" of this Stipulation shall be the date on which the Court enters an order approving this proposed settlement.

## OBJECTIONS

26. A class member may file a notice of intent to object to the proposed settlement. The written notice of intent to object must be filed with the Clerk of the Court not later than 7 days before the date set for the Final Settlement Hearing.

## REPRESENTATIONS AND WARRANTIES

27. Plaintiffs and Class Counsel warrant and represent that no promise or inducement has been offered or made for the Release in paragraphs 25 except as set forth herein, that the Release is executed without any reliance whatsoever on any statements or representations not contained herein, including but not limited to any statements, conduct, disclosure or non-disclosure or representations regarding discovery in the Action, and that the Release reflects the entire agreement among the parties with respect to the terms of the Release. The warranties and representations made herein shall survive the execution and delivering of the Release and shall be binding upon the parties' heirs, representatives, successors and assigns.

## RELEASES

28. Upon the Effective Date, Plaintiffs, all Class Members, and their heirs, trustees, executors, administrators, principals, beneficiaries, assigns and successors will be bound by the Final Judgment and

15

conclusively deemed to have fully released, acquitted and forever discharged, as defined in paragraph 10(j).

29. All people and entities who meet the Class Definition and who have not timely filed "opt out" forms shall be forever barred from prosecuting their own lawsuit asserting any of the claims at issue in this litigation and they and their heirs, executors, administrators, representatives, agents, partners, successors and assigns shall be deemed to have fully released and forever discharged the Released Persons (defined below) from all Released Claims (defined below).

  a. "Released Persons" means County of Cook and the Sheriff of Cook County each of their past or present directors, officers, employees, agents, Board members, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, related companies, and divisions, and each of their predecessors, successors, heirs and assigns.

  b. "Released Claims" means any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, restitution, disgorgement, costs, attorneys' fees, losses, expenses, obligations or demands, of any kind whatsoever that the Releasing Persons may have or may have had, whether in arbitra-

tion, administrative, or judicial proceedings, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that were alleged in this lawsuit. This release does not extend to any claim that may be, has been, or will be, asserted on behalf of the "releasing person" as an unnamed class member in any other action.

## MISCELLANEOUS PROVISIONS

30. The parties hereto and their undersigned counsel agree to undertake their best efforts and mutually cooperate to effectuate this Stipulation and the terms of the proposed settlement set forth herein, including taking all steps and efforts contemplated by this Stipulation, and any other steps and efforts which may become necessary by order of the Court or otherwise. The parties hereto further agree to defend this Stipulation against objections made to final approval of the Settlement or in any appeal of the Final Judgment or collateral attack on the Stipulation or Final Judgment. Class Counsel will not seek from Cook County any additional compensation, including attorney fees, cost, expenses or reimbursements for any work that may be involved in defending this agreement.

31. The undersigned counsel represent that they are fully authorized to execute and enter into the terms and conditions of this Stipulation on behalf of their respective clients. This agreement has been presented to and approved by the Cook County Board.

32. Except as otherwise provided between the parties, this Stipulation contains the entire agreement between the parties hereto, and supersedes any prior agreements or understandings between them. All terms of this Stipulation are contractual and not mere recitals, and shall be construed as if drafted by all parties hereto. The terms of this Stipulation are and shall be binding upon each of the parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereof through any of the parties hereto, including any Class Member.

33. To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Stipulation.

34. **Enforcement and Reservation of Jurisdiction**. The parties agree that the Court will reserve jurisdiction to enforce the provisions of this agreement and that the Court may, for good cause, ad-

just and reset the dates set out in paragraph 16 above for a reasonable period following final approval of this settlement. Good cause is defined as legally adequate and substantial grounds and not simple neglect. If the Court approves the settlement, it will enter an order of dismissal that will dismiss the litigation with prejudice as to all Class Members, except those persons who have timely filed "opt out" forms.

Agreed to, this 16th day of November, by the party representatives below who have affixed their signatures showing their assent to the above Class Settlement Agreement.

| | | |
|---|---|---|
| /s/ *Thomas G. Morrissey* <br> Thomas G. Morrissey <br> ARDC #3125372 <br> 10249 S. Western Ave <br> Chicago, IL 60643 <br> (773) 233-7900 <br><br> Robert H. Farley, Jr. <br> 1155 S. Washington St. <br> Suite 201 <br> Naperville, Il. <br> (630) 369-0103 <br> *attorneys for plaintiffs* | /s/ Francis J. Catania <br> (with consent) <br> Francis J. Catania <br> Assistant State's Attorney <br> 500 Daley Center <br> Chicago IL 60602 <br> (312) 603-6572 <br> *an attorney for defendant Cook County* | /s/ Steven M. Puiszis <br> (with consent) <br> Steven M. Puiszis <br> Bernard E. Jude Quinn <br> Hinshaw & Culbertson LLP <br> 222 N. LaSalle Street, Suite 300 <br> Chicago, IL 60601 <br> (312) 704-3000 <br> *attorneys for defendant Sheriff of Cook County* |