IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT JACKSON, JOSEPH McGRATH, and DERRELL SMITH, <br><br> *Plaintiffs,* <br><br> -vs- <br><br> SHERIFF OF COOK COUNTY, and COOK COUNTY, ILLINOIS, <br><br> *Defendants.* | ) ) ) ) ) ) No. 06 CV 493 ) ) *(Judge Coar)* ) ) ) ) ) |

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF APPROVAL OF PROPOSED SETTLEMENT

## I. Introduction

About 100,000 potential classmembers have received notice of the proposed settlement of this case: Plaintiffs sent class notice and an opt-out form by first class mail to the 157,352 males who had been processed into the jail between January 27, 2004 and January 9, 2007, when testing ended; slightly more than 58,000 letters were returned by the postal service; each return was investigated in an attempt to obtain the correct address and a second notice was sent to about 500 new addresses.

Claims have been filed by about 11,000 class members. Four class members have filed documents in connection with the settlement: class member Craig Streeter wants the Court to know that the testing was non-consensual and very unsanitary. (Record Item No. 237, attached as Exhibit 1.) Class member Michael Ellis states that he was subjected to the challenged procedure five times and wants to submit a claim. (Record Item No. 238, attached as Exhibit 2.)

Group Exhibit B

1

Class member Daniel T. Roberts objects to the settlement and has exercised his right to opt-out. (Record Item No. 239, attached as Exhibit 3.) Mr. Roberts does not provide any details about his objection to the settlement. Class member Ron Haddad Jr. objects to the provision of the settlement which limits to two hundred dollars the amount that can be paid to any unnamed member of the class. (Record Item No. 240, attached as Exhibit 4.) For the reasons set out below, the Court should overrule Mr. Haddad's objection and find that the proposed settlement is "fair, reasonable, and adequate."

## II. History of the Litigation

Plaintiffs filed this action in January of 2006. On April 25, 2006, the Court entered a scheduling order, which required the filing of dispositive motions by December 1, 2006. The parties vigorously prepared this case for trial and, after securing a two week extension of time, filed cross-motions for summary judgment on December 15, 2006.

On December 14, 2006, the Court ordered that the case would proceed as a class action. On March 23, 2007, the Court denied the cross motions for summary judgment and set the case for trial on June 18, 2007. The parties completed their preparation for trial, and submitted a joint pre-trial order on April 27, 2007. On May 18, 2007, the Court held a pre-trial conference and ruled on motions in limine.

Following the Court's ruling on the motions in limine, counsel for the parties met to discuss the possibility of settlement and agreed to a resolution of the claims asserted on behalf of the class and the individual claims asserted for the named plaintiffs After reaching the proposed settlement of the class and individual claims, counsel discussed issues of attorneys fees and costs and reached an agreement as to these matters. The Court gave its preliminary approval to the

Case: 1:06-cv-00552 Document #: 644-2 Filed: 02/22/11 Page 3 of 9 PageID #:15766
Case: 1:06-cv-00493 Document #: 246 Filed: 10/26/07 Page 3 of 17 PageID #:6316

- 3 -

proposed settlement on June 15, 2007 and the proposed settlement was approved by the Cook County Board on July 10, 2007

### III. The Proposed Settlement

The proposed settlement brings this litigation to an end. Defendants, who abandoned the challenged policies during the pendency of this case, will establish a fund in the total amount of $4,575,000. This Fund will cover administration of the settlement, i.e., notice to the class, attempting to locate class members who are not reached by first class mail to their last known address, processing of claim forms, issuance of settlement checks, and mailing of settlement shares to class members. The Fund will also cover attorneys' fees and expenses, and incentive awards to the three named plaintiffs. The remainder of the fund, or $3,200,000, will be available for distribution to unnamed class members.

Each class member will receive at least one hundred dollars from the settlement fund. If less than 16,000 claims are filed, the recovery will be capped at two hundred dollars per claim; any surplus will revert to Cook County. The settlement provides that claims will be paid on an aliquot basis if more than 16,000 but less than 32,000 claims were filed.

