**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KIM YOUNG, RONALD JOHNSON, WILLIAM JONES, ALLEN GORMAN, GERRAD LAMOUR, LEE MERCADO, BRADLEY HYTREK, CARL GRAY, and MATTHEW LIPTAK, on behalf of themselves and a class of others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF COOK and SHERIFF TOM DART in his capacity as Head of the Cook County Sheriff's Department,<br><br>        Defendants. | No. 06-CV-552<br><br>JUDGE KENNELLY |

**AFFIDAVIT OF ROBIN M. NIEMIEC (RUST CONSULTING, INC.)**

STATE OF FLORIDA          )
                                          ) SS:
COUNTY OF PALM BEACH )

ROBIN M. NIEMIEC, being duly sworn, deposes and states as follows:

1.        I am a Managing Senior Project Administrator for Rust Consulting, Inc. ("Rust").  Rust is the national leader in class action settlement administration.  The firm, with 30 years and more than 2,500 cases of experience, is a full service claims administrator.

2.        Pursuant to Paragraph 12 of the Class Action Release and Settlement Agreement dated November 16, 2010 (the "Settlement Agreement"), Rust was appointed the Claims Administrator.  I am over 21 years of age and am not a party to this action.  I have been responsible for supervising the class action notice and administration services provided by Rust in this class action settlement.

Exhibit E

3.     I submit this Affidavit (i) to describe and provide proof of the mailing of the Notice and Claim Form (the "Notice Packet") to potential Class Members, and the publication of the Summary Notice; (ii) to describe the operation of the telephone information lines established to respond to inquiries from Class Members regarding the proposed settlement; (iii) to describe the settlement website; (iv) to provide information concerning the responses of Class Members to the Notice; (v) to provide the current status of claim forms received;  and (vi) to provide information regarding the claims rate in this case compared with other civil rights class actions for which Rust Consulting, Inc. has acted as the claims administrator.

### **OVERVIEW OF RUST'S RESPONSIBILITIES**

4.     Rust's responsibilities have included the following, among others:

(a)     establishing and maintaining the *Cook County Strip Search* Class Action Information Center;

(b)     formatting and arranging for printing of the Court-approved Notice Packets;

(c)     causing the Notice Packets to be mailed and, where required, remailed by first-class mail to Class Members pursuant to Paragraphs 14 (f), 14 (h), 15, 16 and 20 of the Settlement Agreement;

(d)     formatting and arranging for publication of the Summary Notice in certain publications, pursuant to Paragraphs 14 (g), 14 (h) and 17 of the Settlement Agreement;

(e)     establishing and maintaining a toll-free telephone hotline (along with a non-toll-free hotline for those who cannot place toll-free calls), and training (with the assistance of counsel for the parties) telephone representatives and supervisors to operate this line and to provide information about the proposed settlement, pursuant to Paragraphs 14 (k) and 18 of the Settlement Agreement, which is available in both English and Spanish;

(f)     designing and programming systems to manage and monitor the telephone line;

(g)     maintaining an informational website (www.cookcountystripsearch.com) with information regarding the proposed settlement, including copies of various court and notice papers, as well as the ability to download Notice Packets and Claim

Forms, and including relevant contact information, pursuant to Paragraphs 14 (j) and 19 of the Settlement Agreement, as well as including Spanish versions of the Notice Packets and Claim Forms;

(h)    working with data provided by the parties;

(i)    renting a Post Office Box to receive Exclusion Requests, Claim Forms, Objections, and other communications about the proposed settlement, pursuant to Paragraph 14 (u) of the Settlement Agreement;

(j)    receiving and logging Exclusion Requests, Claim Forms, Objections, and other communications from potential Class Members; and

(k)    processing the communications from Class Members, including mailing of "cure" letters to Class Members who submitted Claim Forms that did not meet the requirements set out in the Class Notice Packet.

### Mailing of the Class Notice

5.    One of Rust's primary responsibilities was to cause the Notice Packet to be mailed to the last-known addresses of potential Class Members, as well as to all persons who requested that a Notice Packet be mailed to them.

6.    In addition, Rust has acted as a repository for inquiries and communications from potential Class Members. Pursuant to Paragraph 14 (u) of the Settlement Agreement, Rust established a Post Office Box to receive Exclusions, Objections, Claim Forms, and other communications from potential Class Members.

7.    On or about November 13, 2010, Rust received electronic data files from counsel for the parties containing 12,150 names and addresses of potential Class Members. On or about November 18, 2010, Rust received another electronic data file from Class Counsel containing approximately 244,491 names and addresses of potential Class Members. Rust entered the data into a segregated database (the "Mailing Database") to be used for mailing the Notice Packets to potential Class Members. Rust utilized the services of LexisNexis, an information supplier to

which Rust subscribes, to seek updated addresses and received 155,555 updated addresses. The data was electronically scrubbed to ensure adequate address formatting, remove duplicative records and rolled up records based on exact name and exact address. This resulted in 249,589 distinct records for mailing. Rust also submitted the names and physical addresses to the United States Postal Service National Change of Address Service to ensure adequate physical address formatting and to qualify for postal discounts.

8.      On November 18, 2010, Rust received data from Class Counsel with the current population of individuals held at Illinois Department of Corrections ("IDOC") facilities. After receiving this information, Rust performed electronic database searches of the 249,589 distinct mailing records to identify all potential class members who are reported by IDOC to be in IDOC custody.

9.      As a result, Rust prepared 29,019 Notice Packets to be mailed to potential class members at an IDOC facility.

10.     For the 29,019 Notice Packets sent to IDOC facilities, Class Counsel directed Rust to print and mail the Notice Packets in special envelopes. Based on Class Counsel's instructions, Rust printed two envelopes for these Notice Packets: one using the return address of the law firm of Loevy & Loevy, for the Notice Packets mailed to Class Members in Stateville, Centralia, Shawnee, Graham, Sheridan, Southwestern Illinois, Tamms, Vienna and Western Illinois IDOC facilities; and one using the Rust return address for the Notice Packets mailed to the remaining Class Members mailed Notice Packets at IDOC facilities

11.     On or about November 30, 2010, Rust received data from Class Counsel with the current list of individuals within IDOC's Parole Department. After receiving this information, Rust

electronically scrubbed the data to ensure adequate address formatting, remove duplicative records, and rolled up records based on exact name and address. Rust again updated its database of 249,589 records to include the current address for Class Members listed in the IDOC's Parole Department list, which resulted in 24,769 updated records for mailing.

12.     Pursuant to Paragraphs 14 (f) and 15 of the Settlement Agreement, Rust caused the Notice Packets to be mailed, by first-class U.S. mail, postage prepaid. On December 13, 2010, Rust mailed Notice Packets to 249,589 potential Class Members. A copy of the Notice Packet is attached hereto as Exhibit 1. A Spanish language version of the Notice Packet was also available on request. A copy of the Spanish language Notice Packet is attached hereto as Exhibit 2.

13.     As of January 27, 2011, 14,730 additional Notice Packets were mailed by first-class U.S. mail to potential Class Members at their request.

14.     As of February 13, 2011, the United States Postal Service ("USPS") returned 87,050 Notice Packets as undeliverable without forwarding addresses and 1,086 Notice Packets as undeliverable with forwarding addresses to which Rust subsequently re-mailed Notice Packets.

15.     Each potential class member whose Notice Packet was returned as undeliverable from an IDOC facility was then searched in IDOC's inmate locator website, and where a new address was obtained, such as another IDOC facility to which s/he was transferred or a parole address, the Notice Packet was re-sent to the second address. In all, 1,933 such Notice Packets were sent to a second (current) address containing a slip sheet, which was prepared by the parties, advising the recipient of extending deadlines for submitting a claim, an objection, or an exclusion.

16.     Through February 13, 2011, an aggregate of 266,252 Notice Packets were mailed to potential Class Members by the USPS.

17.     On January 31, 2011, Rust received data from Class Counsel listing the names of individuals who were admitted to the Jail between December 13, 2010, and January 2, 2011. Class Counsel instructed Rust to consider any claim forms filed by these individuals to be considered timely if postmarked on or before February 17, 2011.

## The Summary (Publication) Notice

18.     Pursuant to Paragraphs 14 (h) and 17 of the Settlement Agreement, Rust, in conjunction with Kinsella Media, LLC ("Kinsella"), an affiliate of Rust, caused the Published Notice to be published, on two separate occasions, in *The Chicago Sun Times, The Chicago Defender,* the *Prison Legal News* and the *La Raza*.  Copies of the Published Notices are attached hereto as Exhibit 3 and a copy of Kinsella Media, LLC's Publication Report is attached hereto as Exhibit 4.

## The Settlement Website

19.     Pursuant to Paragraphs 14 (j) and 19 of the Settlement Agreement, Rust established the website www.CookCountyStripSearch.com.  The website includes links to documents such as the Notice, Claim Form, Court Documents, Frequently Asked Questions, and Contact Information.  The website also includes a link to Spanish-language versions of the Notice and Claim Form.  As of February 20, 2011, the website has been viewed approximately 11,403 times by unique visitors.  Screen shots of the website pages on February 21, 2011 are attached hereto as Exhibit 5.

## The Class Action Information Center

20.     Pursuant to Paragraphs 14 (k) and 18 of the Settlement Agreement, Rust established a toll-free telephone number to answer questions about the proposed settlement, along with a non-toll free telephone number for those callers who are unable to place toll-free calls.

21.     The Call Center opened on November 16, 2010, and is still in operation.

22.     The Call Center is open Monday through Friday from 8:00 a.m. to 7:00 p.m. Central Time.

23.     A caller to the toll-free telephone number (877-314-6057) and the non-toll-free number (312-224-4658) is able to listen to a pre-recorded message, in English or Spanish, which answers many frequently asked questions and allows callers to request a Notice Packet, and is then prompted to press a telephone keypad number to contact a live "telephone representative" to answer additional questions, if the caller so desires.  A copy of the "IVR" (interactive voice response) script is attached hereto as Exhibit 6.

## Hiring and Training of Telephone Representatives

24.     Rust and Class Counsel trained the telephone representatives and their supervisors on November 15, 2010.

25.     Rust and Class Counsel trained the telephone representatives to explain the proposed settlement in a neutral manner, based upon a detailed script; to avoid advising potential Class Members about the choices they should make or the actions they should take; and to refer callers to Class Counsel when appropriate or requested.

26.     The training course covered four primary subject areas:

    (a)     proper telephone etiquette;

    (b)     use of the telephone system, website, and computerized database in order to disclose appropriate information to callers;

    (c)     the allegations in this case; and

    (d)     the details of the proposed settlement, including (i) the nature of a class action lawsuit, (ii) the background of this action, and (iii) the options available to Class Members.

27.     Rust and Class Counsel prepared a detailed script of more than 33 questions and answers to provide clear, consistent, and neutral responses to anticipated questions about this case, the terms of the proposed settlement, and the options available to Class Members.  The script was periodically revised to clarify certain questions and answers and to address additional issues as they arose.  A copy of the most current version of the script is attached hereto as Exhibit 7.

**<u>Operation of the Class Action Information Center</u>**

28.     As of February 20, 2011, 34,445 callers had listened to the pre-recorded message, and approximately 16,875 of those requested to speak with a telephone representative.

29.     Telephone representatives at the Call Center have been available to answer questions about the proposed settlement since November 16, 2010.  Staffing has varied depending on the volume of calls.

30.     If a caller has a question about the proposed settlement, the telephone representatives try to answer the question by using the script and the information in the computerized database.  If a telephone representative and his or her supervisor cannot answer a particular question, he or she refers to the call to Class Counsel.  In that case, the telephone representative completes a call log and forwards it to Class Counsel.

**Exclusion Requests, Objections and Other Class Member Communications**

31.     Rust has received mail in the Post Office box it rented from November 12, 2010 to the present.   This mail has included Exclusion Requests, Objections, Claim Forms, and other communications.

32.     Pursuant to Paragraph 14 (o) of the Settlement Agreement, a Request for Exclusion must be in writing and mailed to the Claims Administrator, received by January 27, 2011.

33.      As of February 20, 2011, Rust has received timely Requests for Exclusion from 24 potential Class Members.  A complete list of the timely Requests for Exclusion is attached hereto as Exhibit 8.  Of these, 20 appear to be Settlement Class Members, based on Rust's review of the data counsel for the parties provided to develop the Mailing Database (described in greater detail in Paragraph 7). Rust provided Class Counsel with copies of all Requests for Exclusion for transmittal to Defense Counsel.

34.     Pursuant to Paragraph 14 (r) of the Settlement Agreement, objections were required to be mailed to the Court and the Claims Administrator, received no later than January 27, 2011.

35.     As of February 20, 2011, Rust has been advised that 5 objections from potential Class Members have been filed with the Court.  There are 2 additional objections that Rust received that do not appear on the Court's Docket.  Copies of the objections are attached hereto as Exhibit 9.  Of these, 7 appear to be Class Members based on Rust's review of the data counsel for the parties provided of potential Class Members, which Rust used to develop the Mailing Database, described in greater detail in Paragraph 7.

**<ins>Updated Report on Claims Filed</ins>**

36.     Pursuant to Paragraphs 14 (l) and 24 of the Settlement Agreement, the deadline for filing the Claim Form was January 27, 2011, and as stated in paragraph 17, the deadline for filing a Claim Form was extended to February 17, 2011, for certain Class Members.  As of February 14, 2011, when I submitted my affidavit in support of Class Counsels' fee petition, Rust has received 77,933 Claim Forms from potential Class Members.  Since February 14, 2011, 381 additional claims have been filed from potential Class Members.

37.     During the ongoing claims processing, Rust has identified claims that are deficient for the following reasons:

        a.   No date of birth was provided on the Claim Form;

        b.   Social Security Number was not provided on Claim Form;

        c.   Gender was not provided;

        d.   No selection indicating the Class claimant is a member of; and

        e.   Claim Form was not signed.

Rust mailed letters to claimants with deficient claims to allow them an opportunity to cure their deficiencies.  As of February 20, 2011, Rust has mailed 3,475 deficiency letters and will continue to mail letters on a rolling basis.  Attached as Exhibit 10 are copies of sample deficiency letters.

38.     Of the 78,314 Claim Forms received, Rust has scanned and processed 78,182 Claim Forms.  There are 132 Claim Forms that have been received, but have not been scanned and/or processed.

39.     Of the 78,182 Claim Forms scanned and processed, Rust has preliminarily determined that 62,037 Claim Forms are eligible for distribution.  Rust has not completed its auditing or claims verification processes.

40.     Based on the current Claims Forms that have been processed, this represents a 25% claims rate out of the total number of mailed Notice Packets and a 37% claims rate out of the total number of Notice Packets that were mailed and not returned as undeliverable.

41.     Based on Rust's experience as the claims administrator in other civil rights settlement class actions, the 25% eligible claim rate in this case is above-average and higher than similar settlements.

        I declare and state under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
                        Robin M. Niemiec

Sworn to before me this
22nd day of February, 2011

_____
Notary Public

LARA I. KASHDAN
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD940157
EXPIRES 12/29/2013
BONDED THRU 1-888-NOTARY1

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**IF YOU WERE STRIP-SEARCHED DURING ADMISSION INTO THE COOK COUNTY JAIL**
**BETWEEN JANUARY 30, 2004 AND MARCH 30, 2009,**
<u>**YOU MAY BE ENTITLED TO MONEY**</u>

*A federal court authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
*Una corte federal autorizó este aviso.*
*Esto no es una solicitación de un abogado.*

- This is to notify you of a proposed settlement of a class action lawsuit entitled *Young v. County of Cook et al.*, No. 06-CV-552. The suit involves approximately 300,000 pre-trial detainees who were strip-searched upon intake into Cook County Jail between January 30, 2004 and March 30, 2009. The Defendants are County of Cook ("County") and the Office of the Sheriff of Cook County ("Sheriff"). The County has agreed to pay $55 million. The Defendants have also agreed to assign to the Class their claims to potential additional monies from their insurers.

- All persons submitting valid claims are entitled to a share of the $55 million payment, as well as to any monies recovered from the insurers. Because the litigation with the insurers will take time, there will be an initial payment to the class members from the $55 million fund and then a second distribution if the Class recovers additional monies from the insurers. It is expected that each claimant will receive an initial payment of between $500 and $1,000 from the $55 million fund. The amount each class member receives from the $55 million may be more or less than the expected payment depending upon how many people file valid Claim Forms.

- **In order to be eligible for the initial and second payments, you <u>must</u> fill out and mail the enclosed Claim Form postmarked by January 27, 2011.** Mail the Claim Form to:

  Cook County Strip Search Settlement
  c/o Rust Consulting, Inc.
  P.O. Box 24660
  West Palm Beach, FL 33416

| WHAT YOU CAN DO | WHAT IT MEANS | DEADLINE |
|---|---|---|
| Submit a claim form | This is the <u>only</u> way to get the initial payment from the $55 million fund or to get the second payment in the event the Class recovers more money from the insurers. | Postmarked by: January 27, 2011 |
| Exclude yourself | Get no payment. This is the only option that allows you to be a part of any other lawsuit against Defendants about the same claims in this case. | Received by: January 27, 2011 |
| Object | Remain a class member but write to the Court about why you don't like the Settlement. | Received by: January 27, 2011 |
| Go to a Hearing | Ask to speak in Court about the fairness of the Settlement. | Received by: January 27, 2011 |
| Do Nothing | Get no payment. Give up legal rights to sue Defendants for the same claims in this case. | |

Your legal rights and options, **and the deadlines to exercise them,** are explained below. Your legal rights are affected, whether you act or don't act. Read this notice carefully.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (non sin costo) o visite www.cookcountystripsearch.com    1

## FREQUENTLY ASKED QUESTIONS

**1.    Why did I get this notice packet?**

Cook County Jail records reflect that you may have been admitted into the Cook County Jail as a new pre-trial detainee between January 30, 2004 and March 30, 2009.

The Court sent you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Young v. County of Cook et al.*, Case No. 06-CV-552. The people who sued are called Plaintiffs, and the entities they sued, the County of Cook and Office of the Sheriff of Cook County, are called the Defendants.

**2.    What is this lawsuit about?**

This is a "class action" lawsuit. In a class action, one or more people, called "Class Representatives," sue for their own benefit as well as for a group of other people with similar claims. All these people are called a "Class" or "class members." One court resolves the issues for all class members, except those who exclude themselves from the lawsuit.

**There are two Classes in this lawsuit:**

Class I:    All males who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009; *and/or*

Class II:    All people (male and female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

There have been decisions in favor of Class I and Class II on the issue of liability. In February of 2009, the Court granted summary judgment to all members of Class II and to those members of Class I who were admitted to the jail prior to February of 2007, finding that the Sheriff had violated these class members' constitutional rights. Thereafter, the Court held a trial on the claims of members of Class I admitted to the jail between February of 2007 and March 30, 2009. On August 13, 2009, the jury found that the Sheriff violated the constitutional rights of these additional class members. Neither judgment determined the damages to the class. Both judgments are subject to reversal on appeal.

Following the determinations of liability, the Court rejected Plaintiffs' request to pursue classwide damages. This means damages must be decided individually for each person in the Class. Thereafter, the parties participated in a handful of individual damages trials before three different juries. The damages awarded on the judgments in the individual damages trials will not diminish the settlement fund.

You may review and copy all of the case documents in person at the office of the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.

**3.    Why is there a settlement?**

The Court has not decided the amount of money, if any, that each class member should receive in this lawsuit and, in fact, has held that it cannot determine those damages for the whole class. As a result of all of the phases of the litigation, and the possibility of motions and appeals yet to come, both sides have agreed to a settlement. Through a Settlement, the people affected will get compensation without the risk of further litigation. The Class Representatives and the attorneys think the Settlement is in the best interests of the Classes. This Settlement is subject to a Fairness Hearing described in Question 16.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (non sin costo) o visite www.cookcountystripsearch.com    2

**4.      How do I know if I am part of this settlement?**

You are a class member if you fit within one or both of the following groups:

(a) All males who were subjected to a group strip search and/or a visual body cavity search as a new detainee during the initial admission process at the Cook County Jail between January 30, 2004 and March 30, 2009; *and/or*

(b) All people (male and female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee during the initial admission process at the Cook County Jail on between January 30, 2004 and March 30, 2009.

