## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

KIM YOUNG, RONALD JOHNSON, )
WILLIAM JONES, ALLEN GORMAN, )
GERRAD LAMOUR, LEE MERCADO, )
BRADLEY HYTREK, CARL GRAY, and )
MATTHEW LIPTAK, on behalf of themselves )
and a class of others similarly situated, )
    )
        Plaintiffs, )
    )
v. )   No: 06-CV-552
    )
COUNTY OF COOK and SHERIFF TOM )
DART in his capacity as Head of the Cook County )   JUDGE KENNELLY
Sheriff's Department, )
    )
    )
        Defendants. )   JURY TRIAL DEMANDED

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On November 24, 2010, the Court entered its Order Granting Preliminary Approval of

Class Action Settlement and Directing Notice to Settlement Classes. After notice was sent to the

Settlement Classes,[1] this Court held a Final Approval Hearing on March 1, 2011, for the purpose

of determining (1) whether the proposed settlement, on the terms set forth in the Parties'

Settlement Agreement, is fair, reasonable, and adequate, and should be finally approved by this

Court; (2) whether, pursuant to the terms of the proposed settlement, a judgment should be

entered dismissing Defendant County of Cook and Sheriff Tom Dart and releasing Defendants

---

[1] All terms and phrases used in this Order shall have the same meaning as in the Class
Action Release and Settlement Agreement dated November 16, 2010, including the exhibits (the
"Settlement Agreement").

and the other Releases from all Released Claims; and (3) whether to award attorneys' fees and expenses to Class Counsel and Class Member Incentive Awards.

The Court, having reviewed the Settlement Agreement and all papers submitted in connection with the proposed settlement, and having considered all arguments of counsel and objectors; finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment"). The Court therefore directs the Parties and their counsel to implement and consummate the Settlement Agreement and directs the administration of the settlement in accordance with the terms and provisions of the Settlement Agreement.

**IT IS THEREFORE ORDERED** as follows:

1. The Court has federal subject matter jurisdiction of this Action and jurisdiction to approve the settlement.

2. The Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Classes.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that (a) members of each Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to each of the Settlement Classes; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Classes they represent; (d) the Named Plaintiffs and Class Counsel fairly and adequately protected and will continue to protect the interests of the members of the Settlement Classes; (e) questions of law or fact common to the members of each of the Settlement Classes predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court therefore finds that the requirements for certifying a settlement class have been met and are appropriate under the circumstances of this case pursuant to Federal Rule of Civil Procedure 23(b)(3).  The Court certifies for settlement purposes only the following Settlement Classes, with the Named Plaintiffs representing each Settlement Class as follows:

      (a)     Settlement Class I (Class Representatives:  Ronald Johnson)

           All males who were subjected to a strip search and/or visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

      (b)     Settlement Class II (Class Representatives:  Kim Young, Carl Gray, Matthew Liptak, Lee E. Mercado, Gerrard Lamour, Allen Gorman, Bradley Hytrek, William Jones)

           All people (male and female) charged with only a misdemeanor or lesser offense not involving drugs or weapons who were subjected to a strip search and/or a visual body cavity search as a new detainee at the Cook County Jail between January 30, 2004 and March 30, 2009.

      (c)     Excluded from these Settlement Classes are the following persons:

           (i)     Members of the Northern District of Illinois federal judiciary and their immediate families; and

           (ii)     All persons who have timely elected to opt out of or exclude themselves from the Settlement Classes in accordance with the Court's Orders.

5.      The Court gives final approval to the settlement as fair, reasonable, and adequate to the Named Plaintiffs and to each member of the Settlement Classes, and in their best interests, and in full compliance with all requirements of due process and federal law.  The settlement is finally approved in all respects.

6.      The Settlement Agreement, settlement of this Action, or any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant; provided, however, that

reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement.

7.     The Court finds that the Mailed Notice, Published Notice, and Notice Plan implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated under the circumstances to apprise members of the Settlement Classes of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to make a claim under the settlement; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and federal law.

8.     The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Classes for the purpose of entering into and implementing the Settlement Agreement. The Court further finds that Rust Consulting, Inc., the Court-appointed Claims Administrator, has met all requirements of the Court as set forth in the Preliminary Approval Order and Settlement Agreement.

9.     The Court has considered all objections, including those that may not technically qualify as objections and those that were filed after the objection deadline. This includes objections submitted by James Harris and Alicia Kimbrough-Hassan. After considering the objections, and all briefing and oral argument offered in support of or in opposition to same, and for the reasons stated in open court at the Final Approval Hearing, the Court finds that the objections are without merit. Accordingly, all objections are hereby overruled.

10.     The Court hereby dismisses the Action (including all individual and class claims against Defendants) with prejudice and without fees or costs except as expressly provided in the Settlement Agreement; except that, by consent of the Parties, the Court shall retain jurisdiction

4

over this Action until all aspect of the settlement of this Action, including any proceedings on the Assigned Claims are fully resolved. Except as set forth expressly in this Paragraph, the case is dismissed with prejudice upon entry of this Final Order and Judgment.

