IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIM YOUNG, RONALD JOHNSON, and WILLIAM JONES, on behalf of themselves and a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) No. 06 C 0552 ) ) JUDGE MATTHEW KENNELLY |
| v. | ) ) |
| COUNTY OF COOK, et.al., | ) ) |
| Defendants. | ) |

## JOINT STATUS REPORT REGARDING LETTERS TO THE COURT

Now come Plaintiffs and the Settlement Class, by and through class counsel, Loevy & Loevy, and Defendants County of Cook and Sheriff Tom Dart, by and through their counsel Francis J. Catania, and hereby submit this status report regarding letters to the Court from Alfonzo Caldwell, Philip Deavila, Trent Forney, Dwayne Hill, Andre Stallings, Earl Johnson, Michael Rouse, Marlon Robertson, Curtis Gordon, Ricardo Velasco, Eduardo Rodriguez, Jeryme Morgan, Reginald Brewer, Allory Smith, and Ogunba Adebayo:

**I.    Alfonzo Caldwell, Philip Deavila, Trent Forney, and Dwayne Hill (Logan Correctional Center)**

Alfonzo Caldwell, Philip Deavila, Trent Forney, and Dwayne Hill submitted letters complaining that certain inmates at Logan Correctional Center received payment from the settlement fund despite their late claim forms, and sought relief to submit a late claim as well. Parties provide the following explanation for the recent payments to certain inmates at Logan Correctional Center:

Pursuant to the settlement agreement, in the fall of 2011, parties reviewed all timely

letters objecting to the claims administrator's class eligibility determination. The deadline to submit such letter was August 5, 2011. During the review, parties found some administrative errors and submitted to the court a list of individuals who were entitled to payment but did not receive payment due to these mistakes. The court approved payment to these individuals and checks were sent to them in early January 2012. According to the claims administrator, there were four inmates at the Logan Correctional Center who were granted payment in response to their objection letter. Parties believe these are the payments Messrs. Caldwell, Deavila, Forney, and Hill are referring to in their letters.

The objection process was available to all class members. All potential class members were treated the same throughout the claims process. The settlement agreement imposed a strict deadline and late claims were not accepted unless it was due to an error by the parties or the claims administrator. In reviewing these four individuals' claims, parties did not find exceptions that would justify the late claims. In December 2010, the claims administrator mailed Mr. Caldwell a notice and claim form packet to the last known address. The packet was not returned undeliverable and parties have no reason to believe the packet did not reach Mr. Caldwell. The claims administrator did not receive a completed claim form from Mr. Caldwell. The deadline to submit a timely claim form was over a year ago. It is too late to submit a form.

The claims administrator also sent a notice and claim form packet to Mr. Forney in December 2010. Through no fault of the claims administrator, it was not able to update Mr. Forney's address using the Illinois Department of Corrections database because the information Mr. Forney provided to the Jail is different than the information in the IDOC database (i.e., last name and date of birth). Likewise, Mr. Hill used an alias name. Mr. Hill is listed in the Jail database as Alfred Wright. There was no way for the claims administrator to know that 'Alfred

Wright' was incarcerated in IDOC under 'Dwayne Hill'. Lastly, Mr. Deavila does not appear in the Jail's records as an individual who meet the requirements of the class. For these reasons, Parties recommend the Court deny Messrs. Caldwell's, Deavila's, Forney's, and Hill's requests for relief in this matter, including any compensation from this settlement.

## II.     Andre Stallings

Mr. Stallings submitted a timely claim form and is eligible for payment as a member of Class II. The claims administrator attempted to send the payment to Mr. Stallings using the address he provided on his claim form and the address provided by the trace vendor. Both times, the checks were returned as undeliverable. Recently, we learned that he was incarcerated at Logan Correctional Center. The claims administrator expects to reissue the payment check to him next week. If he does not receive the payment by the end of the month, he should contact the claims administrator.

## III.    Earl Johnson

Mr. Johnson received payment as a member of Class I. During the objection review process, parties discovered that he should have been designated as a member of Class II. In October, class counsel notified Mr. Johnson that he was approved to be a member of Class II and would be receiving a check for the difference. Mr. Johnson writes to the Court stating that he has not received the second payment. Due various stop payment issues, the Jail stopped accepting the checks from the claim administrator for a brief period of time. On January 23, 2012, class counsel wrote to Mr. Johnson explaining the situation to him. Parties have resolved the issue and on February 2, 2012, payment was sent to Mr. Johnson.

## IV.    Michael Rouse

Mr. Rouse writes to the Court stating that he did not fill out the claim forms for <u>Dunn, et</u>

al. v. City of Chicago and Young, et al. v. County of Cook because he did not understand the notices and claim forms. He is requesting relief from the Court to submit claims for the two cases. The deadlines to submit a claim for both settlements were over a year ago and funds in both cases have been distributed. Parties recommend the Court to deny Mr. Rouse's request to submit late claims.

V. **Marlon Robertson**

Mr. Robertson states in his letter that he would like to seek retroactive payments from the Defendants for strip searches that occurred upon intake in 2000 and 2001. The class period for this settlement is from January 30, 2004 to March 30, 2009. Parties recommend that the Court find that Mr. Robertson is not entitled to payments from the settlement fund for intake strip searches that occurred outside the class period.

VI. **Curtis Gordon**

Mr. Gordon received a payment as a member of Class II. He writes to inquiring about the "tax return settlement". As explained in the notice, the claims administrator reports to the IRS any payments over $600. If the claimant did not provide a valid social security number, the claims administrator would withhold 28% for tax purposes. Since Mr. Gordon provided his social security number to the claim administrator, he received the full amount ($734.44). Parties are unaware of any tax return forms Mr. Gordon needs to fill out in relation to this settlement.

