Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 552 | **DATE** | 12/31/2012 |
| **CASE TITLE** | Kim Young, et al. vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies the claims and requests for payment by Delaney Charlson [741], Carlos Nash [742], Antoine Younger [743], Kenan Johnson [744], Shawn Lewis [745], Elroy Henderson [768], Raymond Hardy [769 & 771], Larry M. Banks [772], and Derrick Cullum [774-776], including any and all motions they filed, except for Mr. Hardy's and Mr. Cullum's motions to proceed *in forma pauperis*, which are granted [770 & 776]. Class counsel are directed to send a copy of this order to each of these persons and to provide written verification of doing so, by no later than 1/4/13. All *pro se* parties are hereby terminated.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Claims / requests addressed in parties' status report dated 8/10/12 [# 749]

741 – <u>Delaney Charlson</u>: Based upon the parties' status report, it appears that Mr. Charlson did not provide class counsel or the claims administrator with the address to which he was paroled. A notice and claim for was sent to the address he had provided to the Cook County Jail. Though this notice evidently did not reach Mr. Charlson, it represented a reasonable and sufficient effort to send notice to Mr. Charlson. The Court therefore denies Mr. Charlson's petition for relief.

742 – <u>Carlos Nash</u>: Mr. Nash says that he submitted a timely claim form but never received payment. Class counsel reports that Mr. Nash's claim form was unsigned; the claims administrator sent Mr. Nash two letters advising him of the deficiency and telling him what he needed to do to correct it; but Mr. Nash never corrected the deficiency. The requirement of a signature was reasonable, and it appears that Mr. Nash did not comply with that requirement. The Court notes that Mr. Nash's submission refers to "Exhibit A," a purported letter from the claims administrator dated 5/3/11, but the submission that Mr. Nash actually provided to the Court did not include any such exhibit. The Court denies Mr. Nash's motion to reopen the lawsuit.

743 – <u>Antoine Younger</u>: Mr. Younger says that he did not receive payment and requests further information. Class counsel reports that Mr. Younger's claim form was submitted after the deadline. Mr. Younger has provided no explanation or excuse for the late submission. The Court therefore denies his claim. If Mr. Younger needs further information, he should consult the settlement website, www.cookcountrystripsearch.com.

744 – <u>Kenan Johnson</u>: Mr. Johnson says that he did not receive a claim form. Class counsel reports that a claim form was sent to Mr. Johnson at the Cook County Jail on 12/13/10. It appears that Mr. Johnson was transferred to the IDOC around that time. Class counsel reports that Mr. Johnson did not notify the claims

## STATEMENT

administrator of his change of address. The settlement was widely publicized within the Jail and the IDOC, and it was the responsibility of potential claimants like Mr. Johnson to make timely efforts to notify class counsel or the administrator if they did not receive notice of the settlement, or at least to provide counsel or the administrator notice of a current address. Mr. Johnson did neither. His "complaint for negligence / judge's directive" and his "motion for injunctive relief" are denied.

745 – <u>Shawn Lewis</u>: Shawn Lewis objects to his classification as a member of class 1 rather than class 2. The Court previously overruled his objection in an order dated 9/26/11 [dkt.no. 680]. Mr. Lewis has provided no basis to revisit that determination. Class counsel is directed to provide Mr. Lewis another copy of the 9/26/11 order and the status report it approved.

### Claims / requests addressed in parties' status report dated 12/7/12 [# 773]

768 – <u>Elroy Henderson</u>: Mr. Henderson's claim form was postmarked two days after the deadline for submitting payments. Mr. Henderson has provided no explanation or excuse for the late payment. The Court finds that he is ineligible for payment.

769-771 – <u>Raymond Hardy</u>: Mr. Hardy says that he reported a change of address to class counsel by telephone upon his release from incarceration in 2009 but did not receive a notice packet in December 2010. Class counsel report that their records do not indicate any communication from Mr. Hardy reporting an address change. The Court also notes that although the deadline for submitting claims passed in January 2011, and although Mr. Hardy says he was told in June-July 2011 that no claim form had been received, he does not appear to have taken any further action until well over a year later, when he filed his current motion in October 2012. Given this lack of diligence, there is no basis to allow an exception to the claim deadline. The Court grants Mr. Hardy's motion to proceed *in forma pauperis* [# 770] but denies his motion to order class counsel to process payment [# 771].

772 – <u>Larry M. Banks</u>: The Court previously denied Mr. Banks' motion to intervene. *See* order of 9/25/12 (# 765). Mr. Banks has now filed a motion for a writ of execution seeking enforcement of the settlement. The motion is frivolous, because the settlement payment has been made, and the Court has already denied Mr. Banks' request for relief. The Court therefore denies the motion for writ of execution [# 772].

### Claims / requests addressed in parties' status report dated 12/19/12 [# 777]

774-776 – <u>Detrick Cullum</u>: Mr. Cullum states that he submitted a timely claim form but did not receive payment. Class counsel report that the claim form was postmarked after the 1/27/11 deadline and state that in 5/13/11, the claims administrator sent Mr. Cullum a notice of late claim, to the address he had provided on the claim form. In addition, counsel report that Cook County Jail records did not reflect that anyone named Detrick Cullum or Detrick Petty (the alias name Mr. Cullum provided in his claim form), with the date of birth he provided, was received at the Jail during the relevant period. In early 2012, Mr. Cullum provided the claims administrator with yet another alias name, Marcus Marquez. At that point, class counsel determined that a person identifying himself as Marcus Marquez with the date of birth Mr. Cullum has provided was in fact jailed during the relevant period. Unfortunately, however, Mr. Cullum did not provide the necessary information in time. Because Mr. Cullum evidently gave a false name to the Jail when arrested, and then evidently forgot about that false name when he filed his claim form, Mr. Cullum (and only Mr. Cullum) is responsible for the non-payment. The Court finds that Mr. Cullum did not submit a *proper* claim form within the deadline and thus denies his request for payment.