**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIM YOUNG, RONALD JOHNSON, | ) | |
| WILLIAM JONES, ALLEN GORMAN, | ) | |
| GERRAD LAMOUR, LEE MERCADO, | ) | |
| BRADLEY HYTREK, CARL GRAY, and | ) | |
| MATTHEW LIPTAK, on behalf of themselves | ) | |
| and a class of others similarly situated, | ) | |
| | ) | No. 06 C 0552 |
| Plaintiffs, | ) | |
| | ) | Judge Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| COUNTY OF COOK, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

On May 23, 2017, the Court entered its Order Granting Preliminary Approval of Class

Action Settlement in *Cook County, et al. v. American International Group, et al.,* Case No. 12-

L-2765 (Cir. Ct. Cook Cty., Ill.) ("*Young Insurance* Settlement") and Directing Notice to

Settlement Classes. After notice was sent to the Settlement Classes,[1] this Court held a Final

Approval Hearing on September 13, 2017, for the purpose of determining (1) whether the

proposed settlement, on the terms set forth in the Parties' Settlement Agreement, is fair,

reasonable, and adequate, and should be finally approved by this Court; and (2) whether to

award attorneys' fees and expenses to Class Counsel and Class Member Incentive Awards.

---

[1] All terms and phrases used in this Order shall have the same meaning as in the
Settlement Agreement dated May 9, 2017, including the exhibits (the "Settlement
Agreement").

The Court, having reviewed the Settlement Agreement and all papers submitted in connection with the proposed settlement, and having considered all arguments of counsel and objectors; finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment"). The Court therefore directs the Parties and their counsel to implement and consummate the Settlement Agreement and directs the administration of the settlement in accordance with the terms and provisions of the Settlement Agreement.

**IT IS THEREFORE ORDERED** as follows:

1.      The Court has federal subject matter jurisdiction of this Action and jurisdiction to approve the settlement.

2.      The Court has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Classes.

3.      Pursuant to Federal Rule of Civil Procedure 23, the Court finds that (a) members of the Settlement Classes are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to the Settlement Classes; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Classes they represent; (d) the Named Plaintiffs and Class Counsel fairly and adequately protected and continue to protect the interests of the members of the Settlement Classes; (e) questions of law or fact common to the members of the Settlement Classes predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court therefore finds that the requirements for certifying a settlement pursuant to Federal Rule of Civil Procedure 23 have been met. The members of the previously certified Settlement Classes who submitted timely, valid claims to the $55 million settlement that was approved in March 2011 will receive payment under this settlement as well.

5.      The Court gives final approval to the settlement as fair, reasonable, and adequate to each member of the Settlement Classes, and in their best interests, and in full compliance with all requirements of due process and federal law.  The settlement is finally approved in all respects.

6.      The Settlement Agreement, settlement of this Action, or any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant; provided, however, that reference may be made to this Agreement and the settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Agreement.

7.      The Court finds that the Mailed Notice and Notice Plan implemented  (i) constituted the  best  practicable  notice; (ii) constituted notice reasonably calculated under the circumstances to apprise members of the Settlement Classes of the pendency of the Action, their right to object from the proposed settlement and to appear at the Final Approval Hearing, and their right to make a claim under the settlement; (iii) were reasonable and constituted due, adequate, and  sufficient notice  to  all  persons  entitled  to  receive  notice;  and  (iv) met  all  applicable requirements of due process and federal law.

8.      The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Classes for the purpose of entering into and implementing the Settlement Agreement.   The Court further finds that Rust Consulting, Inc., the Court-appointed Claims Administrator, has met all requirements of the Court as set forth in the Preliminary Approval Order.

9.     The Court has considered all objections, including those that may not technically qualify as objections and those that were filed after the objection deadline.  After considering the objections, and all briefing and oral argument offered in support of or in opposition to same, and for the reasons stated in open court at the Final Approval Hearing, the Court finds that the objections are without merit.  Accordingly, all objections are hereby overruled.

10.    The Court hereby dismisses the Action (including all individual and class claims against Defendants) with prejudice and without fees or costs except as expressly provided in the Settlement Agreement; except that, by consent of the Parties, the Court shall retain jurisdiction over this Action until all aspects of the settlement of this Action, including any proceedings in *County of Cook v. USI Ins. Serv. Corp. of Ill. Inc.,* Case No. 12-L-8066 (Cir. Ct. Cook Cty., Ill.) are fully resolved.  Except as set forth expressly in this Paragraph, the case is dismissed with prejudice upon entry of this Final Order and Judgment.

11.    The Court finds that the Named Plaintiffs and each member of the Settlement Classes have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against Defendant and the other Released Parties, as follows:

> In consideration for the settlement payments described in Paragraph 5 of the Agreement, Plaintiffs, on their own behalf and on behalf of their present, former, and future spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and also on behalf of the class certified in the *Young* action, release and forever discharge the Defendants, along with their current and former affiliates, related companies, parents, subsidiaries, officers, directors, employees, insurers, reinsurers, attorneys, predecessors, and successors, from all claims of any nature they have or may have against the Defendants that were or could have been asserted in the Lawsuit. Plaintiffs and their counsel represent that, as of the date of this Agreement, they have no knowledge, awareness, or suspicion that any future claim will be brought against the Defendants related to the insurance policies issued to Cook County that were at issue in the Lawsuit.

12.    Accordingly, upon the Effective Date, the Named Plaintiffs and all members of the Settlement Classes who have not been excluded from the Settlement Class are barred from asserting any Released Claims against Defendants and the other Released Parties, and any such

members of the Settlement Classes are deemed to have released any and all Released Claims as against Defendants and the other Released Parties. The settlement and this Final Order and Judgment are binding on, and shall have *res judicata* and preclusive effect in, any pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Named Plaintiffs and all other members of the Settlement Classes.

13.     The Court has separately approved the payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of one-third of the common fund, net of administrative expenses. The Court also approves the request for reimbursement of the expenses related to the notice mailing for the settlement, subject to presentation of documentation establishing the amount and reasonableness of the expenses involved.

14.     The Court has separately approved the payment of incentive awards to each of the Named Plaintiffs in the amount of $10,000.

15.     The Court hereby bars and enjoins all members of the Settlement Classes who have not been excluded from the Settlement Classes from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims and (ii) organizing members of the Settlement Classes who have not been excluded from the Settlement Classes into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

16.     The Court hereby authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modification, and expansions of the Settlement Agreement as (a) are consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Settlement Class members under the terms of the Settlement Agreement.

Dated: _____

Sept. 22, 2017

_____
The Honorable Matthew Kennelly