IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM YOUNG, RONALD JOHNSON, WILLIAM JONES, ALLEN GORMAN, GERRAD LAMOUR, LEE MERCADO, BRADLEY HYTREK, CARL GRAY, and MATTHEW LIPTAK, on behalf of themselves and a class of others similarly situated,<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF COOK and SHERIFF TOM DART in his capacity as Head of the Cook County Sheriff's Department,<br>　　　　　　　　　Defendants. | No. 06-CV-552<br><br>JUDGE KENNELLY |

**PLAINTIFFS' STATUS REPORT REGARDING UNDELIVERABLE MAIL**

Plaintiffs submit this status report regarding the efforts to locate Class Members entitled to payment from the settlement of *Cook County, et al. v. American International Group, et al.*, Case No. 12-L-2765 (Cir. Ct. Cook County, Ill.), in 2012 ("Young Insurance"), as required by this Court's Preliminary Approval Order regarding the Young Insurance settlement. Dkt. 863 ¶8.

1.　There are 64,838 Class Members who are eligible to receive a *pro rata* share of the Young Insurance settlement because they submitted timely, valid claims for payment from the original settlement of this case. Ex. 1 ¶3 (J. Stinehart 12/21/2017 Declaration).

2.　In its role as Class Administrator, Rust Consulting has worked with Class Counsel to locate as many of those Class Members as possible.

3.　As described in more detail below and in the attached Declaration of Jason Stinehart, Rust believes that it has been able to obtain updated address information for 61,630 of

those Class Members, and it is still running information for an additional 1,573 individuals through the skip tracing process. Rust believes that it has exhausted efforts to locate the remaining 1,635 individuals. Ex. 1 ¶¶3-4.

4. Details regarding Rust's efforts to ensure that it has updated address information follow. In short summary, Rust took a tiered approach to sending notice and searching for Class Member address information.

   a. In sending out the Class Notice, Rust used the mailing address of Young v Cook County II - 5614, P.O. Box 2599, Faribault, MN 55021-9599 in order to receive undeliverable Class Notices, Requests for Objection and Settlement Class Member correspondence.

   b. Throughout the notice process, Rust received a total of 26,760 undeliverable notices without a forwarding address.

   c. Rust sent all 26,760 undeliverable notices without a forwarding address to Transunion for skip tracing. Transunion address searches were performed using a batch process where last known name and address information was used to find updated address information. The Transunion skip tracing returned 15,538 successful updated addresses.

   d. Following the Transunion skip trace, the remaining undeliverables were sent to Experian for further skip tracing. Experian was provided with the Class Members' name, social security number, and address information, and Experian used that information to search its proprietary databases for updated address information. That skip tracing resulted in an addition, 1,047 address updates.

   e. In addition to the Transunion and Experian skip tracing, 5,561 class members contacted Rust Consulting directly with address updates, and 226 class members provided Loevy & Loevy with address updates, which Loevy & Loevy in turn provided to Rust.

   f. As an additional step, the Illinois Department of Corrections provided a list of all current inmates, as well as the last known address for inmates on parole. Rust Consulting checked those addresses against the Class List, which resulted in 302 additional updated addresses.

   g. Finally, for addresses that could not be located using any of the above steps, Rust Consulting conducted a final round of skip tracing through Clear Trace, which uses advanced skip tracing techniques to find updated address

information. Thus far, Clear Trace skip tracing has resulted in 878 successful address updates.

Ex. 1 ¶3.

5. Through the above-described Tiered Results, Rust has identified addresses for all but 3,208 of those individuals. Within that group of 3,463, the skip tracing process is still underway for 1,573 individuals, and Rust believes that it has exhausted efforts to locate the remaining 1,635 individuals.

6. As described in Plaintiffs' Motion to Approve Class Notice, Plaintiffs anticipated that Rust would make two distributions of the Young Insurance common fund to Class Members because the money was not likely going to all be available at the same time. Dkt. 858 at 2-3 (explaining anticipated payments).

7. As of the filing of this status report, Rust has received the entire $32.5 million common fund, and therefore the initial distribution to Class Members will be larger than expected. Nonetheless, to account for the fact that not every Class Member has been located and the fact that some checks will likely not be cashed and the funds from those checks will therefore be eligible for distribution to the remaining Class Members, as well as the fact that there is one additional case pending from which the Class may receive a recovery, Rust will still distribute the common fund in two distributions. With the first distribution, Rust will hold back sufficient funds so that if every Class Member who cannot currently be located is found before the second distribution (for example, if the Class Member contacts Rust or Class Counsel with updated contact information), each of those Class Members will receive the entire *pro rata* share to which they are entitled. Rust will also hold back approximately 10% of each Class Member's total *pro rata* share, to be distributed in the second distribution, along with any un-cashed checks from the

3

first distribution. In addition, the final insurance-related action, *Cook County v. USI Insurance Services*, Case No. 12-L-8076 (Cir. Ct. Cook County, IL) is scheduled for a March 2018 trial. If any additional funds become available from that case, they can also be distributed in the second distribution.

8.      Finally, Class Counsel proposes that it file another status report, no later than thirty days before Rust makes the second distribution of funds, to provide the Court with a further update regarding Class Members for whom Rust has been unable to identify updated contact information and to whom Rust is therefore unable to deliver a check.

                                               Respectfully submitted,

                                               /s/ Scott Rauscher
                                              Michael Kanovitz
                                              Jon Loevy
                                              Scott Rauscher
                                              LOEVY & LOEVY
                                              311 N. Aberdeen St., Third Floor
                                              Chicago, IL 60607
                                              (312) 243-5900
                                              *Class Counsel*