The settlement agreement also provides that, subject to the approval of the court, each of the three named plaintiff will receive an incentive award in the amount of $25,000. (The incentive award is to paid to each named plaintiff without any deduction for attorneys' fees or costs.) This amount reflects the service that each named plaintiff provided to the class and is of comparable magnitude to incentive awards in jail strip search cases: In this district, each of the three class representatives in *Calvin v. Will County,* N.D.Ill. No. 03-CV-3086, received a $25,000 incentive award. Awards in other district are

Case: 1:06-cv-00552 Document #: 644-2 Filed: 02/22/11 Page 4 of 9 PageID #:15767
Case: 1:06-cv-00493 Document #: 246 Filed: 10/26/07 Page 4 of 17 PageID #:6312

- 4 -

comparable. The class representative in *Maneely v. City of Newburg,* S.D.N.Y., No. 01-CV-2600 also received a $25,000 incentive award. Each of the two class representatives in *Blihove v. St. Croix County,* W.D.Wis. No. 02-CV-450 received a $35,000 incentive award, and $300,000 was distributed to three class representatives in *Haney v. Miami Dade County,* S.D. Fl., No. 04-cv-20516.

The settlement agreement also sets aside a separate fund for attorneys' fees and costs, including the costs of administering the settlement ($1,000,000 for fees and $300,000 for costs).

## IV. Standards for Approving the Settlement of a Class Action

The standards for approving the settlement of a class action were recently restated by the Seventh Circuit in *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.* 463 F.3d 646, 653 (7th Cir. 2006):

> In order to evaluate the fairness of a settlement, a district court must consider the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement. [citation omitted] The most important factor relevant to the fairness of a class action settlement is the first one listed: the strength of plaintiff's case on the merits balanced against the amount offered in the settlement. [citation omitted]

This case was settled shortly before trial; all parties were represented by skilled and experienced counsel. Counsel for all parties aware of the risk in civil rights litigation: while a jury could have made a significant award for each class members, our court of appeals could also have concluded that the swab test was not unconstitutional. The Seventh Circuit has not been reluctant to plow new ground in civil rights cases. For example, in *Newsome v. McCabe,*

Case: 1:06-cv-00552 Document #: 644-2 Filed: 02/22/11 Page 5 of 9 PageID #:15768
Case: 1:06-cv-00493 Document #: 246 Filed: 10/26/07 Page 5 of 17 PageID #:6313

- 5 -

256 F.3d 747, 751 (7th Cir. 2001), *opinion on denial of rehearing,* 260 F.3d 824 (7th Cir. 2001), the Seventh Circuit overruled its long standing precedent and departed from decisions in eight circuits to hold that 42 U.S.C. §1983 does not include a cause of action analogous to a common law action of malicious prosecution. Similarly, in *Wallace v. Kato,* 440 F.3d 421 (7th Cir. 2006), *aff'd,* 1276 S.Ct. 1091 (2007), the Seventh Circuit overruled two of its recent decisions to establish a categorical rule of accrual (subsequently endorsed by the Supreme Court), for false arrest cases brought under Section 1983.

In light of the uncertainty in any civil rights case, the settlement provides a reasonable monetary recovery to the unnamed members of the plaintiff class.

In addition to considering the strength of plaintiff's case on the merits and the monetary payment to each class member, "district judges presiding over proposed class settlements are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole because class actions are rife with potential conflicts of interest between class counsel and class members." (citations omitted) *Mirfasihi v. Fleet Mortg. Corp.* 450 F.3d 745, 748 (7th Cir. 2006). The settlement in this case is a reasonable resolution of this class action and should be approved by the Court.

## V.  Attorneys Fees

Class counsel seek fees in the amount of one million dollars. This amount is reasonable in relation to the benefit achieved for the class, and reflects counsels' hard work in preparing this case for trial and negotiating the settlement.

Case: 1:06-cv-00552 Document #: 641-2 Filed: 02/22/11 Page 6 of 9 PageID #:15760
Case: 1:06-cv-00493 Document #: 246 Filed: 10/26/07 Page 6 of 17 PageID #:6314

- 6 -

The rule in this circuit is that "when deciding on appropriate fee levels in common-fund cases, courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Marketing Litigation,* 264 F.3d 712, 718 (7th Cir. 2001), *opinion following remand,* 325 F.3d 974 (7th Cir. 2003). "The object in awarding a reasonable attorney's fee . . . is to simulate the market . . . The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client. *In re Continental Securities Litigation,* 962 F.2d 566, 572 (7th Cir. 1992).