For you to be eligible for payment, you must have been admitted to Cook County Jail as a pre-trial detainee, before there was a final determination of your criminal charge. For a definition of the drug or weapons-related charges that are excluded from Class II, please refer to paragraph 35 of the Settlement Agreement or call the Claims Administrator at 1-877-314-6057. More information is also available at www.cookcountystripsearch.com.

**5.      What if I am still not sure if I am a class member?**

If you are still not sure whether you are a class member, call 1-877-314-6057 or visit www.cookcountystripsearch.com or write to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416. If you write, include your name, gender, date of birth, and address. The Administrator will help you find out what charges you were admitted on and whether you are a class member.

**6.      What does the Settlement provide?**

The Settlement provides for the creation of a $55 Million Settlement Fund to be paid in cash and distributed to the class members. The Settlement also provides for an assignment of certain claims that the Defendants may have against their insurers. Class Counsel will pursue the assigned claims on behalf of the Class through all phases of the litigation, including on appeal, if necessary. Class members will receive payments from the $55 million fund, as well as from any monies recovered from the lawsuit against the insurers on the assigned claims.

**7.      What is the lawsuit against the insurers about?**

The Defendants' insurers refused to provide coverage for this case beyond paying $10 million. When an insurer refuses to pay insurance that it owes under its insurance policies, the law gives the insured the right to sue the insurer for damages caused by the insurers' conduct, as well as other damages, such as punitive damages under some circumstances. The Defendants have agreed to assign all of their claims against the insurers to the Class as part of the Settlement.

Class Counsel will handle the litigation against the insurers on behalf of the Class.

**8.      How much money will I receive from the Settlement?**

Persons who submit timely claims will be entitled to receive payments from the $55 million fund and from any additional monies recovered from the insurers on the assigned claims. Because the litigation against the insurers will take time, class members will receive an initial payment from the $55 million fund. If there is a recovery from the insurers through a settlement or judgment, those monies will be distributed to class members through a second payment.

*Payments from the $55 million fund*

Your share of the $55 million fund will depend on the validity of your Claim Form, the number of valid Claim Forms that all class members send in, and the Class or Classes to which you belong. Here's how it generally works:

- Men who fit the definitions of Class I and Class II are eligible for an expected payment of $1,000;
- Men who fit the definition of Class I only are eligible for an expected payment of $700;
- Women who fit the definition of Class II are eligible for an expected payment of $500.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (non sin costo) o visite www.cookcountystripsearch.com      3

(Men who are members of Class II are automatically members of Class I. In other words, no man is a member of Class II only.) If fewer claimants than expected submit claims, then the actual payment to the claimants may be higher. In that event, the County is entitled to a reimbursement of up to $5 million, and any excess monies will be paid to the claimants as an addition to the expected payment. If more than the expected numbers of class members submit claims, then the actual payments from the $55 million fund will be less than the expected payments, and there will be no reimbursement to the County.

Men who fit the definition of Class II will receive a different payment amount than will women who fit the definition of Class II because these men successfully brought an additional challenge to the Jail's group strip search under the equal protection clause, whereas the women in Class II did not make a similar claim.

Class members who were admitted to the jail multiple times during the class period are eligible for the highest payment for which they qualify based on any one of those admissions, but they will receive only one payment.

### *Payments from the insurers on the assigned claims*

The Class Representatives will attempt to collect additional money from the insurers on the assigned claims. Persons who submit a valid Claim Form for payment from the $55 million fund will automatically receive a proportional share of any monies that the Class recovers from the insurers. You must submit a valid Claim Form for payment from the $55 million fund to be eligible for a payment from any additional monies the Class may recover from the insurers.

The Class Representatives do not know how much money, if any, will be recovered from the insurers. It is possible that there will be no additional money. Until the lawsuit against the insurers is completed, it is impossible to know how much additional money will be paid to the Class, or if there will be an additional payment at all. What is certain is that persons who submit a valid Claim Form for payment from the $55 million fund will be entitled to a second payment if and when there is a recovery from the insurers.

The Settlement Agreement explains in further detail how the payments will be calculated. To get a copy, go to www.cookcountystripsearch.com or call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) and ask for a copy.

### 9.      How do I request a payment?

**To receive a payment, you MUST mail in a signed and completed Claim Form postmarked by January 27, 2011**. A Claim Form is attached to this Notice, and you must mail it in your own envelope to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416. You can also get a Claim Form by visiting www.cookcountystripsearch.com; calling 1-877-314-6057; or writing to the above address. No payments will be sent until the Court approves the Settlement. Even then, there may be appeals relating to the Settlement. It is always uncertain how any appeals may be resolved and how long it will take. **Please be patient.**

### 10.      Do I need to submit any records proving that I am a Class Member?

You must complete the Claim Form to be eligible for payment, but you do not need to submit any additional documentation at this time. However, you will be submitting a Claim Form that requires you to certify under penalty of perjury pursuant to federal and state law that the information you provide is true and correct. The Defendants have provided the Claims Administrator with a list of approximately 300,000 persons that may be class members. If you submit a claim that contradicts the information on the list, then the Claims Administrator will send you a Notice and will give you an opportunity to submit documents that can verify your claim.

### 11.      Do I have a lawyer in this case? How will the lawyers be paid?

You do not need to retain a lawyer. The Court has designated Loevy & Loevy, Attorneys at Law, 312 N. May Street, Chicago, IL 60607, to act as Class Counsel in this case. The firm has represented the Class through all phases of this case, including at trial and on appeal. The firm will continue to represent the Class in the administration of the Settlement and in the litigation on the assigned claims. You do not need to pay for Class Counsel's services. If you want to be represented by your own lawyer, you must exclude yourself from the settlement and hire a lawyer at your own expense.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (no sin costo) o visite www.cookcountystripsearch.com      4

Class Counsel will ask the Court to approve reimbursement of the out-of-pocket costs they have incurred in pursuing the Class' claims, as well as a fee of up to 1/3 of the Settlement Fund and any monies recovered on the assigned claims. The fees will compensate Class Counsel for investigating the facts, litigating the case, representing the class at trial, handling the appeals, negotiating the Settlement, and pursing the assigned claims against the insurers. The Court may award less than the amount Class Counsel seeks. The Class Representatives will also petition the Court for payment of an incentive award not to exceed $25,000 each for their work representing the Class. Class Counsel will ask the Court to approve an incentive award of $10,000 for each class member who is not a Class Representative who testified in the August 2009 jury trial in this case. Defendants do not contest these amounts for the work Class Counsel and the Class Representatives have undertaken over the last four years on behalf of the Class.

The Court has also appointed an administrator to send notice to the Class, provide published notice, and process and handle the payment of claims by the class members. The costs for the claims administrator will be paid out of the fund.

## 12.     If I participate in this Settlement, how does that affect my legal rights?

Unless you exclude yourself from this Settlement, you can't sue the Defendants, continue to sue, or be part of any other lawsuit against the Defendants (Cook County or the Sheriff of Cook County) about any strip searches conducted during the initial admission process at Cook County Jail between January 30, 2004 and March 30, 2009 that are the subject of this lawsuit. Unless you exclude yourself, it also means that all of the decisions by the Court will bind you.

By being a part of this Settlement, you are *not* giving up your right to sue Defendants for claims other than those concerning the intake strip searches covered by *this* Settlement.

## 13.     Will I have to pay taxes on my payment?

You may have to pay tax on your settlement income. If your settlement payment amount is $600 or more, you must provide a social security number or I-TIN on your claim form, and the Claims Administrator will issue an IRS Form 1099 to you reflecting the amount of your settlement payment. If your settlement payment is $600 or more and you do not provide a valid social security number or I-TIN, then 28% of your payment will be withheld and paid to the federal taxing authorities. You may or may not be able to claim a refund when you file your tax return.

## 14.     Should I remove myself from the Settlement? How do I remove myself?

If you don't want money from the Settlement, and you want to keep the right to sue or continue to sue the Defendants on your own about the intake strip searches covered by this case, then you must take steps to exclude yourself from the case. This is sometimes referred to as "opting out" of the class. To exclude yourself, you must send a letter that includes the following: (a) your name, date of birth, address and telephone number (if any); (b) a statement saying that you do not want to be part of the Young v. Cook County Settlement; and (c) your signature. You must mail your exclusion request to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416, and it must be <u>received</u> by the Claims Administrator no later than **January 27, 2011**. You will get no payments from the Settlement Fund if you exclude yourself.

## 15.     How do I tell the Court that I don't like the Settlement?

If you wish you remain a class member but do not like the Settlement, you can tell the Court why you think the Settlement should not be approved. In order to object, you must send a letter that includes the following: (a) your name, date of birth, address, and telephone number (if any); (b) a statement saying you object to the Settlement in *Young v. Cook County et al.,* No. 06 CV 552; (c) the reasons you object; (d) whether you want to speak at the Fairness Hearing (*see* Question 16); and (e) your signature. You must mail your objection, so that it is <u>received</u> by the Court and the Claims Administrator no later than **January 27, 2011**, to (1) the Clerk of Court, United States District Court, Northern District of Illinois, 219 South Dearborn, Chicago, IL 60604; *and* (2) Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

You cannot both exclude yourself and object. If you object and the Court decides against your objection, you will not be able to bring or continue a separate suit for any claims for strip searches covered by this suit.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (non sin costo) o visite www.cookcountystripsearch.com     5

**16.    When and where will the Court decide whether to approve the Settlement?**

The Court will have a Fairness Hearing to decide whether to approve the Settlement on **March 1, 2011** at **9:30 am** before Judge Matthew Kennelly at the United States District Court for the Northern District of Illinois, 219 South Dearborn, Courtroom 2103, Chicago, IL 60604.  You do not have to come to the hearing.  If you want to speak at the hearing, you must request to do so when you file an objection (*see* Question 15).  Incarcerated persons do not have a right to be brought from a jail/prison to the hearing.  All written objections will be considered by the Court.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider how much to pay Class Counsel and the Class Representatives.  If there are objections, the Court will consider them at this time.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long this decision will take.

**17.    What happens if I do nothing at all?**

If you do nothing, you will get no payment and you will be bound by any and all of the decisions made by the Court in this case.  See also answer to Question 12.

**18.    How do I get more information?**

You can call 1-877-314-6057; e-mail info@cookcountystripsearch.com; write to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416; or visit www.cookcountystripsearch.com, where you will find copies of the Settlement papers, Claim Forms, the Attorneys' Fee Petition, and answers to common questions.  You can obtain detailed information about the case by examining the court file located at the address listed in Question 2.  If you wish to speak to Class Counsel, you can contact Michael Kanovitz or Roshna Keen at Loevy & Loevy by calling 1-877-722-2928 or emailing stripsearch@loevy.com.

Class Counsel will be available at the Harold Washington Library, 8th Floor Meeting Room, 400 South State Street, Chicago, IL 60605, on the following dates and times to answer questions about the Settlement and provide assistance to Class Members regarding how to complete a Claim Form:

<div style="margin-left:2em">

December 18, 2010 from 10:30 am to 11:30 am

December 28, 2010 from 5:30 pm to 6:30 pm

January 5, 2011 from 5:30 to 6:30 pm

January 15, 2011 from 10:30 am to 11:30 am

</div>

Class members are welcome to attend any of these sessions, but attendance is not required.  Reservations are not necessary, but space will be limited.

Questions? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)
or visit www.cookcountystripsearch.com
Un anuncio sumario y una forma de peticion en espanol estan adjunto.
Para information, llama 1-877-314-6057 (sin costo) o 1-312-224-4658 (non sin costo) o visite www.cookcountystripsearch.com    6

**COOK COUNTY STRIP SEARCH CLAIM FORM**

**Young v. Cook County et al, 06 CV 552 (N.D.Ill.)**

For Official Use

| *Must Be Postmarked* *No Later Than* *January 27, 2011* | **Complete, Sign and Mail This Form By January 27, 2011 to:** **Cook County Strip Search Settlement** c/o Rust Consulting, Inc. P.O. Box 24660 West Palm Beach, FL 33416 | |

Please read the enclosed Notice before filling out this claim form. You do NOT need to pay anyone to assist you. The Administrator will determine whether or not you are entitled to receive money in this case.

## CLASS MEMBER INFORMATION:

Last Name of Class Member:          First Name:          Middle Initial (if any):

Mailing Address of Class Member

City          State     Zip Code     Gender (M/F) (**required**)

Social Security Number or I-TIN (if any):     Date of Birth (Mth/Day/Year) (**required**):     Phone of Class Member (optional):

**Note**: If you do not provide a valid social security number or I-TIN, 28% of your payment will be withheld and paid to the federal taxing authorities. You can ask for a refund when you file your tax return.

Any other name(s) or alias(es) used:          IR # (not required)

**If your claim form is approved, please indicate how we should handle your check (expected *after* April 2011).**

☐     Mail the check to the address above     **OR**

☐     Mail the check to a different address, listed below:

Street Address

City          State     Zip Code

## CHECK IF TRUE:

☐     On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on a felony charge, a drug charge, *and/or* a weapon charge

☐     On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on only a misdemeanor or lesser charge(s) *not* involving drugs or weapons

**NOTE:** The number of times you were admitted to Cook County Jail does NOT affect the amount of your potential payment.

I declare under penalty of perjury under the laws of the United States that the information provided on this form is true and correct.

Signature:          Date:

**QUESTIONS? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com**
*Una version en espanol esta disponible ? Preguntas?* **Call 1-877-314-6057 (sin costo) or 1-312-224-4658 (non sin costo)**



# EXHIBIT 2

TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS PARA EL DISTRITO NORTE DE ILLINOIS

**SI USTED FUE SOMETIDO A UN REGISTRO SIN ROPA DURANTE SU INGRESO A LA CÁRCEL DEL CONDADO DE COOK ENTRE EL 30 DE ENERO DE 2004 Y EL 30 DE MARZO DE 2009,**
**TAL VEZ TENGA DERECHO A RECIBIR DINERO.**

*Un tribunal federal autorizó este aviso. No se trata de la solicitud de un abogado.*
*No se está iniciando un juicio en su contra.*
*A federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

- Este aviso tiene por objeto notificarlo sobre una propuesta de acuerdo en una demanda colectiva caratulada *Young v. County of Cook et al.*, N.º 06-CV-552. Esta demanda involucra aproximadamente a 300,000 detenidos en espera de juicio que fueron registrados sin ropa en el momento de su ingreso a la Cárcel del Condado de Cook entre el 30 de enero de 2004 y el 30 de marzo de 2009. Los Demandados son el Condado de Cook("Condado") y la Oficina del Alguacil del Condado de Cook ("Alguacil"). El Condado ha aceptado pagar $55 millones. Los Demandados también acordaron cederle al Grupo el derecho a interponer demandas para recibir posibles sumas adicionales de dinero de sus aseguradoras.

- Todas las personas que presenten reclamaciones válidas tienen derecho a una parte del pago de los $55 millones, así como a una parte de cualquier dinero recuperado de las aseguradoras. Debido a que el litigio con las aseguradoras llevará tiempo, habrá un pago inicial de $55 millones a los miembros del grupo y luego una segunda repartición si el Grupo recupera dinero adicional de las aseguradoras. Se espera que cada reclamante reciba un pago inicial de $500 a $1,000 del fondo de $55 millones. La cantidad que cada uno de los miembros del grupo reciba de los $55 millones puede ser superior o inferior al pago esperado, dependiendo de la cantidad de personas que presenten Formularios de reclamación válidos.

- **A fin de poder calificar para el pago inicial y el segundo pago, usted <u>debe</u> llenar y enviar por correo el Formulario de reclamación adjunto con fecha de franqueo postal anterior al 27 de enero de 2011.** Envíe por correo el Formulario de reclamación a:

      Cook County Strip Search Settlement
      c/o Rust Consulting, Inc.
      P.O. Box 24660
      West Palm Beach, FL 33416

| QUÉ PUEDE HACER | QUÉ SIGNIFICA | PLAZO LÍMITE |
|---|---|---|
| Presentar un Formulario de reclamación | Esta es la <u>única</u> forma de obtener el pago inicial del fondo de $55 millones o el segundo pago en caso de que el Grupo recupere más dinero de las aseguradoras. | Franqueo postal anterior al: 27 de enero de 2011 (inclusive) |
| Excluirse | No recibe ningún pago. Esta es la única opción que le permite ser parte en alguna otra demanda contra los Demandados con respecto a las mismas reclamaciones de este caso. | Debe recibirse a más tardar el: 27 de enero de 2011 |
| Objetar | Continuar siendo miembro del grupo, pero escribir al Tribunal explicando por qué no le agrada el Acuerdo. | Debe recibirse a más tardar el: 27 de enero de 2011 |
| Asistir a una audiencia | Pedir la palabra ante el Tribunal con respecto a la imparcialidad del Acuerdo. | Debe recibirse a más tardar el: 27 de enero de 2011 |
| No hacer nada | No recibe ningún pago. Renuncia a su derecho a demandar a los Demandados por las mismas reclamaciones de este caso. | |

Sus derechos y recursos legales **y los plazos para ejercerlos,** se explican a continuación. Sus derechos legales se verán afectados, independientemente de que actúe o no. Lea atentamente este aviso.

¿Preguntas? Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita)
o visite www.cookcountystripsearch.com
Se adjunta este Aviso en idioma inglés y un Formulario de reclamación tanto en español como en inglés.
For more information, please call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com          1

El Tribunal a cargo de este caso todavía debe decidir si aprueba o no el Acuerdo. Los pagos se realizarán si el Tribunal aprueba el Acuerdo y una vez que se resuelvan todas las apelaciones. Tenga la amabilidad de tener paciencia.

## PREGUNTAS FRECUENTES

### 1.   ¿Por qué recibí este paquete de aviso?

Los registros de la Cárcel del Condado de Cook reflejan que usted fue admitido en dicha cárcel como un nuevo detenido en espera de juicio entre el 30 de enero de 2004 y el 30 de marzo de 2009.

El Tribunal le envió este aviso porque usted tiene derecho a conocer la propuesta de acuerdo de la demanda colectiva y lo concerniente a todas sus opciones, antes de que el Tribunal decida si aprueba o no el Acuerdo. Si el Tribunal lo aprueba, y una vez que se resuelvan las objeciones y apelaciones, un administrador designado por el Tribunal realizará los pagos autorizados por el Acuerdo. Este paquete explica la demanda, el acuerdo, sus derechos legales, los beneficios que tiene a su disposición, quiénes califican para obtenerlos y cómo pueden obtenerse.

El Tribunal a cargo del caso es el Tribunal de Distrito de los Estados Unidos para el Distrito Norte de Illinois y el caso se conoce como *Young v. County of Cook et al.*, Caso n.º 06-CV-552. Las personas que demandan se denominan Demandantes, y la entidades demandadas (el Condado de Cook y la Oficina del Alguacil del Condado de Cook) se denominan Demandados.

### 2.   ¿De qué se trata esta demanda?

Esta es una demanda "colectiva". En una demanda colectiva, una o más personas denominadas "Representantes del Grupo" demandan por su propio beneficio, así como también en nombre de un grupo de personas que tienen reclamaciones similares. Todas estas personas se denominan "Grupo" o "miembros del grupo". Un tribunal resuelve las cuestiones de todos los miembros del grupo, excepto los de las personas que se excluyan de la demanda.

**Existen dos Grupos en esta demanda:**

Grupo I:   Todos los hombres que fueron sometidos a un registro sin ropa y/o a un registro visual de cavidades del cuerpo como nuevos como nuevos detenidos en la Cárcel del Condado de Cook entre el 30 de enero de 2004 y el 30 de Marzo de 2009; *y/o*

Grupo II:   Todas las personas (hombres y mujeres) acusadas exclusivamente por un delito menor o un acto ilícito menor que no esté relacionado con drogas o armas, que hayan sido sometidas a un registro sin ropa y/o a un registro visual de cavidades del cuerpo como nuevos detenidos de la Cárcel del Condado de Cook entre el 30 de enero de 2004 y el 30 de marzo de 2009.