11.     The Court finds that the Named Plaintiffs and each member of the Settlement Classes have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against Defendant and the other Released Parties, as follows:

> **Named Plaintiffs' Release:** As consideration for this Agreement, as of the date of payment of the Incentive Awards, the Named Plaintiffs, including each and every one of their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, hereby generally release and discharge Released Parties from any and all claims, demands, rights, causes of action, compensatory and punitive damages, attorneys' fees, costs, debts, or liabilities which they now have, or had at any time prior to and through the date of this release.

> **Settlement Class Release:** As consideration for this Agreement, as of the date of payment of the Incentive Awards, the Settlement Class Members, including each and every one of their respective agents, representatives, attorneys, heirs, assigns, or any other person acting on their behalf or for their benefit, hereby release and discharge Released Parties from any and all claims, demands, rights, causes of action, compensatory and punitive damages, attorneys' fees, costs, debts that were asserted in the Fifth Amended Complaint.

12.     Accordingly, effective thirty-seven days after the entry of the Final Order and Judgment, the Named Plaintiffs and all members of the Settlement Classes who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and

in the manner provided for, are barred from asserting any Released Claims against Defendants and the other Released Parties, and any such members of the Settlement Classes are deemed to have released any and all Released Claims as against Defendants and the other Released Parties. The settlement and this Final Order and Judgment are binding on, and shall have *res judicata* and preclusive effect in, any pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Named Plaintiffs and all other members of the Settlement Classes.

13.    The Court approves the payment of attorneys' fees to Class Counsel in the amount of $18,333,333.00 and costs and expenses to Class Counsel in the amount of $227,374.98. This award shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement.

14.    The Court approves the payment of the Named Plaintiffs' Incentive Awards as follows:

| | |
|---|---|
| Named Plaintiff Kim Young: | $25,000 |
| Named Plaintiff Ronald Johnson: | $25,000 |
| Named Plaintiff William Jones: | $25,000 |
| Named Plaintiff Allen Gorman: | $25,000 |
| Named Plaintiff Gerrard Lamour: | $25,000 |
| Named Plaintiff Lee Mercado: | $25,000 |
| Named Plaintiff Bradley Hytrek: | $25,000 |
| Named Plaintiff Carl Gray: | $25,000 |
| Named Plaintiff Matthew Liptak: | $25,000 |

The Incentive Awards shall be distributed in accordance with the terms of the Settlement Agreement.

15.    The Court approves the payment of the Testifying Class Member Incentive Awards as follows:

| | |
|---|---|
| Class Member Paul Beck: | $10,000 |
| Class Member Bobby Bishop: | $10,000 |
| Class Member Robert Brown: | $10,000 |
| Class Member Robert Consiglio: | $10,000 |
| Class Member James Curran: | $10,000 |
| Class Member Michael Higgs: | $10,000 |
| Class Member John Jacobson: | $10,000 |
| Class Member Derrick Jones: | $10,000 |
| Class Member Dennis Maimonis: | $10,000 |
| Class Member Darryl Paul: | $10,000 |
| Class Member Osbaldo Santiago: | $10,000 |
| Class Member Eric Slapak: | $10,000 |
| Class Member Del Wilson: | $10,000 |
| Class Member Ricky Winfield: | $10,000 |

16.    Additional distributions from the Settlement Fund, including any reversion to the Defendant Cook County, shall be made in accordance with the terms of the Settlement Agreement. In addition, $3,000.00 of the award approved as payable to Class Counsel for costs

and expenses shall be set aside by the Claims Administrator to fund payments made to potential class members Paul Long, Jorge A. Rodriguez, Jr., and R.L. Brooks, Jr., which payments shall be made in accordance with the terms of the Settlement Agreement to each of the foregoing three individuals who submits a claim form and is determined by the Claims Administrator to be eligible for payment. In the event that a portion of the $3,000.00 is not distributed to the foregoing three individuals, the remainder shall revert back to Class Counsel.

17.     The Court hereby bars and enjoins all members of the Settlement Classes who have not been excluded from the Settlement Classes from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims and (ii) organizing members of the Settlement Classes who have not been excluded from the Settlement Classes into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

18.     On March 15, 2011, the parties shall file an agreed list of all potential Settlement Class members who have properly and timely requested exclusion from the Settlement Classes, along with a proposed order regarding the same, which list reflects any exclusions submitted by Robert Lewis Jones, Jason Ferguson, and Erica Speed, who are granted until March 11, 2011 to submit an exclusion.

19.    In the event this settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Settlement Agreement, this Final Order and Judgment, and all orders entered into regarding this settlement shall be null and void and vacated, in accordance with the Settlement Agreement.  Further, in such case, the Settlement Fund, less notice and settlement administration expenses that have been properly disbursed, or properly incurred but not yet disbursed, shall be returned to Defendants pursuant to the Settlement Agreement.

20.    The Court hereby authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modification, and expansions of the Settlement Agreement as (a) are consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Settlement Class members under the terms of the Settlement Agreement.

Dated: 3-4-11

The Honorable Matthew Kennelly