VII. **Ricardo Velasco, Eduardo Rodriguez, Jeryme Morgan (Insurance)**

Messrs. Velasco, Rodriguez, and Morgan submitted letters inquiring about the payment from the insurers. As stated in the notice "[i]f there is a recovery from the insurers through a settlement or judgment, those monies will be distributed to class members through a second payment." There has been no recovery from the insurers yet. The insurance proceedings will

take time, perhaps even a few years. While there is no guarantee that the plaintiffs will obtain any money from the insurance policy, if they do recover additional money, a second check will be sent to claimants at the address provided on the claim form. Messrs. Velasco, Rodriguez, and Morgan should inform class counsel in writing if their contact information changes.

**VIII. Reginald Brewer**

Mr. Brewer submitted a timely claim form and was sent a settlement check as a member of Class II. The check was sent to Cook County Jail and the claims administrator confirmed that the check was cashed on July 11, 2011. Mr. Brewer submitted a fraudulent activity report and is now writing to the court requesting status of the fraud investigation. The claims administrator confirmed that it received the fraudulent activity report from Mr. Brewer on November 18, 2011. However, there were errors on his report and his paperwork was rejected by the bank. On January 6, 2012, the claims administrator sent him a letter explaining the errors and another set of forms for him to resubmit. Once the claims administrator receives the corrected report, it will submit it to the bank. The bank's investigation takes approximately 3-6 months. Once the bank concludes its investigation, the claims administrator will contact Mr. Brewer with the outcome.

**IX. Allory Smith**

In his letter to the Court, he writes that he submitted a timely claim form but has not received payment from the settlement. The claims administrator reviewed its records and confirmed that a notice and claim form packet was sent to Mr. Smith at the Menard Correctional Center. However, Rust Consulting has no records of receiving a completed claim form from Mr. Smith. Parties recommend the Court finds that Mr. Smith is not entitled to payment from the settlement because the claims administrator did not receive a completed claim form from Mr. Smith during the claims period.

X.     Ogunba Adebayo

Mr. Ogunba states in his letter to the Court that he meets the requirement of Class I and Class II but did not receive notice of the settlement. In December 2010, the claims administrator sent a notice and claim form packet to Mr. Adebayo at 5811 S Morgan Street. This address was updated through the trace vendor. It appears that Mr. Adebayo is currently incarcerated at the federal correctional facility in Perkin, Illinois and did not receive the mailed notice packet. The claims administrator made reasonable efforts to notify Mr. Adebayo through mailed and published notice. The claims period was over a year ago and the settlement fund has been distributed. Parties recommend that the Court deny Mr. Adebayo's request to be compensated through the settlement fund.

XI.    Inquiries

For the most part, communication regarding the settlement falls into three distinct categories: (1) seeking relief for and/or to submit a late claim; (2) disagreeing with the amount of payment, and (3) inquiring about the status of the claimant's check. At this juncture, it is appropriate to stop accepting inquiries regarding late claims and amount of payment. The deadline to submit a claim was over a year ago. Class counsel diligently worked with the claims administrator to ensure that during the class period, notice and claim packets were mailed out within one business day of receiving the request. The notice plan (involving mailed and published notices) satisfied the requirements of due process; and pursuant to the settlement agreement, there are no recourses available for untimely claims.

Additionally, individuals who disagreed with the class determination and/or payment amount had the opportunity to submit their objections. The deadline to submit such objection was August 3, 2011. Parties reviewed and the Court ruled on all timely objections. Payments

for those whose objections were ruled in their favor have been made. In accordance to paragraph 41 of the settlement agreement, any objections not postmarked by the August 3, 2011 deadline were waived.

The last group of inquires relates to claimants who have not received their settlement checks. During the last six months, the claims administrator received higher than expected requests to reissue checks. The volume of these requests has decreased the last two months and parties believe for the most part this issue has been resolved. Parties propose that the final void date on all checks issued moving forward to be April 16, 2012. For all checks printed after March 1, 2012, the claims administrator will highlight the void date and indicate that it will not reissue another check. No checks will be reissued after April 1, 2012. Class counsel will forward all requests to the claim administrator, but Parties do not believe a written response is necessary.

**X.     Outstanding Issues**

There are two remaining topics pending in this settlement: (1) fraudulent activity reports and (2) insurance litigation. Approximately 100 individuals submitted reports that their checks were fraudulently cashed. These reports were submitted to the bank for investigation. The investigation takes approximately six months. All investigations are currently pending. The claims administrator will contact claimant once it receives the results of the investigation. Parties have no control of the bank's investigation. All inquiries regarding fraud activity should be directly to the claims administrator.

Parties provided to the court a status of the insurance litigation at the January 31st status conference. Class counsel will provide updates of the litigation on its website. The website will allow claimants to send inquires and submit updated addresses. Class counsel encourages

claimants to submit comments through the website and request the Court's permission to not be required to respond to written inquires.


Respectfully submitted,            Respectfully submitted,

/s/ Cindy Tsai                   /s/ Francis J. Catania

Arthur Loevy                     Cook County State's Attorney
Mike Kanovitz                 Richard J. Daley Center
Jon Loevy                        50 West Washington Street Room 302
Roshna Bala Keen             Chicago, Illinois 60602
Cindy Tsai                       (312) 603-5440
LOEVY & LOEVY
312 North May Street
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Cindy Tsai, an attorney, certify that on February 10, 2012, I filed a copy of **JOINT STATUS REPORT REGARDING LETTERS TO THE COURT**, and thereby caused to be served a copy on all counsel of record via the Court's CM/ECF filing system.

                                                                   /s/ Cindy Tsai