Civil rights cases are typically litigated on a contingent basis, where the lawyer agrees to accept a percentage of the recovery as his (or her) fee, subject to a credit for any statutory fees are awarded. This percentage ranges from the customary one-third, *Freeman v. Mayer,* 95 F.3d 569, 570 (7th Cir. 1996) to 40%. *Kirchoff v. Flynn,* 786 F.2d 320, 322 (7th Cir. 1986). Attorneys use the higher percentage when the claim is small and the case is likely to be resolved by settlement, without any award of statutory fees.

The requested award of one million dollars is about 20% of the total size ($4,575,000) of the settlement fund. If only 12,000 claims are filed, $800,000 will revert to the County, The requested fee award would then be about 26% of the total to be paid out the settlement. Either percentage is reasonable.

## VI. Costs

Cook County has advanced $200,000 to cover the costs of administering the settlement. A total of $171.194.58 has to date been expended on the mailing service and the call center. Counsel seek reimbursement for the following additional expenses:

Case: 1:06-cv-00552 Document #: 641-2 Filed: 02/22/11 Page 7 of 9 PageID #:15770
Case: 1:06-cv-00493 Document #: 246 Filed: 10/26/07 Page 7 of 17 PageID #:6315

- 7 -

Filing Fee ............................................................................................... $250.00
Transcripts from *Thompson* Trial ............................................................ $743.60
Depositions and Transcripts .............................................................. $20,209.97
Plaintiffs' Expert Fee .............................................................................. $2,000.00
Witness and Process Server .................................................................. $2,644.00
Transportation (to dep of def expert) ....................................................... $813.41
Messenger Service ................................................................................... $329.87
Photocopying ............................................................................................ $727.16
Class notice (pre settlement) .............................................................. $17,038.06
Postage ...................................................................................................... $256.25
Total .........................................................................................................$45,012.32

## VII.  Conclusion

For the reasons above stated, plaintiffs request that the Court approve the proposed settlement, authorize incentive payments of $25,000 to each of the named plaintiffs, and approve counsel's request for an award of fees of one million dollars and reimbursement for costs in the amount of $45,012.32.

Respectfully submitted,

/s/ Kenneth N. Flaxman
———————————————

KENNETH N. FLAXMAN, #00339
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com

*an attorney for the plaintiff class*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2007, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Francis J. Catania, Ass't State's Atty, 50 W Washington St, Room 500, Chicago, IL 60602, and Daniel F. Gallagher, Esq., Larry S. Kowalczyk, Esq., Query & Harrow, Ltd., 175 W Jackson Blvd, Ste 1600, Chicago, IL 60604-2827, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROBERT JACKSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 06 C 00493 |
| SHERIFF OF COOK COUNTY, COOK COUNTY, ILLINOIS, | ) *Judge David H. Coar* |
| Defendants. | ) |

## ORDER

This case came before the Court for a hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure on the fairness of the proposed settlement of this class action; no one appeared at the hearing to object to the proposed settlement.

Based on its review of the "memorandum in support of approval of proposed settlement" filed herein by class counsel, as well as on its independent knowledge of this litigation, the Court finds that notice has been provided to class members in a reasonable manner and that the proposed settlement is fair, reasonable, and adequate and should be, and hereby is, approved under Rule 23(e)(1)(C).

IT IS HEREBY ORDERED:
1) Payments to the unnamed members of the class shall be made by defendant Cook County in accordance with the terms of the settlement agreement;
2) Each of the three named plaintiffs (Robert Jackson, Derrell Smith, and Joseph McGrath), shall receive an incentive award in the amount of $25,000;
3) Class counsel Kenneth N. Flaxman and Thomas G. Morrissey are entitled to reimbursement for costs in the amount of $45,012.32 and an award of attorneys' fees in the total amount of $1,000,000.
3) The Court reserves jurisdiction to enter such further orders as may be required to implement the settlement of this case.

ENTER:

*David H. Coar*
United States District Judge          NOV 2 - 2007

9