Se tomaron decisiones a favor del Grupo I y Grupo II con respecto al tema de la responsabilidad. En febrero de 2009, el Tribunal dictó una sentencia sumaria a favor de todos los miembros del Grupo II y aquellos miembros del Grupo I que ingresaron a la cárcel antes de febrero de 2007, llegando a la conclusión de que el Alguacil había violado los derechos de los miembros de este grupo. Tiempo después, el Tribunal llevó a cabo un juicio relacionado con las reclamaciones de los miembros del Grupo I que ingresaron a la cárcel entre febrero de 2007 y el 30 de marzo de 2009. El 13 de agosto de 2009, el jurado dictaminó que el Alguacil había violado los derechos constitucionales de estos miembros adicionales del grupo. Ninguno de los fallos determinó los daños y perjuicios ocasionados al grupo. Ambos fallos están sujetos a la revocación en la apelación.

Con posterioridad a las determinaciones de responsabilidad, el Tribunal rechazó el pedido de los Demandantes de emprender acciones legales por daños colectivos. Esto significa que los daños y perjuicios deben decidirse en cada caso en particular para cada persona del Grupo. Tiempo después, las partes estuvieron involucradas en una serie limitada de juicios por daños y perjuicios individuales ante tres jurados diferentes. Las indemnizaciones por daños y perjuicios otorgadas en los fallos de los juicios individuales por daños y perjuicios no reducirán los fondos del acuerdo.

Usted puede revisar y obtener una copia en persona de todos los documentos del caso en la oficina del Secretario del Tribunal de Distrito de los Estados Unidos para el Distrito Norte de Illinois (Clerk of the United States District Court for the Northern District of Illinois), 219 S. Dearborn St., Chicago, IL 60604.

### 3.   ¿Por qué existe un acuerdo?

El Tribunal no decidió el monto de dinero que cada miembro del grupo debe recibir en esta demanda en caso que corresponda y, de hecho, sostuvo que no puede determinar dicha indemnización por daños y perjuicios para todo el grupo. Como resultado de todas las etapas del litigio, y la posibilidad de que mociones y apelaciones que todavía faltan, ambas partes han llegado a un acuerdo. A través del Acuerdo, las personas afectadas recibirán una indemnización sin el riesgo de otros

¿Preguntas? Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita)
o visite www.cookcountystripsearch.com
Se adjunta este Aviso en idioma inglés y un Formulario de reclamación tanto en español como en inglés.
For more information, please call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com                    2

litigios. Los Representantes del Grupo y los abogados opinan que el Acuerdo obra en el mejor interés de los Grupos. Este Acuerdo está sujeto a la Audiencia de Imparcialidad descrita en la pregunta 16.

## 4. ¿Cómo sé si formo parte de este Acuerdo?

Usted es un miembro del grupo si encaja en uno o en los dos grupos que se detallan a continuación:

(a) Todos los hombres que fueron sometidos a un registro sin ropa y/o a un registro visual de cavidades del cuerpo como nuevos detenidos durante el proceso de admisión inicial en la Cárcel del Condado de Cook entre el 30 de enero de 2004 y el 30 de Marzo de 2009;*y/o*

(b) Todas las personas (hombres y mujeres) acusadas exclusivamente por un delito menor o un acto ilícito menor que no esté relacionado con drogas o armas, que hayan sido sometidas a un registro sin ropa y/o a un registro visual de cavidades del cuerpo como nuevos detenidos durante el proceso de admisión inicial en la Cárcel del Condado de Cook entre el 30 de enero de 2004 y el 30 de marzo de 2009.

A fin de poder calificar para recibir un pago, usted tuvo que haber sido admitido en la cárcel del Condado de Cook como un detenido en espera de juicio, antes de que existiese un fallo con respecto al delito que se le imputaba. Para obtener una definición de los delitos que guardan relación con armas o drogas que están excluidos del Grupo II, consulte el párrafo 35 del Acuerdo de Conciliación o llame al Administrador de Reclamaciones al 1-877-314-6057. También puede encontrar más información en www.cookcountystripsearch.com.

## 5. ¿Qué debo hacer si todavía no estoy seguro de ser o no un miembro del grupo?

Si todavía no está seguro de ser o no un miembro del grupo, llame al 1-877-314-6057, visite www.cookcountystripsearch.com o escriba a Cook County Strip Search Settlement, c/o Rust Consulting, Inc.,P.O. Box 24660, West Palm Beach, FL33416. Si escribe, incluya su nombre, sexo, fecha de nacimiento y dirección. El Administrador lo ayudará a saber bajo qué cargos fue admitido y si es o no un miembro del grupo.

## 6. ¿Qué es lo que se ofrece en el Acuerdo?

El Acuerdo establece la creación de un Fondo del Acuerdo de $55 millones que serán pagados en efectivo y distribuidos entre los miembros del grupo. El acuerdo también establece la cesión de ciertas reclamaciones que los Demandados puedan tener contra sus aseguradoras. Los Abogados del Grupo procederán con las reclamaciones cedidas en nombre del Grupo a través de todas las etapas del litigio, lo cual comprende las apelaciones si es necesario. Los miembros del grupo recibirán pagos del fondo de $55 millones, así como también de cualquier dinero recuperado a través de la demanda contra las aseguradoras por las reclamaciones cedidas.

## 7. ¿De qué se trata la demanda contra las aseguradoras?

Las aseguradoras de los Demandados se negaron a brindar cobertura de más de $10 millones para este caso. Cuando una aseguradora se niega a pagar un seguro que se adeuda según sus pólizas de seguro, la ley le otorga al asegurado el derecho de iniciar acciones legales contra la aseguradora por los daños y perjuicios provocados por la conducta de la aseguradora, así como también por otros daños, como por ejemplo daños punitivos conforme a ciertas circunstancias. Los Demandados acordaron cederle al grupo todas sus reclamaciones contra las aseguradoras como parte del Acuerdo.

Los Abogados del Grupo manejarán el litigio contra las aseguradoras en nombre del Grupo.

## 8. ¿Cuánto dinero recibiré del Acuerdo?

Las personas que presenten sus reclamaciones en tiempo y forma tendrán derecho a recibir pagos del fondo de $55 millones y de cualquier dinero adicional recuperado de las aseguradoras por las reclamaciones cedidas. Dado que el litigio contra las aseguradoras llevará tiempo, los miembros del grupo recibirán un pago inicial del fondo de $55 millones. Si se recupera dinero de las aseguradoras por medio de un acuerdo o fallo, ese dinero se distribuirá entre los miembros del grupo a través de un segundo pago.

### *Pagos del fondo de $55 millones*

¿Preguntas? Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita)
o visite www.cookcountystripsearch.com
Se adjunta este Aviso en idioma inglés y un Formulario de reclamación tanto en español como en inglés.
For more information, please call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com    3

Su parte del fondo de $55 millones dependerá de la validez de su Formulario de reclamación, la cantidad de Formularios de reclamación válidos que envíen todos los miembros del Grupo, y de los Grupos o Grupo al cual pertenezca. A continuación se explica cómo funciona esto en general:

- Los hombres que encajan en las definiciones del Grupo I y del Grupo II califican para recibir un pago esperado de $1,000;
- Los hombres que sólo encajan en la definición del Grupo I califican para recibir un pago esperado de $700;
- Las mujeres que encajan en la definición del Grupo II califican para recibir un pago esperado de $500;

(Los hombres que sean miembros del Grupo II son automáticamente miembros del Grupo I. Es decir, ningún hombre es miembro sólo del Grupo II). Si presentan reclamaciones menos reclamantes de lo esperado, entonces es posible que el pago real para estos sea más alto. En ese caso, el Condado tiene derecho a un reembolso de hasta $5 millones, y todo el dinero sobrante se pagará a los reclamantes como un adicional del pago esperado. Si presentan reclamaciones más miembros del grupo de lo que se esperaba, entonces los pagos reales del fondo de $55 millones serán menores a los pagos esperados, y el Condado no recibirá reembolso alguno.

Los hombres que encajan en la definición del Grupo II recibirán un monto de pago diferente al pago que recibirán las mujeres que encajan en la definición del Grupo II, porque estos lograron interponer con éxito un nuevo recurso de impugnación de los registros sin ropa del grupo llevados a cabo en la cárcel en base a la Cláusula de Protección Igualitaria, mientras que las mujeres del Grupo II no realizaron una reclamación similar.

Los miembros del grupo que ingresaron a la cárcel en múltiples ocasiones durante el período del grupo califican para recibir el pago más alto que les corresponde basándose en cualquiera de esas admisiones, pero recibirán solamente un pago.

### *Pagos de las aseguradoras por las reclamaciones cedidas*

Los Representantes del Grupo intentarán recolectar dinero adicional de las aseguradoras por las reclamaciones cedidas. Las personas que presenten un Formulario de reclamación válido para recibir un pago del fondo de $55 millones recibirán automáticamente una parte proporcional de cualquier suma de dinero que el grupo recupere de las aseguradoras. Usted debe presentar un Formulario de reclamación válido para calificar para el pago del fondo de $55 millones y de cualquier dinero adicional que el grupo pueda recuperar de las aseguradoras.

Los Representantes del Grupo no saben cuánto dinero, si lo hubiere, se recuperará de las aseguradoras. Es posible que no exista dinero adicional. Hasta que no termine la demanda contra las aseguradoras, es imposible saber cuánto dinero adicional se pagará al Grupo, o si habrá verdaderamente un pago adicional. Lo que sí es seguro es que las personas que presenten un Formulario de reclamación válido para el pago del fondo de $55 millones califican para un segundo pago siempre y cuando haya un resarcimiento por parte de las aseguradoras.

El Acuerdo de Conciliación explica más detalladamente cómo se calcularán los pagos. Para obtener una copia, visite www.cookcountystripsearch.com o llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita) y pida una copia.

### 9.    ¿Cómo solicito mi pago?

**Para recibir un pago, DEBE enviar por correo un Formulario de reclamación completo y firmado, con fecha de franqueo postal anterior al 27 de enero de 2011**. Se adjunta un Formulario de reclamación a este Aviso, y debe enviarlo por correo en su propio sobre a Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416. También puede obtener un Formulario de reclamación en www.cookcountystripsearch.com, llamando al 1-877-314-6057 o escribiendo a la dirección indicada anteriormente. No se enviará ningún pago hasta que el Tribunal apruebe el Acuerdo. Aun así, pueden surgir apelaciones relacionadas con el Acuerdo en cualquier momento. Siempre hay una incertidumbre con respecto a cuántas apelaciones puedan resolverse y cuánto demorará en concretarse el Acuerdo. **Tenga la amabilidad de tener paciencia.**

### 10.   ¿Necesito presentar algún registro que demuestre que soy un miembro del grupo?

Debe completar el Formulario de reclamación para calificar para el pago, pero no necesita presentar ningún documento adicional en este momento. Sin embargo, presentará un Formulario de reclamación que le exige certificar, bajo pena de perjurio en virtud de la ley federal y estatal, que la información que suministró es verdadera y correcta. Los Demandados le facilitaron al Administrador de Reclamaciones una lista de aproximadamente 300,000 personas que pueden ser miembros del grupo. Si presenta una reclamación que contradiga la información que aparece en la lista, el Administrador de Reclamaciones le enviará un Aviso y le dará la oportunidad de presentar los documentos que sirvan para verificar su reclamación.

¿Preguntas? Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita)
o visite www.cookcountystripsearch.com.
Se adjunta este Aviso en idioma inglés y un Formulario de reclamación tanto en español como en inglés.
For more information, please call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com                    4

**11.    ¿Tengo un abogado en este caso? ¿Cómo se les pagará a los abogados?**

No necesita contratar a un abogado.  El Tribunal designó a Loevy & Loevy, Attorneys at Law, 312 N. May Street, Chicago, IL 60607, para desempeñarse como Abogados del Grupo en este caso.  La firma ha representado al Grupo a lo largo de todas las etapas de este caso, lo cual comprende el juicio y las apelaciones.  La firma seguirá representando al Grupo en la administración del Acuerdo y en el litigio relacionado con las reclamaciones cedidas.  No necesita pagar honorarios por los servicios de los Abogados del Grupo.  Si quiere que su propio abogado lo represente, debe excluirse del acuerdo y contratar a un abogado, por su propia cuenta y gasto.

Los Abogados del Grupo le pedirán al Tribunal que apruebe el reembolso de los gastos varios en los que hayan incurrido durante el proceso de las reclamaciones del Grupo, así como honorarios de hasta 1/3 del Fondo del Acuerdo y de cualquier suma de dinero recuperada por las reclamaciones cedidas.  Estos honorarios compensarán a los Abogados del Grupo por investigar los hechos, litigar el caso, representar al grupo en el juicio, manejar las apelaciones, negociar el Acuerdo y emprender acciones en relación con las reclamaciones cedidas contra las aseguradoras.  El Tribunal puede conceder un monto menor del que pretenden los Abogados del Grupo.  Los Representantes del Grupo también le pedirán al Tribunal que decrete el pago de una adjudicación de incentivo para cada uno que no supere los $25,000 por representar al Grupo.  Los Abogados del Grupo le pedirán al Tribunal que apruebe una adjudicación de incentivo de $10,000 para cada miembro del grupo que no sea un Representante del Grupo pero que haya testificado en el juicio ante jurado de este caso en agosto de 2009.  Los Demandantes no objetan estos montos por el trabajo realizado por los Abogados del Grupo y los Representantes del Grupo durante los últimos cuatro años en nombre del Grupo.

El Tribunal también designó un administrador que se encarga de enviar avisos al Grupo, proporcionar avisos publicados y procesar y gestionar el pago de las reclamaciones realizadas por los miembros del grupo.  Los costos derivados del administrador de reclamaciones se pagarán con dinero del fondo.

**12.    Si participo en este Acuerdo, ¿cómo afecta eso mis derechos legales?**

A menos que usted se excluya del Acuerdo, no puede demandar a los Demandados, seguir con la demanda ni ser parte de ninguna otra demanda contra los Demandados (el Condado de Cook o el Alguacil del Condado de Cook) relacionada con los registros sin ropa realizados durante el proceso de admisión inicial en la Cárcel del Condado de Cook entre el 30 de enero de 2004 y el 30 de marzo de 2009 que son materia de esta demanda.  A menos que se excluya, esto también significa que todas las decisiones del Tribunal serán vinculantes para usted.

Al ser parte de este Acuerdo, *no* renuncia a sus derechos para demandar a los Demandados por otras reclamaciones que no sean aquellas relacionadas con los registros sin ropa de la admisión comprendidos en *este*  Acuerdo.

**13.    ¿Tendré que pagar impuestos sobre mi pago?**

Es posible que tenga que pagar impuestos sobre sus ingresos provenientes del acuerdo.  Si el monto del pago del acuerdo es $600 o más, debe brindar el número de seguro social o I-TIN en su Formulario de reclamación y el Administrador de Reclamaciones le entregará un formulario 1099 del IRS detallando el monto del pago del acuerdo.   Si su pago del acuerdo es $600 o más y no proporciona un número de seguro social o I-TIN válido, se retendrá un 28% de su pago, el cual se abonará a las autoridades impositivas federales. Quizás pueda reclamar un reembolso cuando presente su declaración de impuestos, dependiendo de sus circunstancias particulares.

**14.    ¿Me convendría excluirme del Acuerdo? ¿Cómo me excluyo?**

Si usted no quiere recibir dinero del Acuerdo y quiere conservar el derecho para demandar o continuar la demanda contra los Demandados por su cuenta en relación con los registros sin ropa en el momento de la admisión comprendidos en este caso, debe seguir ciertos pasos para excluirse del caso.  En ocasiones se hace referencia a ello como "optar por la exclusión" del grupo.  Para excluirse, debe enviar una carta que incluya lo siguiente: (a) su nombre, fecha de nacimiento, dirección y número de teléfono (si lo tuviera); (b) una declaración en la que exprese que no desea ser parte del caso Young v. Cook County Settlement; y (c) su firma.  Debe enviar por correo su pedido de exclusión a Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416, y el Administrador de Reclamaciones lo debe recibir a más tardar el **27 de enero de 2011**.  No recibirá ningún pago del Fondo del Acuerdo si se excluye.

**15.    ¿Cómo puedo informar al Tribunal que no me agrada el Acuerdo?**

Si desea seguir siendo miembro del grupo, pero no le agrada el Acuerdo, puede comunicarle al Tribunal por qué cree que el Acuerdo no debe aprobarse.  Para objetar, debe enviar una carta que incluya lo siguiente: (a) su nombre, fecha de nacimiento, dirección y número de teléfono (si lo tuviera); (b) una declaración en la que exprese que objeta el Acuerdo en *Young v. Cook County et al.,* N.º

¿Preguntas? Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita)
o visite www.cookcountystripsearch.com
Se adjunta este Aviso en idioma inglés y un Formulario de reclamación tanto en español como en inglés.
For more information, please call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com    5

06 CV 552; (c) los motivos de su objeción; (d) si desea hablar durante la Audiencia de Imparcialidad (*vea* la Pregunta 16); y (e) su firma. Debe enviar su objeción por correo, de manera que el Tribunal y el Administrador de Reclamaciones la <u>reciban</u> a más tardar el **27 de enero de 2011**, a (1) Clerk of Court, United States District Court, Northern District of Illinois, 219 South Dearborn, Chicago, IL 60604; y (2) Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

No puede excluirse y objetar a la vez. Si usted presenta una objeción y el Tribunal falla en contra de su objeción, no podrá iniciar ni continuar otra demanda por ninguna de las reclamaciones relacionadas con los registros sin ropa comprendidos en esta demanda.

## 16.    ¿Cuándo y dónde decidirá el Tribunal si aprueba o no el Acuerdo?

El Tribunal llevará a cabo una Audiencia de Imparcialidad para decidir si aprueba o no el Acuerdo el **1 de marzo de 2011** a **las 9:30 a. m.** ante el juez Matthew Kennelly en el Tribunal de Distrito de los Estados Unidos para el Distrito Norte de Illinois, 219 South Dearborn, Courtroom 2103, Chicago, IL 60604. No es necesario que asista a la audiencia. Si desea hablar en la audiencia, debe solicitar hacerlo cuando presente una objeción (*vea la* Pregunta 15). Las personas encarceladas no tienen derecho a ser llevadas desde la cárcel o prisión para asistir a la audiencia. El Tribunal considerará todas las objeciones realizadas por escrito.

En esta audiencia, el Tribunal considerará si el Acuerdo es justo, razonable y adecuado. El Tribunal también considerará el monto que se pagará a los Abogados y a los Representantes del Grupo. Si hay objeciones, el Tribunal las analizará en ese momento. Después de esta audiencia, el Tribunal decidirá si aprueba o no el Acuerdo. No sabemos cuánto tiempo tomará esta decisión.

## 17.    ¿Qué sucede si no hago nada en absoluto?

Si usted no hace nada, no recibirá pago alguno y todas y cada una de las decisiones que tome el Tribunal en este caso serán vinculantes para usted. Vea también la respuesta a la pregunta 12.

## 18.    ¿Cómo puedo obtener más información?

Puede llamar al 1-877-314-6057; enviar un correo electrónico a info@cookcountystripsearch.com; escribir a Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416; o visitar www.cookcountystripsearch.com, donde encontrará copias de los documentos del Acuerdo, Formularios de reclamación, la petición de honorarios de los abogados y respuestas a preguntas comunes. Puede obtener información detallada acerca del caso analizando el expediente judicial que se encuentra en la dirección ya indicada en la Pregunta 2. Si desea hablar con los Abogados del Grupo, puede comunicarse con Michael Kanovitz o Roshna Keen de Loevy & Loevy llamando al 1-877-722-2928 o enviar un correo electrónico a stripsearch@loevy.com.

Los Abogados del Grupo estarán a su disposición en la sala de reuniones del 8.º piso (8th Floor Meeting Room) de la biblioteca Harold Washington Library, 400 South State Street, Chicago, IL 60605, en la siguientes fechas y horarios para contestar cualquier pregunta sobre el Acuerdo y brindar asistencia a los miembros del grupo relacionada con la manera de completar un Formulario de reclamación:

18 de diciembre de 2010 de 10:30 a. m. a 11:30 a. m.

28 de diciembre de 2010 de 5:30 p. m. a 6:30 p. m.

5 de enero de 2011 de 5:30 p. m. a 6:30 p. m.

15 de enero de 2011 de 10:30 a. m. a 11:30 a. m.

Los miembros del grupo pueden asistir a cualquiera de estas sesiones, pero la asistencia no es obligatoria. No es necesario hacer una reserva, pero el cupo es limitado.

¿Preguntas? Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita)
o visite www.cookcountystripsearch.com
Se adjunta este Aviso en idioma inglés y un Formulario de reclamación tanto en español como en inglés.
For more information, please call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com          6

**FORMULARIO DE RECLAMACIÓN POR REGISTROS SIN ROPA DEL CONDADO DE COOK**
*Young v. Cook County et al, 06 CV 552 (N.D.Ill.)*

| | | |
|---|---|---|
| **Debe tener fecha de franqueo postal anterior al 27 de enero de 2011** | **Llene, firme y envíe este formulario por correo a más tardar el 27 de enero de 2011 a:**<br>**Cook County Strip Search Settlement**<br>c/o Rust Consulting, Inc.<br>P.O. Box 24660<br>West Palm Beach, FL 33416 | Para uso oficial solamente |

Lea el Aviso adjunto antes de completar este formulario de reclamación. NO es necesario que le pague a nadie para que lo ayude. El Administrador determinará si tiene o no derecho a recibir dinero en este caso.

<u>**INFORMACIÓN DEL MIEMBRO DEL GRUPO:**</u>

Apellido del Miembro del grupo:  Nombre:  Inicial del segundo nombre (si lo tuviera)

Dirección postal del Miembro del grupo:

Ciudad  Estado  Código Postal  Sexo(M/F) **(obligatorio)**

Número de Seguro Social o I-TIN  Fecha de nacimiento (Mes/Día/Año)  Teléfono del Miembro del

(si lo tuviera):  **(obligatorio)**:  grupo (opcional):

**Nota :** Si no proporciona un número de seguro social o I-TIN válido, se retendrá un 28% de su pago, el cual se abonará a las autoridades impositivas federales. Usted puede solicitar un reembolso al presentar su declaración de impuestos.

Cualquier otro(s) nombre(s) o sobrenombre(s) que utilice.  N.° de IR (no es obligatorio)

<u>**Si se aprueba su formulario de reclamación, indique cómo debemos manejar su cheque (que se espera para *después de* abril de 2011):**</u>

☐  Envíe el cheque por correo a la dirección de arriba  **O BIEN**
☐  Envíe por correo el cheque a la otra dirección que se detalla a continuación:

Dirección:

Ciudad  Estado  Código Postal

<u>MARQUE LA CASILLA QUE LE CORRESPONDE:</u>

☐  Entre el 30 de enero de 2004 y el 30 de marzo de 2009, fui ingresado por lo menos en una ocasión como detenido en espera de juicio en la Cárcel del Condado de Cook debido a un cargo por un delito mayor, drogas *y/o* armas

☐  Entre el 30 de enero de 2004 y el 30 de marzo de 2009, fui ingresado por lo menos en una ocasión como detenido en espera de juicio en la Cárcel del Condado de Cook exclusivamente debido a un cargo por un delito menor o uno o varios cargos menores *no* relacionados con drogas ni armas

Si una de las casillas anteriores ya está marcada, eso significa que nuestros registros indican que usted puede tener derecho a recibir un pago bajo esa categoría.

Si usted <u>no está de acuerdo</u> con nuestros registros, marque esta casilla ☐, y nos pondremos en contacto con usted para solicitarle más información.

**NOTA:** La cantidad de veces que estuvo en la Cárcel del Condado de Cook NO afecta el monto de su pago potencial.

Declaro bajo pena de perjurio, de acuerdo con las leyes de los Estados Unidos, que la información que aparece en este formulario es verdadera y correcta.

Firma:  Fecha:

**¿PREGUNTAS?** Llame al 1-877-314-6057 (línea gratuita) o 1-312-224-4658 (línea no gratuita) o visite www.cookcountystripsearch.com
*A version in English is available. Questions?* **Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)**



# EXHIBIT 3

Ad Number: CST3599341
Client Name:
Insertion Number: Advertiser: YOUNG VS COOK COUNTY
Size: 5.056 X 10 Section/Page/Zone: MAIN/014/
Color Type: B&W Description: YOUNG VS COOK COUNTY

**CHICAGO SUN-TIMES**

**Publication Date: 12/15/2010**

This E-Sheet(r) is provided as conclusive evidence that the ad appeared in the Chicago Sun-Times on the date & page indicated. You may not create derivative works, or in any way exploit or repurpose any content.

# NEIL STEINBERG

nsteinberg@suntimes.com



# Santa has all those elves to help him

## A boy's Christmas letter poses the tough question: which book?

If you could give a child you never met a book, what book would you give?

It matters, I suppose, that the child is a boy, 8 years old, as he mentions — no doubt under instructions — in his letter to Santa.

"Dear Santa," he begins. "My name is" — I suppose I should shield the name — "I go to Mayo School. I am a 8-year-old boy. I will love to have a book, a teddy bear, and I will love to have a bookbag for Christmas. Thanks Santa."

Usually I dodge the do-goody Christmas stuff. But this year someone asked me directly to help with the Sun-Times Season of Sharing, which answers children's letters to Santa. The "No" caught in my throat. So I got a letter asking, not for a mitt or a puzzle or something easy, but a book, which stuck me with the metaphysical question, "which book?"

My first impulse was *Harry Potter and the Sorcerer's Stone.* All the kids love Harry Potter, and it would make a satisfying tome for this lad to heft on Christmas morning.

But an 8-year-old — that's young. Harry Potter might be a little dark.

The cover letter explains that the letters are from the Wabash YMCA Child Care Program, that 95 percent of the children live in poverty, and many are in single-parent homes or being raised by grandparents.

In that light, the message of the first Harry Potter book — do nothing and a world of wonder will show up unexpectedly and pluck you out of your dire circumstances — may not be the most helpful advice to give a child perhaps facing a steeper climb up life's hill than most.

Which made me think of *Charlotte's Web,* the E.B. White classic about a naive pig, Wilbur, who avoids a date with the chopping block due to the caring, effort and cleverness of his friends, first a little girl named Fern, and then a grey spider named Charlotte.

In addition to the story, there is the farm itself, which may be a revelation to a city kid. Fern washes with a bucket and a sponge.

"The barn was very large," writes White, who knew his way around a farm. "It was very old. It smelled of hay and it smelled of manure. It smelled of the perspiration of tired horses and the wonderful sweet breath of patient cows. It often had a sort of peaceful smell — as



**Hope he likes it.**

though nothing bad could happen ever again in the world. It smelled of grain and of harness dressing and of axle grease and of rubber boots and of new rope."

Wilbur is teased ("Pigs mean less than nothing to me," sniffs a lamb) but stands up for himself. The book offers a variety of evergreen messages, from "People are very gullible" to "Summertime cannot last forever."

I stopped by the Book Bin to buy the boy a copy, and was presented with one of those gut check choices that discourage me from doing this kind of thing: paperback or hardback? The paper was $6.99, the hardback $10 more.

"Kids don't really care about the tactile quality of books, do they?" I wondered aloud, eyeing the paperback, tempted to save 10 bucks. But what kind of gift is a paperback?

"Do unto others . . ." I said, buying the hardback. If you're going to pass a book down the generations, it needs to be sturdy.

The teddy bear was easier — big, soft and with a beige scarf that says "Bear."

I pictured a "bookbag" as a squarish affair with a flap, but my wife said what the boy means is a backpack, and we found one that was sort of an urban camouflage that would appeal to the budding survivalist in every boy.

By that time I was having second thoughts about *Charlotte's Web,* just looking at the cover, with a placid-faced Fern holding Wilbur. It's a book about a girl. I bought this poor boy a book about a girl. Though I comforted myself that, at 8, the whole anti-girl thing hasn't kicked in too strongly, and if he reads the opening sentence — "'Where's Papa going with that ax?' said Fern to her mother as they were setting the table for breakfast." — he'll be hooked.

My wife dug into the mass of books left from our boys' single girlhood: Spiderman, *Freckle Juice* by Judy Blume, the *On the Run* series. Sweetening the pot, just in case.

The cliche is that helping others benefits the giver, and I can vouch for that. I have no idea whether this lad at Mayo School will take to *Charlotte's Web,* but my Monday was embroidered by re-reading the book for the first time in a decade. Maybe he'll find comfort in it too and, if not, there's always the teddy bear.

## HOW TO HELP

**SEASON of SHARING**
For Chicago's Needy Children

If you want to help a child, you may donate to the Season of Sharing campaign. To contribute, go to *suntimes.com/santa* or send a check or money order made out to Chicago Sun-Times Charity Trust to: Sun-Times Season of Sharing; P.O. Box 3596; Chicago, IL 60654

Legal Notice | Legal Notice

## If You Were Strip-Searched During Admission into the Cook County Jail Between January 30, 2004 and March 30, 2009, You May Be Entitled to Money.

A Settlement has been proposed in a class action lawsuit regarding strip searches that were conducted on pre-trial detainees during the initial admission to Cook County Jail. The lawsuit brought several claims under the United States Constitution to challenge the Jail's blanket strip search policy. As a result of the proposed settlement, Cook County and the Office of the Sheriff of Cook County have agreed to pay $55 million to pay the claims of approximately 300,000 Class Members and to pay the costs of class notice and settlement administration, attorneys' fees and costs, and incentive awards to the Plaintiff Class Representatives. In addition, the Defendants have given the Plaintiffs the right to pursue additional money from the County's insurance companies.

The United States District Court for the Northern District of Illinois authorized this Notice. The Court will have a hearing to decide whether to approve the settlement, so that the benefits may be paid.

### Who is included?

You are a Class Member and are eligible to get money if you were:

(1) A male who was subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail on or after January 30, 2004 (**"Class I"**); and/or

(2) A person (male or female) charged with a misdemeanor or lesser offense not involving drugs or weapons who was subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail on or after January 30, 2004 (**"Class II"**).

### What does the Settlement provide?

The Settlement would entitle men who are members of Classes I and II to receive an estimated payment of $1,000. Men who are members of only Class I would receive an estimated payment of $700. (Men who are members of Class II are automatically members of Class I. In other words, no man is a member of Class II only.) Women who are members of Class II would receive an estimated payment of $500. These amounts could be higher or lower, depending on how many Class Members submit valid Claim Forms. The payment amount is the same regardless of the number of times you were searched.

Additional money may be available from Cook County's insurance policies for this case. If so, that money would be paid out later, in a second check.

### How do I get money from the Settlement?

You must fill out and mail a Claim Form postmarked by January 27, 2011 to be eligible for any payment. To get a Claim Form, go to www.cookcountystripsearch.com or call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free). You can also write to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

### What are my legal rights?

If you fall into the definition of either Class I or Class II, your rights are affected, whether you act or don't act. Your available options are described further below.

**Remain in the Settlement** and file a Claim Form for money. In order to get a payment, you must submit a Claim Form **postmarked by January 27, 2011.** If you file a claim for payment, you will give up the right to sue Defendants regarding the strip search of pre-trial detainees during the initial admission process into Cook County Jail between January 30, 2004 and March 30, 2009. You also have the right to appear before the Court and object to or comment on the proposed Settlement. You give up your right to sue and are bound by Court orders in this case even if your objection or comment is rejected. Written objections and comments **must be received by January 27, 2011.**

**Exclude Yourself.** If you don't want to give up your right to sue or if you don't want to be part of this case, you must mail a letter to the claims administrator requesting to be excluded, and that letter **must be received by January 27, 2011.**

**Do nothing.** If you don't do anything, you will get no money, and you will give up your right to sue for the claims being settled in this case.

The Court will determine whether to approve the Settlement and attorneys' fees and expenses at a Fairness Hearing on **March 1, 2011, at 9:30 a.m.** at the United States District Court for the Northern District of Illinois, 219 South Dearborn, Courtroom 2103, Chicago, Illinois 60604. The Court has appointed Class Counsel to represent everyone entitled to file a claim. Class Counsel is Michael Kanovitz at Loevy & Loevy, 312 N. May Street, Chicago, Illinois 60607, tel 1-877-722-2928.

### FOR MORE INFORMATION: CALL (TOLL-FREE) 1-877-314-6057 OR (NON-TOLL-FREE) 1-312-224-4658 OR VISIT WWW.COOKCOUNTYSTRIPSEARCH.COM

PARA RECIBIR MAS INFORMACION, LLAME A LA LINEA GRATUITA AL 1-877-314-6057 (SIN COSTO) O 1-312-224-4658 (NON SIN COSTO) O VISITE EL SITIO WEB DEL ACUERDO WWW.COOKCOUNTYSTRIPSEARCH.COM

New Year bring you happiness and peace.



## Community Savings Bank
### Your Personal Neighborhood Bank

4801 West Belmont Avenue • Chicago, Illinois 60641 • 773-685-5300

www.communitysavingsbank.com

FDIC

Legal Notice

## If You Were Strip-Searched During Admission into the Cook County Jail Between January 30, 2004 and March 30, 2009, You May Be Entitled to Money.

A Settlement has been proposed in a class action lawsuit regarding strip searches that were conducted during the admission process at the Cook County Jail. The lawsuit brought several claims under the United States Constitution to challenge the Jail's blanket strip search policy. As a result of the proposed settlement, Cook County and the Office of the Sheriff of Cook County have agreed to pay $55 million to pay the claims of approximately 300,000 Class Members and to pay the costs of class notice and settlement administration, attorneys' fees and costs, and incentive awards to the Plaintiff Class Representatives. In addition, the Defendants have given the Plaintiffs the right to pursue additional money from the County's insurance companies.

The United States District Court for the Northern District of Illinois approved this Notice. The Court will have a hearing to decide whether to approve the settlement, so that the benefits may be paid.

### Who is included?

You are a Class Member and are eligible to get money if you were:
(1) A male who was subjected to a strip search and/or a visual body cavity search as a new

detainee at the Cook County Jail on or after January 30, 2004 ("Class I"); and/or
(2) A person (male or female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who was subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail on or after January 30, 2004 ("Class II").

### What does the Settlement provide?

The Settlement would entitle men who are members of Classes I and II to receive as members of the Class I and II to receive an estimated payment of $1,000. Men who are members of only Class I would receive an estimated payment of $700. (Men who are members of Class I are automatically members of Class II.) Women who are members of Class II would receive an estimated payment of $500. These amounts could be higher or lower, depending on how many Class Members submit valid Claim Forms. The payment amount is the same regardless of the number of times you were searched.

### Remain in the Settlement and file a Claim Form

for money. In order to get a payment, you must submit a Claim Form postmarked by January 27, 2011. If you file a Claim Form, you will give up the right to sue Defendants regarding the strip search of your detention at the Cook County Jail between January 30, 2004 and March 30, 2009. You also have the right to appear before the

second check.

### How do I get money from the Settlement?

You must fill out and mail a Claim Form postmarked by January 27, 2011 to be eligible for any payment. To get a Claim Form, go to www.cookcountystripsearch.com or call 1-877-314-6057 (toll-free) or 1-312-224-6658 (non-toll-free). You can also write to Cook County Strip Search Settlement, c/o Rust Consulting, Inc. P.O. Box 24664, West Palm Beach, FL 33416.

### What are my legal rights?

If you fall into the definition of either Class I or Class II, your rights are affected whether you act or do not "act." Your available options are described further below.

Court and object to or comment on the proposed Settlement. You give up your right to sue and get money by Claim Form in this case even if your objection or comment is rejected. Written objections and comments must be received by January 27, 2011.

**Exclude Yourself.** If you don't want to give up your right to sue or if you don't want to be part of this case, you must mail a letter to the claims administrator requesting to be excluded, and that letter must be received by January 27, 2011.

**Do nothing.** If you don't do anything, you will get no money, and you will give up your right to sue the Defendants for this and being settled in this case.

The Court will determine whether to approve the Settlement and attorneys' fees and expenses at a Fairness Hearing on March 1, 2011, at 9:30 a.m. at the United States District Court for the Northern District of Illinois, 219 South Dearborn, Courtroom 2103, Chicago, Illinois 60604. The Court has appointed Class Counsel in this case. Class Counsel is Michael Kanovitz at Loevy & Loevy, 312 N. May Street, Chicago, Illinois 60607, tel 1-877-722-2928.

**FOR MORE INFORMATION, CALL (TOLL-FREE) 1-877-314-6057 OR (NON-TOLL-FREE) 1-312-224-6658 OR VISIT WWW.COOKCOUNTYSTRIPSEARCH.COM**

**PARA RECIBIR MAS INFORMACION, LLAME A LA LINEA GRATUITA AL 1-877-314-6057 (SIN COSTO) O 1-312-224-6658 (NON SIN COSTO) O VISITE EL SITIO WEB DEL ACUERDO WWW.COOKCOUNTYSTRIPSEARCH.COM**

Legal Notice

---

container in which guests can store toiletries, and things they need to access throughout the day.

If your home is small or there's not much extra storage, Destefano recommends buying an ottoman with a storage compartment.

"It's a great place to store the bedding and pillows," she said. "They're available at all different price points."

Try to locate your guest in a spot that allows some privacy, Destefano said. She suggests placing air mat-

it's acceptance to ask guests to put away their bedding or close up a sleeper couch each morning, particularly if they are sleeping in a home office or other room that family members need to use, Barnett said.

"Make a rule that they make their bed or move stuff off the furniture," she said.

If an adult is going to sleep in a child's room, try to clear out toys and clutter, said Hoyt Dotry, president of the South Carolina Bed and

make it feel like a guest room," said Dotry, owner of Walnut Lane Inn in Lyman, S.C. When furnishing a child's room, consider how often it will double as a guest room. If a lot of company is expected, choose a double- or queen-size bed for the room.

"Don't buy bunk beds," Barnett said. "Nobody's grandma wants to be climbing up a ladder to get in somebody's bunk bed."

Regardless of where guests are sleeping, provide them with an alarm clock and night light, added Kevin Sharkey, executive editorial director of decorating for Martha Stewart Living.

Guests also need a place to plug in cell phones and other electronic devices, he said.

Filling a basket with snacks, candy and bottled water is a nice touch, Dotry said. A guest will feel more comfortable taking something from the basket rather than going into the cupboard or refrigerator. Still, it's a good idea to give guests a tour of the kitchen, and let them know what there is to eat and drink, Dotry said.

"Take them to the refrigerator and say, 'This is what I've got. This is all for your use if you get hungry,'" he said.

Don't forget to provide house guests with a key to the front door, Dotry said. Having one makes them feel more comfortable about coming and going as they wish. And it's OK to instruct that they return it.

"Tell them, 'This is so-and-so's key and I need to get it back,'" he said. AP

Legal Notice                                                                    Legal Notice

# If You Were Strip-Searched During Admission into the Cook County Jail Between January 30, 2004 and March 30, 2009,

## You May Be Entitled to Money.

A Settlement has been proposed in a class action lawsuit regarding strip searches that were conducted on pre-trial detainees during the initial admission to Cook County Jail. The lawsuit brought several claims under the United States Constitution to challenge the Jail's blanket strip search policy. As a result of the proposed settlement, Cook County and the Office of the Sheriff of Cook County have agreed to pay $55 million to pay the claims of approximately 300,000 Class Members and to pay the costs of class notice and settlement administration, attorneys' fees and costs, and incentive awards to the Plaintiff Class Representatives. In addition, the Defendants have given the Plaintiffs the right to pursue additional money from the County's insurance companies.

The United States District Court for the Northern District of Illinois authorized this Notice. The Court will have a hearing to decide whether to approve the settlement, so that the benefits may be paid.

### Who is included?

You are a Class Member and are eligible to get money if you were:

(1) A male who was subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail on or after January 30, 2004 (**"Class I"**); and/or

(2) A person (male or female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who was subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail on or after January 30, 2004 (**"Class II"**).

### What does the Settlement provide?

The Settlement would entitle men who are members of Classes I and II to receive an estimated payment of $1,000. Men who are members of only Class I would receive an estimated payment of $700. (Men who are members of Class II are automatically members of Class I. In other words, no man is a member of Class II only.) Women who are members of Class II would receive an estimated payment of $500. Those amounts could be higher or lower, depending on how many Class Members submit valid Claim Forms. The payment amount is the same regardless of the number of times you were searched.

Additional money may be available from Cook County's insurance policies for this case. If so, that money would be paid out later, in a second check.

### How do I get money from the Settlement?

**You must fill out and mail a Claim Form postmarked by January 27, 2011 to be eligible for any payment.** To get a Claim Form, go to www.cookcountystripsearch.com or call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free). You can also write to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

### What are my legal rights?

If you fall into the definition of either Class I or Class II, your rights are affected, whether you act or don't act. Your available options are described further below.

**Remain in the Settlement** and file a Claim Form for money. In order to get a payment, you must submit a Claim Form **postmarked by January 27, 2011.** If you file a claim for payment, you will give up the right to sue Defendants regarding the strip search of pre-trial detainees during the initial admission process into Cook County Jail between January 30, 2004 and March 30, 2009. You also have the right to appear before the Court and object to or comment on the proposed Settlement. You give up your right to sue and are bound by Court orders in this case even if your objection or comment is rejected. Written objections and comments **must be received by January 27, 2011.**

**Exclude Yourself.** If you don't want to give up your right to sue or if you don't want to be part of this case, you must mail a letter to the claims administrator requesting to be excluded, and that letter **must be received by January 27, 2011.**

**Do nothing.** If you don't do anything, you will get no money, and you will give up your right to sue for the claims being settled in this case.

The Court will determine whether to approve the Settlement and attorneys' fees and expenses at a Fairness Hearing on **March 1, 2011, at 9:30 a.m.** at the United States District Court for the Northern District of Illinois, 219 South Dearborn, Courtroom 2103, Chicago, Illinois 60604. The Court has appointed Class Counsel to represent everyone entitled to file a claim. Class Counsel is Michael Kanovitz at Loevy & Loevy, 312 N. May Street, Chicago, Illinois 60607, tel 1-877-722-2928.

**FOR MORE INFORMATION: CALL (TOLL-FREE) 1-877-314-6057 OR (NON-TOLL-FREE) 1-312-224-4658 OR VISIT WWW.COOKCOUNTYSTRIPSEARCH.COM**

PARA RECIBIR MAS INFORMACION, LLAME A LA LINEA GRATUITA AL 1-877-314-6057 (SIN COSTO) O 1-312-224-4658 (NON SIN COSTO) O VISITE EL SITIO WEB DEL ACUERDO WWW.COOKCOUNTYSTRIPSEARCH.COM

---

### COOK COUNTY STRIP SEARCH CLAIM FORM
### Young v. Cook County et al, 06 CV 552 (N.D.Ill.)

For Official Use

*Must Be Postmarked No Later Than January 27, 2011*

Complete, Sign and Mail This Form By January 27, 2011 to:
Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

Please read the enclosed Notice before filling out this claim form. You do NOT need to pay anyone to assist you. The Administrator will determine whether or not you are entitled to receive money in this case.

**CLASS MEMBER INFORMATION:**

Last Name of Class Member:            First Name:            Middle Initial (if any):

Mailing Address of Class Member

City            State    Zip Code            Gender (M/F) **(required)**

Social Security Number or I-TIN (if any):    Date of Birth (Mth/Day/Year) **(required):**    Phone of Class Member (optional):

**Note:** If you do not provide a valid social security number or I-TIN, 28% of your payment will be withheld and paid to the federal taxing authorities. You can ask for a refund when you file your tax return.

Any other name(s) or alias(es) used:            IR # (not required)

**If your claim form is approved, please indicate how we should handle your check (expected *after* April 2011).**

☐ Mail the check to the address above    **OR**

☐ Mail the check to a different address, listed below:

Street Address

City            State    Zip Code

**CHECK IF TRUE:**

☐ On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on a felony charge, a drug charge, *and/or* a weapon charge

☐ On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on only a misdemeanor or lesser charge(s) *not* involving drugs or weapons

**NOTE:** The number of times you were admitted to Cook County Jail does NOT affect the amount of your potential payment.

I declare under penalty of perjury under the laws of the United States that the information provided on this form is true and correct.

Signature:            Date:

QUESTIONS? Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com
*Una version en espanol esta disponible ? Preguntas?* Call 1-877-314-6057 (sin costo) or 1-312-224-4658 (non sin costo)

www.laraza.com
Chicago, IL, del 16 al 22 de enero de 2011





Aviso legal                                                                 Aviso legal

### Si Usted fue sometido a un registro sin ropa durante su ingreso a la Cárcel del Condado Cook entre el 30 de enero de 2004 y el 30 de marzo de 2009, tal vez tenga derecho a recibir dinero.

Se ha propuesto un Acuerdo en una demanda colectiva en relación a los registros sin ropa que se realizaron a detenidos sin juicio, durante su ingreso inicial a la Cárcel del Condado de Cook. La demanda planteó varios reclamos de conformidad con la Constitución de los Estados Unidos para impugnar la política general de registro sin ropa de la Cárcel. Como resultado del acuerdo propuesto, el Condado de Cook y la Oficina del Alguacil del Condado de Cook han acordado pagar $55 millones para pagar los reclamos de aproximadamente 300,000 Miembros del Grupo y pagar los costos de las notificaciones del grupo, la administración del acuerdo, honorarios y costos de abogados, e incentivos a los Representantes del Grupo Demandante. Asimismo, los Demandados han dado a los Demandantes el derecho de obtener dinero adicional de las compañías aseguradoras del Condado.

La Corte de Distrito de los Estados Unidos para el Distrito Norte de Illinois autorizó este Aviso. La Corte celebrará una audiencia para decidir si aprueba el acuerdo, para que los beneficios se paguen.

#### ¿Quiénes están incluidos?
Usted es un Miembro del Grupo y califica para obtener el dinero si usted es:
(1) Un hombre que fue sometido a un registro desnudo o a un registro visual de cavidades del cuerpo como un nuevo detenido en la Cárcel del Condado de Cook a partir del 30 de enero de 2004 ("Clase I"); y/o
(2) Una persona (hombre o mujer) acusada sólo por un delito menor o auto ilícito menor que no se relacione a drogas o armas, que ha sido sometida a un registro desnuda y/o a un registro visual de cavidades del cuerpo como un nuevo detenido de la Cárcel del Condado de Cook a partir del 30 de enero de 2004 ("Clase II").

#### ¿Qué es lo que se ofrece en el Acuerdo?
El Acuerdo le daría derecho a los hombres miembros de las Clases I y II a recibir un pago estimado en $1,000. Los hombres que sean miembros sólo de la Clase I recibirían un pago estimado de $700. (Los hombres que sean miembros de la Clase II son automáticamente miembros de la Clase I. Es decir, ningún hombre es miembro sólo de la Clase II). Las mujeres que sean miembros de la Clase II recibirían un pago estimado de $500. Esas cantidades pueden ser mayores o menores, dependiendo de cuántos Miembros del Grupo presenten Formularios de reclamación válidos. La cantidad del pago es la misma sin importar la cantidad de veces en que se le practicó un registro.

Podría haber dinero adicional proveniente de las pólizas de seguro del Condado de Cook para este caso. Si fuera así, ese dinero se pagaría posteriormente, en un segundo cheque.

#### ¿Cómo obtengo dinero del Acuerdo?
Debe completar y enviar por correo un Formulario de reclamación con fecha de franqueo postal hasta el 27 de enero de 2011, a fin de calificar para cualquier pago. Para obtener un Formulario de Reclamación, visite www.cookcountystripsearch.com o llame al 1-877-314-6057 (sin costo) o 1-312-224-4658 (con costo). También puede escribir a Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

#### ¿Cuáles son mis derechos?
Si usted cae dentro de las definiciones de la Clase I o Clase II, sus derechos se han visto afectados, actúe o no. Sus opciones disponibles se describen a continuación.

**Seguir formando parte del Acuerdo** y presentar un Formulario de reclamación de dinero. A fin de obtener un pago, debe presentar un Formulario de Reclamación franqueado antes del 27 de enero de 2011. Si presenta una reclamación para el pago, renunciará a su derecho de demandar a los Demandados en relación a registro sin ropa de detenidos sin juicio, durante el proceso de ingreso inicial a la Cárcel del Condado de Cook, entre el 30 de enero de 2004 y el 30 de marzo de 2009. También tiene derecho a comparecer en la Corte y objetar el Acuerdo propuesto o aportar su comentario sobre él. Usted renuncia a su derecho de demandar y está sujeto a las órdenes de la Corte, aun cuando su objeción o comentario fueran rechazados. Sus objeciones o comentarios por escrito **se deben recibir antes del 27 de enero de 2011.**

**Excluirse.** Si no quiere renunciar a su derecho a demandar o si no desea participar en este caso, debe enviar una carta por correo al administrador de reclamaciones pidiendo ser excluido, y esa carta se **debe recibir antes del 27 de enero de 2011.**

**No hacer nada.** Si no hace nada, no recibirá ningún dinero, y renunciará a su derecho a demandar por las reclamaciones que se están acordando en este caso.

La Corte determinará si aprueba el Acuerdo y los honorarios y gastos de abogados en una Audiencia de Determinación de Imparcialidad el **1 de marzo de 2011 a las 9:30 a.m.** en la Corte de Distrito de los Estados Unidos para el Distrito Norte de Illinois, 219 South Dearborn, Courtroom 2103, Chicago, Illinois 60604. La Corte ha designado a los Abogados del grupo para que representen a todos aquellos que tengan derecho a presentar una reclamación en este caso. El Abogado del Grupo es Michael Kanovitz en Loevy & Loevy, 312 N. May Street, Chicago, Illinois 60607, tel. 1-877-722-2928.

**PARA MAYOR INFORMACACIÓN: LLA ME AL 1-877-314-6057
(SIN COSTO) O 1-312-224-4658 (CON COSTO),**

O, VISITE WWW.COOKCOUNTYSTRIPSPSEARCH.COM

**PARA RECIBIR MAS INFORMACION, LLAME A LA LINEA GRATUITA AL 1-877-314-6057 (SIN COSTO)
O 1-312-224-4658 (NON SIN COSTO)
O VISITE EL SITIO WEB DEL ACUERDO WWW.COOKCOUNTYSTRIPSEARCH.COM**

781-10036149

# EXHIBIT 4

# Media Buy Report



## Young v. Cook County - Final

| Paid Media | | | | |
| --- | --- | --- | --- | --- |
| **Print Media** | Unit Type/Size | Date Ad(s) Ran | Page # of Ad | Tearsheet Received? |
| **Magazine(s)** | | | | |
| *Prison Legal News* | 7.5" x 9.75" | 12/1/2010 | 28-29 | Yes |
| *Prison Legal News* | 7.5" x 9.75" | 1/1/2011 | 48-49 | Yes |
| **Newspaper(s)** | | | | |
| *Chicago Defender* | 1/4 Page (8.75" x 4.125") | 12/15/2010 | 20 | Yes |
| *Chicago Defender* | 1/4 Page (8.75" x 4.125") | 1/12/2011 | 13 | Yes |
| *Chicago Sun Times* | 3 columns x 10 in/cm | 12/15/2010 | 14 | Yes |
| *Chicago Sun Times* | 3 columns x 10 in/cm | 1/12/2011 | 22 | Yes |
| *La Raza (Chicago)* | 1/4 pg | 12/17/2010 | 15 | Yes |
| *La Raza (Chicago)* | 1/4 pg | 1/14/2011 | 15 | Yes |

| Other Items and Services |
| --- |

# EXHIBIT 5

# Cook County Strip Search Class Action

## Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |

## Important Dates

| Deadline | Date |
|----------|------|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

## Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement c/o Rust Consulting. P.O. Box 24660 West Palm Beach, FL 33416

---

**IF YOU WERE STRIP-SEARCHED DURING ADMISSION INTO THE COOK COUNTY JAIL BETWEEN JANUARY 30, 2004 AND MARCH 30, 2009, YOU MAY BE ENTITLED TO MONEY.**

**Overview of the Proposed Settlement**

Cook County and its insurers have agreed to pay $55 million in money damages to more than 250,000 individuals who were unlawfully strip searched during the admission process into Cook County Jail between January 30, 2004 and March 30, 2009. The lawsuit brought several claims under the United States Constitution to challenge the Jail's blanket strip-search policy, as well as the policy of strip-searching men in groups without privacy. The Settlement Fund will cover the costs of class notice and settlement administration, attorneys' fees and costs, and incentive awards to the Class Representatives. At a later date, additional money may become available to class members under the County's insurance coverage for this case.

On November 24, 2010, the Court granted preliminary approval to the proposed settlement.

### Who is included?

The two classes in this lawsuit are:

- **Class I:** All males who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009; and/or

- **Class II:** All people (male and female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

### What does the Proposed Settlement provide?

The Settlement would entitle men who are members of Class I and Class II to receive an estimated payment of $1,000. Men who are members of Class I only would receive an estimated payment of $700. Women who are members of Class II would receive an estimated payment of $500. Those amounts could be higher or lower, depending on how many class members submit valid claim forms. The payment amount is the same regardless of the number of times you were searched.

Additional money may be available from Cook County's insurance policies for this case. If so, that money would be paid out later, in a second check.

*What are my options?*

| Your rights and options as a Settlement Class Member | |
|---|---|
| **Submit a Claim Form** | The official court-ordered deadline for filing a claim has passed. Claims needed to be postmarked by January 27, 2011. |
| **Exclude Yourself** | The official court-ordered deadline to exclude yourself has passed. Written exclusion requests must have been received by the Claims Administrator by January 27, 2011. |
| **Object** | The deadline to object to the Settlement has passed. Written objections must have been received by the Court and by the Claims Administrator by January 27, 2011. |

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader,
you may download it by clicking below:

 Get Acrobat Reader

# Cook County Strip Search Class Action
### Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |
|------|--------|-------|-----------------|------------------|------------------------|----------------------|---------|

## Important Dates

| Deadline | Date |
|----------|------|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

### Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

## Notice

You can view or print these documents by clicking on the title or download below.

Please read the Notice in its entirety before filing a Claim Form.

- Notice

If you have any questions, please call, toll-free, 1-877-314-6057 or non-toll-free at 1-312-224-4658.

---

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

 Get Acrobat Reader

# Cook County Strip Search Class Action

### Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |
|---|---|---|---|---|---|---|---|

## Important Dates

| Deadline | Date |
|---|---|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

## Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

## FAQ's

1.  I saw on the news/read in the paper/heard on the radio that there was a Class Action Settlement for people that were arrested. What is this about?

2.  Am I eligible to get money?

3.  I was strip searched, can I get a Notice?

4.  I was strip searched, if I fill out a claim form, how much will I get paid?

5.  I was arrested more than one time, can I make multiple claims?

6.  Do I have to prove that I was strip-searched or that I am part of this case?

7.  Can the Administrator look me up to see if I'm eligible?

8.  How do I know that the Notice/Claim Form was mailed to me?

9.  How do I know if I am part of the Settlement? Who is considered a class member?

10.  How do I file a claim and what is the deadline?

11.  What are my choices?

12.  What does it mean to "exclude myself"?

13.  How do I exclude myself from the Settlement and what is the deadline?

14.  What is an objection?

15.  How do I object? What is the deadline for objecting?

16.  What is the difference between excluding myself and objecting?

17.  What should I do?

18.  Can I speak at the hearing?

19.  Can I request a Notice via email?

20.  Why is the class period from January 30, 2004 through March 30, 2009?

21.  Can I get a loan for the amount of money I will be receiving?

22.  Why is this a Class Action?

23.  Did the Court grant preliminary approval to the Settlement?

24.  When will I get paid?

25.  What if I disagree with the Jail's records or what if the jail's records about me are wrong?

26.  What if I can't remember when I was in the Jail?

27.  How do you know who to send the Notice to?

28.  Why are women getting less money than men?

29.  Is this the lawsuit dealing with the strip searches of people coming back from Court?

30.  Who are the lawyers in this case?

31.  My son/daughter/sister/brother/etc. is currently incarcerated, can I have a Notice and Claim Form sent to me for them?

32.  What is a drug or weapon offense?

33.  I received a Claim Form that has a check mark next to the class, what does this mean?

34.  I received a Claim Form and I disagree with the box that was checked on my Claim Form, what do I do?

1.  **I saw on the news/read in the paper/heard on the radio that there was a Class Action Settlement for people that were arrested. What is this about?**

    On November 16, 2010, the Cook County Board of Commissioners approved a settlement in a large class action lawsuit. The Plaintiffs in the case alleged that the Cook County Jail had a policy of conducting unconstitutional strip searches of men and women during the admission process into the Jail. The County has agreed to pay $55 million to settle the case. There are an estimated 300,000 members of the class.

    On November 24, 2010 a federal court granted preliminary approval to the Settlement. Notices and Claim Forms were mailed on December 13, 2010.

    If you would like us to add you to the list of people who receives a Notice and Claim Form, email your request to info@cookcountystripsearch.com. Please provide your name, address date of birth, telephone number, and email. In the alternative, you can call 1-877-314-6057 (toll free) or 1-312-224-4658 or write us at Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

    **Back to Top**

2.  **Am I eligible to get money?**

    The lawsuit covers two groups of people:

First, Class One is: "All males who were subjected to a strip search and/or a visual body cavity search during the admission process into the Cook County Jail between January 30, 2004 and March 30, 2009".

- Second, Class Two is "All males (male and female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009."

- If you believe you fall into either category and you would like to be considered for payment, please send in a Claim Form by January 27, 2011. Please be sure that your Claim Form is post-marked by January 27.

**Back to Top**

3. **I was strip searched, can I get a Notice?**

You can request a Notice to be mailed to you by emailing us at info@cookcountystripsearch.com. Please provide your name, address date of birth, telephone number, and email. In the alternative, you can call 1-877-314-6057 (toll free) or 1-312-224-4658 or write us at Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416.

You can also download a Notice by clicking on the link at the top of the page, "Notice".

Please make sure you give us an address where we can reach you over the next several months. If you don't have a permanent address, then please make sure to call and give us your address if it changes.

**Back to Top**

4. **I was strip searched, if I fill out a claim form, how much will I get paid?**

In order to receive money, you must have submitted a timely and valid claim form, and in addition, we must be able to verify using the Jail's records that you are actually a class member.

At this time, the exact amount that each class member will receive is unknown, but it is expected that each claimant will receive a payment of between $500 and $1,000.

Specifically, men who were strip-searched on suspicion of only a misdemeanor or lesser offense not involving drugs or weapons are expected to receive an estimated payment of approximately $1,000 each.

Men who were strip-searched on suspicion of a felony or a drug or weapons-related charge are expected to receive an estimated payment of approximately $700 each.

Women who were strip-searched on suspicion of only a misdemeanor or lesser offense not involving drugs or weapons are expected to receive an estimated payment of approximately $500 each. The estimated payment to woman is slightly lower because men brought an additional legal claim under the Equal Protection Clause, and women did not have this additional legal claim.

These amounts may change and could be higher or lower depending on how many people file valid claims.

**Back to Top**

5. **I was arrested more than one time, can I make multiple claims?**

No. Class members who were admitted to the jail multiple times during the class period are eligible for the highest payment for which they qualify based on any one of those admissions. However, class members will receive one payment, regardless of the number of times they were subjected to the strip search.

**Back to Top**

6. **Do I have to prove that I was strip-searched or that I am part of this case?**

In order to be considered for payment, you must fill out a Claim Form and it must be post-marked by January 27, 2011. When you fill out the Claim Form, you do not have to include any other paperwork or documentation regarding your admission into the Jail.

Once we get your claim form, we will look you up in the Cook County Jail electronic database, which lists every person who is a class member according to the Jail's records. If your name is on that list, than you are entitled to payment, and you will not be required to provide documentation. If your name is not on the list, you may be asked to provide additional documentation to participate in the Settlement. Additional documentation can include court papers or your Jail admission or booking documents.

If you disagree with the Jail's records, we will give you an opportunity to provide us with additional documentation to prove that you are eligible to participate in the Settlement.

You do not need to provide any additional documentation at this time.

**Back to Top**

7. **Can the Administrator look me up to see if I'm eligible?**

Yes.

**Back to Top**

8. **How do I know that the Notice/Claim Form was mailed to me?**

The Notice Packets, which includes the Claim Form, were mailed beginning on December 13, 2010.

You may contact the Administrator to determine if a Notice and Claim Form was mailed to you.

**Back to Top**

9. **How do I know if I am part of the Settlement? Who is considered a class member?**

You are a class member if you fit within either one, or both, of the following groups:

- All males who were subjected to a strip search and/or a visual body cavity search during the admission process into the Cook County Jail between January 30, 2004 and March 30, 2009.

- All people (male and female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

Once you submit a Claim Form, we will look you up in the Jail's records, to see if you qualify for payment.

**Back to Top**

10. **How do I file a claim and what is the deadline?**

The official court-ordered deadline for filing a claim has passed. Claims need to be postmarked by January 27, 2011.

**11.  What are my choices?**

Under the Settlement, you may have the right to:

- Make a claim for a cash payment – deadline has passed.

- Exclude yourself from the Settlement – deadline has passed.

- File written objections to the Settlement and appear (or have your own attorney appear) at the Court's final approval hearing – deadline has passed.

**Back to Top**

**12.  What does it mean to "exclude myself"?**

If you exclude yourself, you are deciding that you do not want to be a part of this lawsuit. You will not get any benefits/money from this Settlement if you exclude yourself from the Settlement. If you exclude yourself, do not send in a Claim Form asking for money. This is also called "opting out."

If you have your own lawsuit or plan to file a lawsuit about the same things that are at issue in this case, then you may need to exclude yourself from this lawsuit.

**Back to Top**

**13.  How do I exclude myself from the Settlement and what is the deadline?**

The Exclusion deadline has passed. Written exclusion requests must have been received by the Claims Administrator no later than January 27, 2011.

**Back to Top**

**14.  What is an objection?**

To object is to tell the Court that you are opposed to the proposed Settlement and there are reasons why you think the Court should not approve it as fair, reasonable and adequate for the Settlement Class. Any Settlement Class Members who object to the Settlement and who have not excluded themselves from the Settlement may file written objections with the Court. You may file these objections on your own or do so through counsel retained at your own expense. The deadline for filing an objection was January 27, 2011.

**Back to Top**

**15.  How do I object? What is the deadline for objecting?**

The deadline to object to the settlement has passed. Written objections must have been received by the Court and by the Claims Administrator no later than January 27, 2011.

**Back to Top**

**16.  What is the difference between excluding myself and objecting?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from that Settlement. Excluding yourself from a Settlement is telling the Court that you don't want to be part of that Settlement. If you exclude yourself from a Settlement, you have no basis to object to the Settlement because it no longer affects you.

**Back to Top**

**17.  What should I do?**

We cannot advise you what to do. That is your decision. If you like, you may speak with Class Counsel, who are the attorneys who represent the class members in this case.

Also, the attorneys representing the class members will be available to speak with class members, at the Harold Washington Library, 8th Floor Meeting Room, 400 South State Street, Chicago, IL 60605, on the following dates and times to answer questions about the settlement and provide assistance to Class Members regarding how to complete a Claim Form:

> December 28, 2010 at 5:30 pm to 6:30 pm

> January 5, 2011 at 5:30 pm to 6:30 pm

> January 15, 2011 at 10:30 am to 11:30 am

Class members are welcome to attend any of these sessions, but attendance is not required. Reservations are not necessary, but space will be limited.

**Back to Top**

**18.  Can I speak at the hearing?**

If you file a proper, timely written objection and have not excluded yourself from this Settlement, then you may appear at the Final Approval Hearing on March 1, 2011 at 9:30 a.m., in person or through an attorney retained at your own expense . If you wish to appear at the hearing to object to the Settlement or to seek other relief, you must notify the Court and counsel for Plaintiff and counsel for Defendant of your intention to do so, in your written objection or other appropriate motion.

**Back to Top**

**19.  Can I request a Notice via email?**

Yes. You are invited to email us at info@cookcountystripsearch.com. Please provide your name, address, and date of birth in your email.

**Back to Top**

**20.  Why is the class period from January 30, 2004 through March 30, 2009?**

The evidence in the lawsuit was that the Jail discontinued its policy of conducting blanket strip searches during the initial admission process into the Cook County Jail in March of 2009. That is why the class period ends on Court certified the class to run from January 30, 2004 through March 30, 2009. The class period begins two years prior to when the case was filed in January 2006.

**Back to Top**

**21.  Can I get a loan for the amount of money I will be receiving?**

Unfortunately, neither the Settlement Administrator nor Class Counsel are able to provide loans.

**Back to Top**

**22. Why is this a Class Action?**

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." The court previously determined that it would allow this lawsuit to proceed as a class action.

**Back to Top**

**23. Did the Court grant preliminary approval to the Settlement?**

Yes. On November 24, 2010 the Court granted preliminary approval to the Settlement. The Notice and Claim Form were mailed on December 13, 2010. The final approval hearing is set for March 1, 2011 at 9:30 a.m. No payments will be sent until after the Court gives final approval of the settlement.

**Back to Top**

**24. When will I get paid?**

We expect payments to be disbursed in May of 2011. However, please note that there will not be any payments unless the Court gives final approval to the settlement. Class action settlements, unfortunately, take time in order to ensure all potential class members have the opportunity to collect and to ensure that only class members are being paid.

The Court will decide whether to give final approval to the Settlement at the Fairness Hearing on March 1, 2011 at 9:30 a.m. If it does, then we expect to make payments to class members approximately 3 months after that approval, so approximately in May of 2011.

**Back to Top**

**25. What if I disagree with the Jail's records or what if the jail's records about me are wrong?**

If you submit a claim form, we will evaluate your claim form and determine, based on the jail's records, whether or not you are entitled to payment, and if so, how much that payment will be. If you disagree with our determination, you will have the opportunity to send us proof of your eligibility. That proof must be in the form of official documentation, such as your arrest report, court papers, or Jail admission documents.

**Back to Top**

**26. What if I can't remember when I was in the Jail?**

That is not a problem. If you were admitted into the Jail during the class period (January 30, 2004 – March 30, 2009), then the Jail will have a record of you. Only if you disagree with the information in the Jail's records do you have to give proof of your Jail admission.

**Back to Top**

**27. How do you know who to send the Notice to?**

The Cook County Sheriff's Department provided us with the list of everyone who was admitted into the Jail during the class period, along with each person's charges. We will use those records, along with information about offense classes (e.g., whether a charge is a misdemeanor or a felony) provided by the Administrative Office of the Illinois Courts, in order to determine the list of potential Class Members. If you are not on the list provided by the Cook County Sheriff's Department, you can request a Notice and Claim Form be mailed to you by calling 1-877-314-6057 (toll free) or 1-312-224-4658; emailing info@cookcountystripsearch.com; writing to Cook County Strip Search Settlement, c/o Rust Consulting, Inc., P.O. Box 24660, West Palm Beach, FL 33416; or you can download a Notice and Claim Form by clicking on the links at the top of the page, "Notice" or "Get a Claim Form". Once you submit a Claim Form, if there is a dispute about whether you are a part of this Settlement, you will have the opportunity to provide us with official documentation, such as your arrest record, court papers, or Jail admission documents, to try and show that you are eligible for payment.

**Back to Top**

**28. Why are women getting less money than men?**

The estimated payment to women is slightly lower because men had an additional legal claim under the Equal Protection Clause, and women did not have this additional legal claim.

Men were strip searched in groups with no strip stalls. The women were strip searched in individual strip stalls. There were additional differences between the men and women strip searches. For these reasons, the men claimed they were treated differently and worse than the women were treated during the strip search.

**Back to Top**

**29. Is this the lawsuit dealing with the strip searches of people coming back from Court?**

No. This lawsuit deals with the strip searches during the admission process into the Cook County Jail, when people were getting brought into the jail to be booked and processed as new admissions.

**Back to Top**

**30. Who are the lawyers in this case?**

The Court has appointed Class Counsel to represent everyone entitled to file a claim. Class Counsel is Loevy & Loevy, 312 N. May Street, Chicago, Illinois 60607, tell 1-877-722-2928.

**Back to Top**

**31. My son/daughter/sister/brother/etc. is currently incarcerated, can I have a Notice and Claim Form sent to me for them?**

We can send a Notice and Claim Form to your son/daughter/sister/brother/etc. You can call or send to the Claims Administrator his or her name, current address, inmate number, and date of birth and the Claims Administrator will send out a Notice and Claim Form or you can download a Notice and Claim Form by clicking on the links at the top of the page, "Notice" or "Get a Claim Form".

**Back to Top**

**32. What is a drug or weapon offense?**

A drug or weapon offense is a criminal charge that involves drugs and/or weapons. For purposes of this settlement, the following drug and weapons-related charges are not eligible under Class II:

720 ILCS 5/12-2(a)(1) Aggravated assault; 720 ILCS 5/24-1 Unlawful Use of Weapon; 720 ILCS 5/21-6 Unauthorized Possession or Storage of Weapons; 720 ILCS 5/33F-3 Unlawful Use of Body Armor; 720 ILCS 550 Cannabis Control Act; 720 ILCS 570 Illinois Controlled Substances Act; 720 ILCS 646 Meth Control & Community Protection Act; 720 ILCS 647 Meth Manufacturing Chem. Retail Sale Control Act; 720 ILCS 648 Meth Precursor Control Act; 720 ILCS 690 Use of Intoxicating Compounds Act; 720 ILCS 635 Hypodermic Syringes and Needles Act; and 720 ILCS 600 Drug Paraphernalia Control Act.

**Back to Top**

**33. I received a Claim Form that has a check mark next to the class, what does this mean?**

The Cook County Sheriff's Department provided us with the list of everyone who was admitted into the Jail during the class period, along with each person's charges. If you received a Claim Form that has a check mark next to the class, the check mark corresponds to the Class that we believe you are

If you agree with this determination, simply fill out the remainder of the Claim Form, sign and return to the administrator by January 27, 2011.

If you disagree with this determination, simply check the box that says "I disagree," fill out the remainder of the Claim Form, and sign and return to the administrator by January 27, 2011.

**Back to Top**

**34.  I received a Claim Form and I disagree with the box that was checked on my Claim Form, what do I do?**

If you disagree with this determination, simply check the box that says "I disagree." Fill out the remainder of the Claim Form, sign and return to the administrator by January 27, 2011. Once we receive your Claim Form, we will contact you to obtain additional information from you about which class you believe you should be in. At that time, you will be asked to provide official documentation, such as court papers or jail admission forms, to demonstrate that you are eligible for payment under this Settlement.

**Back to Top**

---

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

 Get Acrobat Reader

# Cook County Strip Search Class Action

### Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |

## Important Dates

| Deadline | Date |
|---|---|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

### Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

## Court Documents

On November 24, 2010 the court granted preliminary approval to the settlement. This page will be updated shortly and will have copies of the Settlement Agreement, the Claim Form, the Notice, and the Summary Notice. **Please check back often.**

Fifth Amended Complaint

Court's Summary Judgment Ruling

Settlement Agreement

Letter Agreement

---

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

 Get Acrobat Reader

# Cook County Strip Search Class Action
## Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |
|------|--------|-------|-----------------|------------------|------------------------|----------------------|---------|

## Important Dates

| Deadline | Date |
|----------|------|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

### Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

### Get a Claim Form

The deadline to file a claim has passed. Claims needed to be postmarked by January 27, 2011.

If you have any questions, please call, toll-free, 1-877-314-6057 or non-toll-free at 1-312-224-4658.

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

 Get Acrobat Reader

# Cook County Strip Search Class Action
## Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |

## Important Dates

| Deadline | Date |
|----------|------|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

### Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

## Additional Information

If you have additional questions, please contact the administrator:

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

To reach the attorneys representing the class members, call 1-877-722-2928 or e-mail stripsearch@loevy.com, or visit www.loevy.com.

If you experience technical problems with this website, please contact the Administrator at 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free.

For additional information about this lawsuit, you may inspect the pleadings, the orders of the Court and other papers filed in this lawsuit at the United States District Court, Northern District of Illinois,

**DO NOT TELEPHONE OR WRITE THE COURT. THE COURT IS NOT ABLE TO PROVIDE ANY INFORMATION OR ADVICE.**

---

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

 Get Acrobat Reader

# Cook County Strip Search Class Action

## Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |
|------|--------|-------|-----------------|------------------|----------------------|---------------------|---------|

### Important Dates

| Deadline | Date |
|----------|------|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

### Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement c/o Rust Consulting, Inc. P.O. Box 24660 West Palm Beach, FL 33416

## E-mail Class Counsel

### Inquiry to Class Counsel

Fields marked * must be completed

Name*:

Address*:

Address2:

City*:

State:

Zip:

**OR**

Country:

Phone:

Email Address*:

Questions/Comments:

[Submit]  [Cancel]

---

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

Get Acrobat Reader

# Cook County Strip Search Class Action
### Young v. County Cook et al., No. 06 CV 552

| Home | Notice | FAQ's | Court Documents | Get a Claim Form | Additional Information | E-mail Class Counsel | Español |

## Important Dates

| Deadline | Date |
|----------|------|
| **Claim Form Filing Deadline** | postmarked by January 27, 2011 |
| **Exclusion Deadline** | received by January 27, 2011 |
| **Objection Deadline** | received by January 27, 2011 |
| **Fairness Hearing** | March 1, 2011 at 9:30 a.m. |

Continue to check this site often for more information.

Si habla español, presione aquí

### Questions?

Via telephone: 1-877-314-6057 toll-free or 1-312-224-4658 non-toll-free

Via email: info@cookcountystripsearch.com

Via mail: Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

## Aviso

Haga clic en los siguientes enlaces para tener acceso a estos documentos.

- Aviso

- Formulario de reclamación

**Viewing PDF documents on this website**

You will need Adobe Reader to view the PDF documents. If you do not have Adobe Reader, you may download it by clicking below:

 Get Acrobat Reader

# EXHIBIT 6

**Cook County Strip Search**

## PRE-RECORDED TELEPHONE MESSAGE SCRIPT

Hello, you have reached the hotline for Young v. Cook County, the class action lawsuit regarding the strip searches during admission into Cook County Jail.

Para continuar en español, marque el numero [1]."

This message is approximately three minutes long. Please have pen and paper available to take down information. You may also access information and documents on the web at www.cookcountystripsearch.com *(please say and spell).* At the end of this message, if you have questions, you will be able to speak with a customer service representative.

This case is about the strip search that was conducted on men and women during the admission process into Cook County Jail. The time period of this case is January 30, 2004 through March 30, 2009.

Cook County and the Cook County Sheriff's Department have agreed to pay $55 Million in money damages. There are an estimated 300,000 class members. In addition, the County has given the Plaintiffs the right to pursue any additional money that may be available under the County's insurance coverage for this case.

It is expected that the settlement will give each class member a cash distribution of between $500 and $1,000. That amount may change and could be higher or lower, depending on how many people submit valid claims. Class members will be paid a single amount, regardless of the number of times they were strip-searched. If additional money becomes available at a later time through insurance claims, a second payment will be sent to eligible class members at a later time.

The Notice Packets, which included a Claim Form, were mailed on December 13, 2010. To hear about who is eligible for payment as a Class Member Press [2]

To get instructions about filing a claim form press [3]

To hear about how much money Class Members are entitled to, press [4]

To request a Notice and Claim Form, or to speak with a customer service representative, please press [0]

## Press 2, script:

You are a class member if you fit within one or both of the following groups:

- Class I -- All males who were subjected to a strip search and/or a visual body cavity search during the admission process into Cook County Jail between January 30, 2004 and March 30, 2009;

- Class II -- All people (male or female) charged with a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search during the admission process into Cook County Jail between January 30, 2004 and March 30, 2009.

Class Members receive the same amount of $ under this Settlement regardless of the number of times they were strip searched.

**Press 3 Script:**

The official court-ordered deadline for filing a claim has passed. Claims needed to be postmarked by January 27, 2011.

**Press 4 Script:**

At this time, the exact amount that each class member will receive is unknown, but it is expected that each claimant will received a payment of between $500 and $1,000.

Men who were strip-searched on suspicion of a misdemeanor or lesser offense not involving drugs or weapons are expected to receive an estimated payment of approximately $1,000 each. Men who were strip-searched on suspicion of a felony or a drug or weapons-related charge are expected to receive an estimated payment of approximately $700 each. Women who were strip-searched on suspicion of a misdemeanor or lesser offense not involving drugs or weapons are expected to receive an estimated payment of approximately $500 each. These amounts may change and could be higher or lower depending on how many people file valid claims.

The estimated payment to women is slightly lower because men brought an additional claim under the Equal Protection Clause.

All Claims will be evaluated before any payment is made. The Jail records must confirm that you were admitted into the Jail during the relevant time period and that you meet the definition of a Class Member in order for you to receive any payment.

The amount in the settlement fund is currently $55 million.

**Press 0 script:**

During call center hours, transfer to a CSR. After hours, transfer to a voicemail that tells them the call center hours and says:-ROSHNA - do you want them to do able to leave a message?

\*\*After each FAQ script give the option to return to the main menu by pressing "9"

If call made after hours [or on a closed Holiday] then a message will prompt letting the caller know that the Call Center hours and transferring the caller to a voicemail that tells them:

"

# EXHIBIT 7

**Cook County Strip Search Settlement**
**CSR FAQs**

**Introduction:**
Thank you for calling the Cook County Strip Search Class Action Hotline.  My name is
_____.  How may I help you?"

**1.        I received a Notice and Claim Form in the mail, what is this for?**

On November 16, 2010, the Cook County Board of Commissioners approved a
settlement in a large class action lawsuit.  The Plaintiffs in the case alleged that the Cook
County Jail had a policy of conducting unconstitutional strip searches of men and women
during the admission process into the Jail.    The County has agreed to pay $55 million to
settle the case.  There are an estimated 300,000 members of the class.  On November 24,
2010 the Court granted preliminary approval to the Settlement.

The document you received explains your rights under this Settlement.

**2.        I saw on the news/read in the paper/heard on the radio that there was a Class**
**Action Settlement for people that were arrested.  What is this about?**

On November 16, 2010, the Cook County Board of Commissioners approved a
settlement in a large class action lawsuit.  The Plaintiffs in the case alleged that the Cook
County Jail had a policy of conducting unconstitutional strip searches of men and women
during the admission process into the Jail.    The County has agreed to pay $55 million to
settle the case.  There are an estimated 300,000 members of the class.  On November 24,
2010 the Court granted preliminary approval to the Settlement.
Notices and Claim Forms were mailed on December 13, 2010.  If you would like to
provide me with your name, I can check to see if a Notice was mailed to you.

CSRs:  Please check the database.  Please search by name.  If you locate their name,
please confirm mailing address, date of birth and/or social security.  If you confirm the
individual is in the database and there is a PX1 or PX2 code is on the record, please say:

A Notice and Claim Form was mailed to you.  You should be receiving it shortly.  If you
don't receive it by December 20, 2010, please call back and we will have another Claim
Form sent to you.  [CSRs:  If it is after December 20, 2010, please say, "It appears that  a
Notice and Claim Form was mailed to you.  However, we will send another form to you."
CSRs:  Please add the POC message code.]

If you can't find them in the database, please add a new record, collect their name and
address and advise them a Notice and Claim Form will be mailed and they should receive
it in the next 7-10 days.  Please add the SELF and POC claimant message code to the
record.

**3. Am I eligible to get money here?**

The lawsuit covers two groups of people:

- First, Class One is "All males who were subjected to a strip search and/or a visual body cavity search during the admission process into the Cook County Jail between January 30, 2004 and March 30, 2009"

- Second, Class Two is "All people (male and female) charged with a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search during the admission process at the Cook County Jail between January 30, 2004 and March 30, 2009."

**4.      I was strip searched, can I get a Notice and Claim Form?**

Notices and Claim Forms were mailed on December 13, 2010.  If you would like to provide me with your name, I can check to see if a Notice was mailed to you.

CSRs:  Please check the database.  Please search by name.  If you locate their name, please confirm mailing address, date of birth and/or social security.  If you confirm the individual is in the database and there is a PX1 or PX2 code is on the record, please say:

A Notice and Claim Form was mailed to you.  You should be receiving it shortly.  If you don't receive it by December 20, 2010, please call back and we will have another Claim Form sent to you.  [CSRs:  If it is after December 20, 2010, please say, "It appears that  a Notice and Claim Form was mailed to you.  However, we will send another form to you."  CSRs:  Please add the POC message code.]

If you can't find them in the database, please add a new record, collect their name and address and advise them a Notice and Claim Form will be mailed and they should receive it in the next 7-10 days.  Please add the SELF and POC claimant message code to the record.

**5.      I was strip searched, if I fill out a claim form, how much will I get paid?**

In order to receive money, you must submit a claim form, and in addition, we must be able to verify using the Jail's records that you are actually a class member.

At this time, the exact amount that each class member will receive is unknown, but it is expected that each claimant will receive a payment of between $500 and $1,000.

Specifically, men who were strip-searched on suspicion of a misdemeanor or lesser offense not involving drugs or weapons are expected to receive an estimated payment of approximately $1,000 each.

Men who were strip-searched on suspicion of a felony or a drug or weapons-related charge are expected to receive an estimated payment of approximately $700 each.

Women who were strip-searched on suspicion of a misdemeanor or lesser offense not involving drugs or weapons are expected to receive an estimated payment of approximately $500 each.

These amounts may change and could be higher or lower depending on how many people file valid claims.

The estimated payment to women is slightly lower because men brought an legal additional claim under the Equal Protection Clause, and women did not have this additional legal claim.

**6.      I was arrested more than one time, can I make multiple claims?**

No.  Class members who were admitted to the jail multiple times during the class period are eligible for the highest payment for which they qualify based on any one of those admissions.  In other words, class members will get paid one amount, regardless of the number of times they were subjected to the strip search.

**7.      Do I have to prove that I was strip-searched or that I am part of this case?**

In order to be considered for payment, you must fill out a Claim Form.  Once we get your claim form, we will look you up in the Cook County Jail electronic database, which lists every person who is a class member.  If your name is on that list, than you are entitled to payment, and you will not be required to provide documentation.  If your name is not on the list, you may be asked to provide additional documentation to participate in the Settlement. You do not need to provide any additional documentation at this time.

**8.      Can you look me up to see if I'm eligible?**

Yes.  CSRs:  Please look up the caller in the database. If they are eligible for Class I or Class II, a message code will be on the record (CLA1 or CLA2).

If you find CLA1 or CLA2, please say:  "Our records indicate you are a member of Class I/Class II."

If you do not find a message code, please say:  "The data we received from Cook County does not indicate that you are an eligible class member.  However, if you were arrested during the class period and believe that you fall within the definition of the class, please feel free to fill out a Claim Form and mail it to the administrator."

**9.      How do I know that the Notice/Claim Form was mailed to me?**

The Notice Packets, which includes the Claim Form, were mailed on December 13, 2010.

If you would like to provide me with your name, I can check to see if a Notice was mailed to you.

CSRs: Please check the database. Please search by name. If you locate their name, please confirm mailing address, date of birth and/or social security. If you confirm the individual is in the database and there is a PX1 or PX2 code is on the record, please say:

A Notice and Claim Form was mailed to you. You should be receiving it shortly. If you don't receive it by December 20, 2010, please call back and we will have another Claim Form sent to you. [CSRs: If it is after December 20, 2010, please say, "It appears that a Notice and Claim Form was mailed to you. However, we will send another form to you." CSRs: Please add the POC message code.]

If you can't find them in the database, please add a new record, collect their name and address and advise them a Notice and Claim Form will be mailed and they should receive it in the next 7-10 days. Please add the SELF and POC claimant message code to the record.

**10.     How do I know if I am part of the Settlement?  Who is considered a class member?**

You are a class member if you fit within either one, or both, of the following groups:

- All males who were subjected to a strip search and/or a visual body cavity search during the admission process into the Cook County Jail between January 30, 2004 and March 30, 2009

- All people (male and female) charged with a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search during the admission process at the Cook County Jail between January 30, 2004 and March 30, 2009.

Once you submit a Claim Form, we will look you up in the Jail's records, to see if you qualify for payment.

**11.     How do I file a claim and what is the deadline?**

In order to be considered for payment, you must fill out a Claim Form and mail it back to us by January 27, 2011. The claims period has ended and the deadline for submitting a claim form has passed. Unfortunately you cannot submit a claim form now.

**12.     What are my choices?**

Under the Settlement, you may have the right to:

- Make a claim for a cash payment (fill out and mail in a claim form)
- Exclude yourself from the Settlement
- File written objections to the Settlement and appear (or have your own attorney appear) at the Court's final approval hearing

**13.      What does it mean to "exclude myself"?**

If you exclude yourself, you are deciding that you do not want to be a part of this lawsuit. You will not get any benefits/money from this Settlement if you exclude yourself from the Settlement.  If you exclude yourself, do not send in a Claim Form asking for money. This is also called "opting out."

If you have your own lawsuit or plan to file a lawsuit about the same things that are at issue in this case, then you may need to exclude yourself from this lawsuit.  Do you want more information about this option?

**14.  How do I exclude myself from the Settlement and what is the deadline?**

The deadline to file exclusion is January 27, 2011.  Your request for exclusion must be received by the administrator by January 27, 2011.

**15.      What is an objection?**

To object is to tell the Court that you are opposed to the proposed Settlement and there are reasons why you think the Court should not approve it as fair, reasonable and adequate for the Settlement Class. Any Settlement Class Members who object to the Settlement and who have not excluded themselves from the Settlement may file written objections with the Court. You may file these objections on your own or do so through counsel retained at your own expense.

**16.  What is the deadline for objecting?**

The deadline to file an objection is January 27, 2011.  Your objection must be received by the Court and counsel by January 27, 2011,

**17.      What is the difference between excluding myself and objecting?**

Objecting is simply telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from that Settlement. Excluding yourself from a Settlement is telling the Court that you don't want to be part of that Settlement. If you exclude yourself from a Settlement, you have no basis to object to the Settlement because it no longer affects you.

**18.      What *should* I do?**

I cannot advise you what to do.  That is your decision.  If you like, you may speak with Class Counsel, who are the attorneys who represent the class members in this case.

**19.      Can I speak at the hearing?**

If you file a proper, timely written objection and have not excluded yourself from this Settlement, then you may appear at the hearing in person or through an attorney retained at your own expense.  If you wish to appear at the hearing to object to the Settlement or

to seek other relief, you must notify the Court and counsel for Plaintiff and counsel for Defendant of your intention to do so, in your written objection or other appropriate motion. You may not appear at the hearing to object or to request additional relief unless you have filed a written objection or other appropriate motion by the deadline.

**20.     Why can't I get a claim form? That's not fair, I didn't hear about the case until now and I was in [jail/prison/out of the state]?**

We understand that you would like a claim form, and we sincerely appreciate your situation, but the deadline for submitting a claim form is part of the settlement agreement that the Court approved, so we do not have the ability to extend the deadline for you.

We mailed a notice and claim form to every single person who is a class member, according to the Jail's address. The parties took many steps to try and find current addresses for people, including working with the US post office, checking databases for updated addresses, and checking people against the IDOC inmate and parole lists. In addition, the parties published notice of the case in several newspapers to try and make sure everyone got notice of the settlement. We also published in Prison Legal News and posted notice of the settlement at Cook County Jail. We made every effort to reach class members, and we are sorry if you didn't hear about it in time, but the deadline is part of the court-approved settlement terms and we cannot change the deadline for you.

**21.   But I asked for a claim form back in [December] and never got one. That's not fair that I can't submit one now.**

If you believe you requested a claim form during the class period and did not get one, then you must write a letter to us stating:

-    Your full name, address, date of birth, telephone number (if you have one)
-    the approximate date when you requested the claim form
-    how you requested the claim form (e.g., I called Loevy & Loevy; I called the 1-877 number; I sent an email)

Send the letter to:
Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

We will look up your records to see if we received a request from you. We will also look up whether they sent you a claim form. If there was an error on their part, then we will work on your behalf to request an extension. If however we do not have any record of your request or if we show that we actually sent you a claim form, you will not be able to get a claim form.

**22. Why is the class period from January 30, 2004 through March 30, 2009?**

The Court certified the class to run from January 30, 2004 through March 30, 2009.

**23.    Can I get a loan for the amount of money I will be receiving?**

Unfortunately, neither the Settlement Administrator nor Class Counsel are able to provide loans.

**24.    Why is this a Class Action?**

In a class action lawsuit, one or more people called "class representatives" sue on behalf of people who have similar claims. The people together are a "class" or "class members." The court previously determined that it would allow this lawsuit to proceed as a class action.

**25.    Did the Court preliminarily approve the Settlement?**

On November 24, 2010 the Court granted preliminary approval of the Settlement. The Notice and Claim Forms were mailed on December 13, 2010. The final approval hearing is set for March 1, 2011 at 9:30 a.m.   No payments will be sent out until after the Court gives final approval of the settlement.

**26.    When will I get paid?**

We expect payments to be disbursed in May of 2011. However, please note that there will not be any payments unless the Court approves the settlement.  Class action settlements, unfortunately, take time in order to ensure all potential class members have the opportunity to collect and to ensure that only class members are being paid. In this settlement, pursuant to a Court Order the Notice and Claim Form will be mailed in December, 2010. There will be 45 days for people to file a claim form.

The Court will decide at the final approval hearing on March 1, 2011 at 9:30 a.m. whether it will give final approval to this settlement. If it does, then we expect to make payments to class members approximately 3 months after that approval.

**27.    What if I disagree with the Jail's records or what if the jail's records about me are wrong?**

If you submit a claim form, we will evaluate your claim form and determine, based on the jail's records, whether or not you are entitled to payment, and if so, how much that payment will be. If you disagree with our determination, you will have the opportunity to send us proof of your eligibility. That proof must be in the form of official documentation, such as your arrest report, court papers, or Jail admission documents.

**28.  What if I can't remember when I was in the Jail?**

That is not a problem.  If you were admitted into the Jail during the class period (January 30, 2004 – March 30, 2009), then the Jail will have a record of you.  Only if you disagree with the information in the Jail's records do you have to give proof of your Jail admission.

**29.     How do you know who to send the Notice to?**

The Cook County Sheriff's Department provided us with the list of everyone who was admitted into the Jail during the class period, along with each person's charges.  We will use those records, along with information about offense classes (e.g., whether a charge is a misdemeanor or a felony) provided by the Administrative Office of the Illinois Courts, in order to determine the list of potential Class Members.  If you are not on the list provided by the Cook County Sheriff's Department we can take your name and address and have a Notice and Claim Form mailed to you.

**30.  Why are women getting less money than men?**

The estimated payment to women is slightly lower because men had an additional legal claim under the Equal Protection Clause, and women did not have this additional legal claim.

CSRs:  If they ask why the payment to men were more or why there is a class for men who were strip searched that were arrested for felonies, please say:

Men were strip searched in groups with no privacy.  The women were strip searched in individual strip stalls.  There were additional differences between the men and women strip searches.  For these reasons, the men claimed they were treated differently and worse than the women were treated during the strip search.

If they are unsatisfied with this response, please warm transfer to class counsel.

**31.     Is this the lawsuit dealing with the strip searches of people coming back from Court?**

No.  This lawsuit deals with the strip searches during the admission process into the Cook County Jail, when people were getting brought into the jail to be booked and processed as new admissions.

**32.     Who are the lawyers in this case?**

The Court has appointed Class Counsel to represent everyone entitled to file a claim. Class Counsel is Loevy & Loevy, 312 N. May Street, Chicago, Illinois 60607, tel 1-877-722-2928.

**33.    I am calling on behalf of my son/daughter/sister/brother/etc. who is currently incarcerated.  Can I have a notice and claim form (when available) sent to me.**

We will be happy to send a notice and claim form to your son/daughter/sister/brother/etc. at your address.  However, your son/daughter/sister/brother/etc. will need to sign the claim form.  If you would like, you can give me the address of the facility they are incarcerated in, and we would be happy to send it there.

**34.    What is a drug or weapon offense?**

A drug or weapon offense is a criminal charge that involves drugs and/or weapons. For purposes of this settlement, the following drug and weapons-related charges are not eligible under Class II:

720 ILCS 5/12-2(a)(1) Aggravated assault;  720 ILCS 5/24-1 Unlawful Use of Weapon; 720 ILCS 5/21-6 Unauthorized Possession or Storage of Weapons; 720 ILCS 5/33F-3 Unlawful Use of Body Armor; 720 ILCS 550 Cannabis Control Act; 720 ILCS 570 Illinois Controlled Substances Act; 720 ILCS 646 Meth Control & Community Protection Act; 720 ILCS 647 Meth Manufacturing Chem. Retail Sale Control Act; 720 ILCS 648 Meth Precursor Control Act; 720 ILCS 690 Use of Intoxicating Compounds Act; 720 ILCS 635 Hypodermic syringes and needles Act; *and* 720 ILCS 600 Drug Paraphernalia Control Act.

**35.    I received a Claim Form that has a check mark next to the class, what does this mean?**

The Cook County Sheriff's Department provided us with the list of everyone who was admitted into the Jail during the class period, along with each person's charges.  If you received a Claim Form that has a check mark next to the class, that is the class that we have identified you are eligible for.

If you agree with this determination, simply fill out the remainder of the Claim Form, sign and return to the administrator by January 27, 2011.

If you disagree with this determination, simply check the box you believe you are eligible for, fill out the remainder of the Claim Form, sign and return to the administrator by January 27, 2011.

**36.    I received a Claim Form and I disagree with the box that was checked on my Claim Form, what do I do?**

If you disagree with this determination, simply check the box you believe you are eligible for, fill out the remainder of the Claim Form, sign and return to the administrator by January 27, 2011.

**37.      When and where does the court approve the settlement? OR what is the next court date? OR when and where is the hearing in this case?**

March 1, 2011 at 9:30 am at the United States District Court, 219 South Dearborn, Chicago, IL 60604, in courtroom 2103.  You are not required to attend but you can attend if you wish.

**38.      I'm incarcerated.  Can I get the money sent to me at my institution? Can I use the money in prison?**

Generally, inmates at IDOC facilities are able to receive class action checks, and the money is deposited into their inmate trust account and treated exactly the same as any other funds. However, if you have questions or concerns about a specific facility, please contact that facility directly.  If you are having further difficulty getting the information you receive after contacting the IDOC facility, please call us back and we will try to obtain additional information for you.

**39.      The Notice/Claim Form/website says this case is for pre-trial detainees, but I was convicted before I was taken to Cook County Jail.  I do not think I'm a pre-trial detainee.  Can I still fill out a claim form?**

The reason you received a claim form is because there was a record of you in the Jail's database, which showed that you were admitted to the jail during the relevant time period on an eligible criminal charge.  The Claims Administrator mailed out a claim form to every person who appears on that list.  However, the Claim Form is a sworn document and in order to fill it out you will have to swear under penalty of perjury that you are a pre-trial detainee.

**40.      Can I file a claim on behalf of a Deceased Class Member?**

If you are the legal heir or representative authorized to deal with the deceased's affairs in this matter, please submit whatever documents you have that demonstrate your authority along with the completed claim form. Please complete the claim form using the class member's information and then sign the claim with your name and write "FBO Class Members name".

If you do not have legal documents to support your claim, then mail in a copy of a death certificate for the class member along with a letter supporting your claim that you can file on behalf of the deceased.  After we receive those documents, if we have questions or if we need more information from you, we will contact you.

Also, you may be able to obtain legal authorization by preparing what is called a "small estate affidavit."  I cannot give you advice about whether that form is the right one for you, and I cannot help you fill it out.  But you will be able to obtain a copy of that form by going on-line to www.cookcountyclerkofcourt.org or by going to the Cook County's Probate Division in Room 1202 of the Richard J. Daley Center, 50 West Washington, Chicago, Illinois 60602.

**41.     I am a member of both classes will I get paid more?**

Your share of the $55 million fund will depend on the validity of your Claim Form, the number of valid Claim Forms that all class members send in, and the Class or Classes to which you belong.

- Men who fit the definitions of Class I and Class II are eligible for an expected payment of $1,000;
- Men who fit the definition of Class I only are eligible for an expected payment of $700;
- Women who fit the definition of Class II are eligible for an expected payment of $500.

(Men who are members of Class II are automatically members of Class I.  In other words, no man is a member of Class II only.)  If fewer claimants than expected submit claims, then the actual payment to the claimants may be higher.

Men who fit the definition of Class II will receive a different payment amount than will women who fit the definition of Class II because these men successfully brought an additional challenge to the Jail's group strip search under the equal protection clause, whereas the women in Class II did not make a similar claim.

Class members who were admitted to the jail multiple times during the class period are eligible for the highest payment for which they qualify based on any one of those admissions, but they will receive only one payment.

***Note to CSR:***  the above numbers are only estimates and are subject to changed based on how many eligible claims filed.

# EXHIBIT 8

# Exclusion Report

02/21/2011 04:03 PM

PROJECT:  Chicago Strip Search  -  Database:  CHSS

Page 1 of 1

Report Criteria: None

Report ID : EXC15000

| EXCL ID | FULL NAME |
|---------|-----------|
| 1 | MARCOS C ACOSTA |
| 2 | BERNARDO AGUILAR |
| 3 | EARL COSBY |
| 4 | KEIYA MONTICELLO |
| 5 | JOHN SETTINO |
| 6 | PATRICK MCMANAMON |
| 7 | HECTOR SOTO |
| 8 | ANTHONY LEWIS |
| 9 | ELLIOT BANDA |
| 10 | THOMAS DENNIS |
| 11 | TAMMY DENNIS |
| 12 | HENRY R FARRIS |
| 13 | MOHAMMED A SIDDIQUI |
| 14 | DANIEL MARTINEZ |
| 15 | KEITH ROBINZINE |
| 16 | FREDRICK DARNELL GOINGS |
| 17 | DANIEL CHAVEZ |
| 18 | CHRISTOPHER COX |
| 19 | ROBERT E THOMPSON |
| 20 | BOBBY HARRISON |
| 21 | JAMIE DICKERSON |
| 22 | ANTHONY A DEMASI |
| 23 | MARIBEL CALDERON |
| 24 | STACIE R FRAZIER |

TOTAL NUMBER OF EXCLUSIONS: 24

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.

# EXHIBIT 9

U.S. District Court

Northern District of Illinois
Eastern Division

**FILED**

JAN 07 2011

JAN 07 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Cook County Strip search
Class Action, case no. Young v.
County of Cook, et al, 06 C 552

Class Member Name: Ap. William T. Sherrod Jr-R62383
Date of Birth: 6.5.1978
Address: Dixon Correctional Center, 2600 N. Brinton Ave, Dixon, IL 61021

\* \* \* Objection \* \* \*

Statement of Objection: Class Member, Ap. William T. Sherrod Jr-R62383, object to the proposed $55,000,000.00 settlement in case no. 06 C552.

Reasons for Objection: I, object to the proposed settlement, for the following reasons:

(A) Fairness - I believe the settlement should be increased to include the actual amount of times or at least up to 5 times, class members were strip searched upon intake at the Cook County Jail "CCJ." I do not think it is fair, for class members like myself; who were subjected multiple times to strip searches upon intake at CCJ, to recieve compensation for only one time being stripped & searched. I do acknowledge, that under the 14th U.S. Amendment to due process, fundamental fairness & equal protection of law, that there are limitations to finical compensation with injuries as raised in our case, but fairness should & must be balanced by the clauses of both the 14th & 8th U.S. Amendments, due to the injuries the class has suffered.

Speaking at Fairness Hearing: Though I am currently imprisoned in IDOC, I may 'God willing', by law I'm entitled to be released from prison before the 3.1.11 - Fairness Hearing of the Court. If I am released before the Fairness Hearing for our case, this objection should serve as my informing the Court of my desire to speak at Fairness Hearing.

Respectfully Submitted,

Ap. William T. Sherrod Jr-R62383
2600 N. Brinton Ave
Dixon, IL 61021

(✱) Self-notarized, sent to:

Judge        Class Member Return Copy - Ap. William T. Sherrod Jr-R62383
✓ Clerk      Claims Administrator

### STATEMENT OF OBJECTION

I, Sienky Lallemand, (Secured Party/Creditor) authorized representative for SIENKY LALLEMAND (Debtor), a class member named in the above referenced matter objects to this settlement. (For further information as to status of the authorized representative and his relationship to the class member, please reference the Security Agreement in UCC filing w/the Secretary of State for Illinois and copy of said filing w/the Clerk of Court, U.S. District Court, Northern District of Illinois)

The settlement should not be approved for there is no stipulation that specifically allocates for the above referenced class member SIENKY LALLEMAND that was a federal inmate serving a life sentence at that time, therefore property of the federal government during the period that the violations were committed against his corporeal property as mentioned in the above referenced matter. The undersigned was serving a life sentence at USP Lee County when a detainer was executed. Detectives from the Chicago Police Department acting on behalf of the defendants escorted the undersigned across state lines to the County of Cook (Illinois) and placed the undersigned in the custody of the Office of the Sheriff of Cook County, the defendants in the above referenced matter. Since that time the class member's status has changed per the Security Agreement registered w/the Secretary of State (Illinois), Uniform Commercial Code. (See UCC filing w/the Secretary of the State (Illinois) and copy of said filing w/the Clerk of Court, U.S. District Court, Northern District of Illinois)

The proposed settlement involves approximately 300,000 pre-trial detainees and said settlement is for $55,000,000.00. It is expected that each claimant will receive an initial payment of between $500.00 and $1,000.00 from the $55,000,000.00 fund. Considering the unique set of circumstances as to the undersigned's then status as federal inmate in the custody of (considered 'property') the Federal Bureau of Prisons for the Department of Justice and current status of SIENKY LALLEMAND (Debtor) and Sienky Lallemand (Secured Party/Creditor) authorized representative, the aforementioned sum of between $500.00 and $1,000.00 is insufficient compensation for the violations committed by the County of Cook and the Office of the Sheriff of Cook County, against the corporeal property of the Secured Party/Creditor. (See UCC-1 filed w/the Secretary of State and copy of said fling w/the Clerk of Court, U.S. District of Illinois, Northern District of Illinois for a complete description of the above mentioned corporeal property, evidence of ownership and potential liabilities to be incurred due to violation of said corporeal property).

### REMEDY

I, Sienky Lallemand (Secured Party/Creditor) authorized representative for SIENKY LALLEMAND (Debtor), a class member named in the above referenced matter offers the following as proper remedy to this objection. A stipulation in the judgement order at the Fairness Hearing on March 1, 2010 before Judge Matthew Kennelly should state that %2.5 of the $55,000,000.00 fund ($1,375,000.00) or %2.5 of any approved sum by the court for settlement, be appropriated to SIENKY LALLEMAND as compensation for the violations committed against the corporeal property as so described in the above referenced matter.

I, Sienky Lallemand (Secured Party/Creditor) authorized representative for SIENKY LALLEMAND (Debtor) hereby formally requests to speak at the Fairness Hearing on March 1, 2011 at 9:30 am before Judge Matthew Kennelly at the United States Court for the Northern District of Illinois, 210 S. Dearborn Street, Courtroom 2103, Chicago, Illinois 60604.

Due to the unique set of circumstances regarding the relationship between Sienky Lallemand (Secured Party/Creditor) and SIENKY LALLEMAND (Debtor), I respectfully request extradition by the U.S. Marshal's Office to attend the Fairness Hearing on March 1, 2011 at 9:30 am before Judge Matthew Kennelly at the United States Court for the Northern District of Illinois, 210 S. Dearborn Street, Courtroom 2103, Chicago, Illinois 60604.

FILED

JAN 10 2011

1-10-11

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Page 1 of 2

Sienky Lallemand (Secured Party/Creditor)
Authorized Representative for:
SIENKY LALLEMAND (Debtor)
DOB 01-07-1971

Page 2

Contact Address:
c/o Dr. Alexis McRae-Lallemand
6030 Fording Creek Lane
Kernersville, NC 27284-6347
Tel# 336 754 3255

Clerk of Court
United States District Court
Northern District of Illinois
219 S. Dearborn Street
Chicago, Illinois 60604

Date:   29 December 2010

Page 2 of 2

STENLY LAKEMAN
03365.027-E-UNIT
UNITED STATES PENITENTIARY
LEE COUNTY
P.O. Box 305
JONESVILLE, VA. 24263.0305

BRISTOL VA 242

04 JAN 2011 PM 1 L

RECEIVED

JAN 10 2011 TG

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

✧03365-027✧
Clerk Us District Ct
219 S Dearborn ST
Northern District of Ill
Chicago, IL - 60604
United States

60604$1800

Page 4

From Richard Kearney    MA
08-27-1957
4504 W. Altgeld
Chicago, IL, 60639
Tele# 773-645-1037

To→ The Court and the
Claims Administrator
    or

To Whom It May Concern,
I object to the settlement in
Young V. Cook County et al., No. 06 CV 552

I object because from the information that
I received I fit the definition of Class 1.
Under Class 1, I am only eligible for an expected
payment of $700. I was denied my rights
under our U.S. Constitution just as equally as
Mr. Young was denied his rights.

Mr. Young will receive more than $700 out of
this settlement. I know that I should receive
an amount that is equal to Mr. Young.
I was equally strip searched, humiliated and
mentally and physically tortured by the
cook county sheriffs while I was held
and detained in the Cook County Jail
between January 30, 2004 and March 30, 2009.

If you would like me to speak at the Fairness
Hearing on March 1, 2011 at 9:30 am, you can
contact me below, Sincerely, Richard K. Kearney

Richard K. Kearney          FILED
4504 W. Altgeld
Chicago, IL. 60639
Tele# 773-645-1037          JAN 2 0 2011
                            Jan 20 2011
                            MICHAEL W. DOBBINS
                            CLERK, U.S. DISTRICT COURT

William J. Dujka
P.O. Box 4622,
Arcata, CA 95518
Date 1/24/2011

**FILED**

JAN 2 7 2011
JAN 27 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**Notice of Objection to Settlement in *Young v. Cook County et al.,* No. 06 CV 552**

To: (1) The Clerk of Court, United States District Court, Northern
District of Illinois and (2) Cook County Strip Search Settlement, c/o Rust
Consulting, Inc.

From: William J. Dujka
DOB: September 25, 1976

I William J. Dujka object to the settlement in *Young v. Cook County et al.,* No. 06 CV 552. I was horrified
with the abuse of power that I received when admitted to cook county jail for a traffic offense. I was
stripped searched on several occasions in front of several hundred men. On one occasion the
correctional officers brought an obviously homosexual male staff inmate in the large room of hundreds
of men being striped searched and cavity checked. The inmate staff member made several vulgar sexual
statements to several inmates and when the inmates became upset about it the guards used the strip-
search as a method of discipline and performed multiple cavity searches making the inmates bend over
and cough repeatedly. The correctional officers then made every inmate in the room repeat the action
of removing all clothing, bending over towards the wall, spread buttocks and caugh as a discipline action
for the men speaking out on the way they were being treated.

I personally endured this abuse on several occasions and as a veteran of the United States Navy that
served honorably during Operation Enduring Freedom and Operation Iraqi Freedom I am outraged. I
swore an oath and sacrificed in the defense of the Constitution of the United States of America and the
Cook County Sheriffs desecrated it on a number of times. I object at the trivial attempt of restitution by
a small cash settlement for such an obvious and blatant abuse of power by the Cook County Sheriffs.

I would like to speak at the fairness hearing but I currently reside in the state of California and cannot
afford to make an appearance due to the travel involved.

Sincerely,
William J. Dujka



# FILED

JAN 3 1 2011
JAN 31 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*Illinois Northern District Court*

Kim Young

Vs.                                         Case No: *06cv00552*

Cook County et al,

## Notice With Reference To Settlement

Please take notice in the above style case in regards to the settlement for damages in the matter which will or has been asserted to numerous victims liken, but I, <u>Antonio B. Claiborne</u>, not satisfied. For cause will show:

1. The sum of damages decided will not satisfy my life with funds. Money comes and goes.

2. For relief for my damages, cause of expungement or clemency will suffice. Please take notice my misdemeanor to obtain a law degree in near future. This is on grounds that many victims will consent. Not harsher crime, but misdemeanor. America is all about given people second chances, and then I shall and will be given the chance to study and maintain the law throughout America and more. For I have paid my debt and learned from mistakes. Now it is time to take what I learned and use it forward.

3. Like criminals have records so need Cook County. What law makes the County over power the laws?

Antonio B Claiborne
8447 S Elizabeth A2
Chicago, IL 60620
(312) 590-3345 (C)          Claiborneantonio@lawyer.com          (312) 675-8792 (F)

Northern District Court
Clerk of the Court
219 S. Dearborn
Chicago, IL 60604

This letter is to inform that I, Antonio B. Claiborne, do not like the settlement on grounds that will show cause as stated in the Notice attached: The Compensatory damages awarded is in reason with many victims, but I feel the damages rewarded will not suffice my life fully. The only relief that would fully compensate me is clemency or expungement of my misdemeanor. I think about what will help and benefit me more in the future. Every American is given a second chance, and I will become a lawyer in theses United States of America. Some may want this damage awarded to them, but it will not make me happy. If not awarded to my satisfactory, I will do different with my funds that are useful to society and my family. In regards to the Fairness Hearing, I would like to come, hear, and speak.

*[signature]*

Antonio B. Claiborne

CC:

Cook County Strip Search
Rust Consulting, Inc
P O Box 24660
West Palm Beach, FL 33416

27th Day of January 27, 2011

Respectfully submitted,

Antonio B Claiborne
8447 S Elizabeth A2
Chicago, IL 60620
(312) 590-3345 (C)
(312) 675-8792 (O) (F)

Subscribed and sworn to before me
this 27TH day of JAN. 2011
at Chicago, County of Cook, State of Illinois.

Notary Public

"OFFICIAL SEAL"
DEBORAH JENKINS
Notary Public, State of Illinois
My Commission Expires March 31, 2014

**COOK COUNTY STRIP SEARCH CLAIM FORM**
**Young v. Cook County et al, 06 CV 552 (N.D.Ill.)**

| Must Be Postmarked **No Later Than** **January 27, 2011** | **Complete, Sign and Mail This Form By January 27, 2011 to:** **Cook County Strip Search Settlement** c/o Rust Consulting, Inc. P.O. Box 24660 West Palm Beach, FL 33416 | For Official Use  |
|---|---|---|

Please read the enclosed Notice before filling out this claim form. You do NOT need to pay anyone to assist you. The Administrator will determine whether or not you are entitled to receive money in this case.

**CLASS MEMBER INFORMATION:**

Last Name of Class Member: **Whitt**

First Name: **Ronald**

Middle Initial (if any): **A**

Mailing Address of Class Member: **20019 Marlin Ct.**

City: **Lynwood**

State: **IL**

Zip Code: **60411**

Gender (M/F) (required): **M**

Social Security Number or I-TIN (if any): **3 2 2 - 8 6 - 7 4 6 6**

Date of Birth (Mth/Day/Year) (required): **0 3 / 2 2 / 1 9 8 6**

Phone of Class Member (optional): **7 0 8 - 4 1 8 - 0 0 3 2**

**Note:** If you do not provide a valid social security number or I-TIN, 28% of your payment will be withheld and paid to the federal taxing authorities. You may or may not be able to claim a refund when you file your tax return.

Any other name(s) or alias(es) used:

IR # (not required):

**If your Claim Form is approved, please indicate how we should handle your check (expected _after_ April 2011):**

[✓] Mail the check to the address above     **OR**

[ ] Mail the check to a different address, listed below:

Street Address:

City:

State:

Zip Code:

**CHECK THE BOX THAT APPLIES TO YOU:**

[ ] On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on a felony charge, a drug charge, _and/or_ a weapon charge

[X] On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on only a misdemeanor or lesser charge(s) _not_ involving drugs or weapons

If a box above is already checked, that means our records indicate you may be eligible for payment under that category.

If you _disagree_ with our records, please check this box [ ], and we will contact you to request additional information.

**NOTE:** The number of times you were in Cook County Jail does NOT affect the amount of your potential payment.

I declare under penalty of perjury under the laws of the United States that the information on this form is true and correct.

Signature: _Ronald Whitt_

Date: _01-24-2011_

**QUESTIONS?** Call 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com
_Una version en espanol esta disponible ? Preguntas?_ Call 1-877-314-6057 (sin costo) or 1-312-224-4658 (non sin costo)

 



01538434-0010651

RONALD WHITE
20019 MARLIN CT
LYNWOOD IL 60411-6903

0010651

Ronald Whitt
03/22/1986
20019 Marlin Ct. Lynwood, IL, 60411

     I Ronald Whitt object to the amount that I may be entitled to in Young v. Cook County et al. No 06CV522; because I have a erection problem that that started only after the pee swab that was performed on me. The male who performed the swab stuck the cotton swab to far up my pee hole and it started hurting then. Not knowing I was going to have a problem later with my penis but at the time I thought I was ok. I remember having a little blood in my urine foreshore twice in my urine after peeing. My penis hurt me all that night and until that next morning. I have been very a shame to talk or tell any body what happen because I am to young to have erection problems. I have very little sensation in my penis and hate to say it but I will never be able to please a woman like I should be able to. It is so unfair that I have to live like this because it's not my fault why my sex life will never be fun. I'm young and should be having some of the best sex in my life, but I cannot achieve a full erection, and I go limp very fast. I can't stay up long, and some times I cant even get hard at all. I also have another concern that worrying me. I would want to know what the other three people are suing for. I am going to try and Google this information to first find out what they sued about. I'm just hopping it does not have anything to do with any foul play in this matter. And when I say foul play I pray that there was no cross contaminations with the swabbing process that was accidentally or purposely done. I just want to know because I couldn't imagine having to live with any kind of virus or infection for the rest of my life that I didn't contract on my own. I went to jail because of what my to this day girl friend told the police, not because of what they seen. There were no signs of abuse towards here but on the other hand I had scratch marks on my left arm and back, but she didn't get locked up. They went of what she said and that was that. My girl friend bailed me out and didn't press any charges against me. We both had to mature because we both were just a little immature, but I have never been a woman abuser and never will be one. So were in any of this is this fair to me? So I would be suing for two hundred thousand dollars so I can have my erection problem fixed and fixed right. I would love to be able to know deep down in my heart that I will be able to please my woman, but for now that is just a dream. I PRAY THAT THERE IS NOTHING ELSE I HAVE TO WORRY ABOUT LIKE SWAB CONTAMINATION! But if this is all I have to worry about I know this is reasonable to ask of the courts, I'm a very honest guy and all I want is a great sex life if not, just a regular one. And to the guy that messed me up, I hope he's at the hearing to hear what he has done, or if some one can contact him to let him know the damage he has done!

                                                        Sincerely:
                                                        Ronald Whitt

Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL
33416

January 24th, 2011
David Kraybill
I.D. 20090024721
P.O. Box 089002
Chicago, IL 60608

Mailing address: 6303 Lake Road West, #43 Ashtabula Ohio 44004

RE: Objection to Cook County Strip Search Settlement
Young V. Cook County et al., No. 06 CV 552
(As submitted to the U.S. District Court)

From: David Kraybill D.O.B. 10-18-1962

    This notice serves as a formal written objection to the settlement of the class action lawsuit of Young V. Cook County et al, No. 06 CV 552. Although I wish to remain a member of the class action lawsuit, I object to the current terms of the negotiated settlement on the grounds that the attorney fee portion of the settlement is grossly excessive. While I do agree that the representing attorneys should be adequately compensated for taking a case like this to trial and the expense and risk thereof, it nevertheless does not warrant a payment that would be equal to the payment of attorney contingency fees that the law firm of Loevy and Loevy would have received if it had represented the plaintiffs on an individual basis one at a time. I.E. the risk by the law firm of Loevy and Loevy did not necessarily correspond directly to the size of this particular lawsuit.

    I therefore request that this honorable and reasonable court adjust the legal fees accordingly to facilitate a just and proper settlement in order to increase the award to the injured plaintiffs.

    Although I am still in custody at Cook County Jail I request and would be greatly honored if the court would permit me to speak at the fairness hearing scheduled for March 1st, 2011, at 9:30am, by court order.

Humbly yours,
David Kraybill

Page 13

2009002047721
P. Box 088003
Chicago, IL
60608

33416+4660

Cook County Strip Search Settlement
C/o Rust Consulting, inc.
P.O. Box 24660
West Palm Beach, FL

33416

Page 14

# EXHIBIT 10

Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416
1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)

INSERT DATE

Name 1
Name 2
Name 3
Address 1
Address 2
City, State and Zip

**REQUEST FOR ADDITIONAL INFORMATION  * * * *  Claim No. <<clm_no>>**

Dear Claimant:

We have received and processed the Claim Form that you submitted in the Young v. Cook County et al, 06 CV 552 (N.D. Ill) Settlement.  However, we noted one or more deficiencies in the Claim you submitted as follows:

_____√___ (GEND) You failed to select your gender.  Please review the back side of this letter and complete **Part 1**.

_____√___ (DOB) You failed to provide your date of birth. Please review the back side of this letter and complete        **Part 2**.

_____ (CLAS)You failed to select which Class you believe you are a part of (e.g., felony or misdemeanor). Please review the back side of this letter and complete **Part 3**.

_____√___ (SIGN) You failed to sign your Claim Form.  Please review the back side of this letter and complete **Part** 4.

PLEASE REVIEW THE BACK SIDE OF THIS LETTER AND COMPLETE THE REQUEST FOR ADDITIONAL INFORMATION.

YOUR COMPLETED RESPONSE MUST BE SENT BACK TO US POSTMARKED BY _____.

If you have any questions, please contact the Claims Administrator at 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com

Sincerely,

Multi

Claims Administrator

## REQUEST FOR ADDITIONAL INFORMATION

**Claim No.  «clm_no»**

---

**PART 1: Gender**

Check your gender below.

Male: ☐          Female: ☐

---

**PART 2: Date of Birth**

Enter your date of birth on the line provided below.

_____

---

**PART 3: Select Class**

<u>CHECK THE BOX THAT APPLIES TO YOU:</u>

☐     On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on a felony charge, a drug charge, *and/or* a weapon charge

☐     On at least one occasion between January 30, 2004 and March 30, 2009, I was admitted as a pre-trial detainee into the Cook County Jail on only a misdemeanor or lesser charge(s) *not* involving drugs or weapons

---

**PART 4: Signature**

I declare under penalty of perjury under the laws of the United States that the information on my Claim Form is true and correct.

_____          _____

Signature:                                                            Date

Multi

Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416
1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)

Date

Name 1
Name 2
Name 3
Address 1
Address 2
City, State and Zip

**RESPONSE DUE DATE: Date**

Dear Claimant,

We have received and processed the Claim Form and Release you filed in the Young v. Cook County et al, 06 CV 552 (N.D. Ill) Settlement. However, the Social Security Number and/or Tax Identification Number provided on your Claim Form was either incomplete and/or improperly filled out, or the Social Security Number and name combination you provided does not match the IRS records.

We are asking you to complete and mail the enclosed Substitute W-9 Form because we are required to send a 1099 to the IRS informing them of the payment you received. Your Social Security number will be kept confidential and will not be used for identification or verification purposes.

Please return the completed and signed Substitute W-9 form by the response due date above to the following address:
Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416

**If you do not have a social security number or TIN, or if we do not receive the completed Substitute W-9 form with a valid Social Security number, then we will still send you a payment, but we will withhold 28% of your payment pursuant to federal law.**

Please note we are unable to give you tax or other legal advice on this matter. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member. If you have tax questions, you should contact a local tax preparer or advisor.

If you have any questions, please contact the Claims Administrator at 1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free) or visit www.cookcountystripsearch.com.

Sincerely,

Claims Administrator

W-9 (bar code)

Cook County Strip Search Settlement
c/o Rust Consulting, Inc.
P.O. Box 24660
West Palm Beach, FL 33416
1-877-314-6057 (toll-free) or 1-312-224-4658 (non-toll-free)

**«Name 1»**
**Claim No. «clm_no»**

---

| **SUBSTITUTE FORM W-9** |
|---|
| Enter the Social Security Number (SSN) of the claimant whose name will appear on the Form 1099 on the line below: <br><br> SSN: ___ ___ ___ -___ ___ - ___ ___ ___ ___ <br><br> *If you are a resident alien and you do not have and are not eligible to get an SSN, your SSN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box.* |

**CERTIFICATION**

I certify that:

1. The number shown on this form is my correct Social Security Number,

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

**The Internal Revenue Service does not require your consent to any provisions of this document other than the certifications required to avoid backup withholding.**

_____       ___ ___ / ___ ___ / ___ ___ ___ ___
Signature of Class Member                                               Date


Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

W-9 (bar code)