UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

YOUNG ET AL.,
~~XXXXXXXXXXXXXX~~

PLAINTIFF(S)

CASE NO: 06-cv-552

-VS-

**FILED**

MAR -5 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COUNTY OF COOK et al.,

DEFENDANT(S)

## NOTICE OF MOTION OF SETTLEMENT NON PAYMENT TO CLASS MEMBER

NOW COMES THE PLAINTIFF JIMMIE DALE MILLER #K79113, A CLASS MEMBER TO THE ABOVE CAUSE FILED CAUSE FILE THIS MOTION IN THIS HONORABLE COURT STATE AS FOLLEWS:

#1. LAST YEAR THE PLAINTIFF RECEIVED THE ATTACHED NOTICE (EXHIBIT "A") THAT PLACED HIM ON NOTICE THAT A SETTLEMENT WAS PENDING IN THE MATTER OF YOUNG-vs-COUNTY OF COOK, NO.06-cv-552, AND THAT THE PLAINTIFF WHO IS A CLASSMEMBER WAS ENTITLED TO SAID SETTLEMENT FUNDS

#2. THE PLAINTIFF WAS INSTRUCTED NOT TO DO ANYTHING FOR IF HE RECEIVED THE NOTICE (EXHIBIT "A"), THAT HE WOULD AUTOMATICALLY RECEIV SAID SETTLEMENT FUNDS ONCE THE HONORABLE PRESIDING JUDGE APPROVES THE SETTLEMENT AMOUNT.

#3. SAID SETTLEMENT FUNDS WAS APPROVED BY THIS HONORABLE COURT IN (UPON INFORMATION AND BELIEF) SEPTEMBER/2017

#4. THE FIRST WAVE OF SETTLEMENT FUNDS HAS BEEN DISTRIBUTED TO CLASS MEMBERS PLAINTIFF(S)

#5. THE PLAINTIFF JIMMIE DALE MILLER (A.K.A. "JIMMY DALE MILLER -SEE EHXBIT "B" OF LETTER OF VERIFICATION), DID NOT RECEIVE ANY OF THE SETTLEMENT FUNDS THAT HE WAS RIGHTFULLY ENTITLED TO

RECEICE

#6. THE PLAINTIFF HAD TAKEN THE LIBERTY TO PERSONALLY WRITE:

 YOUNG v COOK COUNTYII- 5614,PO BOX 2599,FARIBAULT,MN.55021-9599
BUT THE PLAINTIFF RECEIVED NO RESPONSE

#7. THE PLAINTIFF INITIALLY RECEIVED PAYMENTS IN 2010 FOR THE
CLASS ACTION AGAINST COOK COUNTY JAIL STRIP SEARCH, NOW THE PLAINTIFF
RAISE HIS ELGIBILITY TO RECEIVE PAYMENT IN THE MATTER OF COUNTY
OF COOK-V-AMERICAN INTERNATIONAL GROUP,NO.12-1-2765(CIR.CT.COOK
COUNTY ILL.)

#8. THE PLAINTIFF REQUEST THAT THIS HONORABLE COURT TO ANY SETTLEMENT
PAYMENTS THAT IS RIGHTFULLY DUE TO HIM,THE PLAINTIFF FURTHER
PRAYS THAT THIS HONORABLE COURT WILL REWARD THE PLAINTIFF ANY
AND RELEIF THIS HONORABLE COURT BELIEVE TO BE JUST AND EQUITABLE.

RESPECTFULLY SUBMITTED

NAME : JIMMIE MILLER                              IDOC # : K79113
DATE OF BIRTH: 6/25/1968                          LIVING UNIT : STA:NRC:RL:03:06:01

  HOLDING MITT CUSTODY DATE                 6/11/2016
  DATE ENTERED DEPARTMENT OF CORRECTION     6/16/2016 11:41 AM
  DATE RECEIVED AT:STATEVILLE               4/4/2012
  PROJECTED DATE OF RELEASE FROM CUSTODY    6/11/2019
  TYPE OF RELEASE                           C

****************************************************************************************

| INDICTMENT # | OFFENSE | YEAR | MONTH | DAY |
|---|---|---|---|---|
| *06CF344 | RECK CONDUCT/GREAT BODILY HARM - 00135826520 | 1 | 0 | 0 |
| 15CR1050201 | BURGLARY - 11100005012 | 6 | 0 | 0 |
| 07CR1449801 | BURGLARY - 11100005012 | 13 | 0 | 0 |
| 07CR1449901 | BURGLARY - 11100005012 | 13 | 0 | 0 |
| 07CR1917701 | BURGLARY - 11100005012 | 13 | 0 | 0 |
| 07CR1449701 | BURGLARY - 11100005012 | 13 | 0 | 0 |
| *03CR0924101 | BURGLARY - 11100005012 | 5 | 0 | 0 |
| 08CR1300001 | BURGLARY - 11100005012 | 13 | 0 | 0 |
| *99CR1558201 | AGG BATTERY/GREAT BODILY HARM - 09350005005 | 6 | 0 | 0 |

****************************************************************************************

| ALIAS/NICKNAMES | TYPE | EFFECTIVE DATE |
|---|---|---|
| MILLER, JIMMY D. | Prior Commit Name | 9/15/2000 |
| NEW YORK, | Nickname | 8/11/2009 |

****************************************************************************************

New Case 16 CR 082630Z
720 ILCS 5.0/19-1(A)

NOTE: "*" DISCHARGED MITTS

8.25.16                              Kim Navarro
(DATE)                          RECORDS OFFICE SUPERVISOR
                                STATEVILLE                    CORR. CENTER

CC : MASTERFILE

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**If You Were Strip-Searched During Admission into the Cook County Jail
And You Submitted a Valid Claim Form in the *Young v. County of Cook* Settlement,
You Will Receive Additional Money**

*A federal court authorized this notice. This is not a solicitation from a lawyer. You are not being sued.*

- In 2010, a settlement of a class action lawsuit entitled *Young v. County of Cook*, No. 06-CV-552 (N.D. Ill.), involved approximately 300,000 pre-trial detainees who were strip-searched upon intake into Cook County Jail between January 30, 2004 and March 30, 2009. The Defendants in that case were the County of Cook ("County") and the Office of the Sheriff of Cook County ("Sheriff").
- Under the terms of the *Young v. County of Cook* settlement, the County agreed to pay $55 million, and the Defendants also agreed to assign to the Class potential claims to additional monies from their insurers. Initial payments to the class members from the $55 million fund were made with the understanding that litigation with the insurers would take time.
- You are receiving this notice because the parties recently settled the insurance litigation, and that settlement will provide additional money to the Class. **If you submitted a valid claim form in the *Young v. County of Cook* settlement, you are also eligible to receive a share of the monies recently recovered from the insurers.**
- You do not need to file a claim form or take any other action in order to receive a payment. The Claims Administrator will mail checks to everyone who is eligible.

| Your Legal Rights and Options in this Settlement | | |
|---|---|---|
| **WHAT YOU CAN DO** | **WHAT IT MEANS** | **DEADLINE** |
| Do Nothing | Receive a payment for your share of the money recovered from the insurers. | |
| Object | Remain a class member but write to the Court about why you don't like the Settlement and/or the amount of fees and expenses that Class Counsel asks the Court to award. | Received by: August 14, 2017 |

- Your legal rights and options, **and the deadlines to exercise them**, are explained below. Read this notice carefully.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## Basic Information

### 1. Why did I get this notice packet?

Records indicate that you submitted a valid claim form in *Young v. County of Cook*, No. 06-CV-552 (N.D. Ill.). The Court sent you this notice because you have a right to know about a proposed settlement of a related lawsuit in the Circuit Court of Cook County. That lawsuit was captioned as *County of Cook v. American International Group*, No. 12 L 2765 (Cir. Ct. Cook County, Ill.) and will be referred to in this notice as the *Young Insurance Litigation*. The purpose of this notice is to inform you about all of your options before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The *Young Insurance Litigation* was filed on behalf of the class members (the "Class") who submitted claims in *Young v. Cook County* and against the following insurance companies and related entities: Illinois National Insurance Company, the Insurance Company of the State of Pennsylvania, Lexington Insurance Company, AIG Claims, Inc. (f/k/a Chartis Claims, Inc. and AIG Domestic Claims, Inc.), and AIG, Inc. The people who sued are called Plaintiffs, and the companies they sued are called the Defendants.

### 2. What is the *Young Insurance Litigation* about?

The *Young Insurance Litigation* involved allegations that Cook County was entitled to additional payments from the Defendants in relation to the *Young v. Cook County* lawsuit. As part of the settlement of *Young v. Cook County*, the County assigned certain claims to the class members. Class Counsel has handled the litigation against the insurers on behalf of the Class.

You may review and copy all of the *Young Insurance Litigation* pleadings in person at the office of the Clerk of Circuit Court of Cook County, Richard J. Daley Center, 50 W Washington St., Chicago, IL 60602.

### 3. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. Through a Settlement, the people affected will get compensation without the risk of further litigation. The Class Representatives and the attorneys think the Settlement is in the best interests of the Classes. This Settlement is subject to a Fairness Hearing described in Question 15.

## Who Is in the Settlement

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

### 4. How do I know if I am part of this settlement?

You are a part of this settlement if you submitted a valid claim form in the *Young v. County of Cook* settlement, including everyone who received a payment in *Young v. County of Cook*. You are receiving this notice because our records indicate that you submitted a valid claim form in the *Young v. County of Cook* settlement.

### 5. What if I am still not sure if I am a class member?

*[handwritten annotation: "This is Who You Want!!"]*

If you are still not sure whether you are a class member, call 1-800-315-2291, visit www.cookcountystripsearch.com, or write to Young v Cook County II – 5614, PO Box 2599, Faribault, MN 55021-9599. If you write, include your name, gender, date of birth, and address. The Claims Administrator will help you find out whether you are a class member.

## The Settlement Benefits – What You Get

### 6. What does the Settlement provide?

The total settlement value is $52 million, which will be distributed as follows: (a) $32,500,000 represents a common fund for payments to class members, as well any fees and expenses awarded to Class Counsel and incentive awards to the Class Representatives for pursuing the assigned claims on behalf of the Class and any incentive awards for the Class Representatives; (b) $8,666,666.67 is provided to the State of Illinois pursuant to the Illinois False Claims Act; and (c) $10,833,333.33 million will be provided to Cook County.

### 7. How much money will I receive from the Settlement?

Persons who previously submitted a valid Claim Form in *Young v. County of Cook* will automatically receive a *pro rata* share of the $32,500,000 common fund, after deducting costs of administering the settlement, as well as any court awarded fees and expenses of the attorneys who pursued the assigned claims for the Class and incentive awards to the Class Representatives. *Pro rata* means that the funds available to pay class members will be distributed evenly to all class members who qualify. The Settlement Agreement in *Young v. County of Cook* explains in further detail how payments will be calculated. To get a copy, go to www.cookcountystripsearch.com, or call 1-800-315-2291 (toll-free) or 312-273-4088 (non-toll-free) and ask for a copy.

## How You Get a Payment

### 8. How do I request a payment?

**YOU DO NOT NEED TO TAKE ANY ACTION TO REQUEST A PAYMENT.** Payments will be automatically issued to class members who are eligible to receive them. You must have submitted a valid Claim Form for payment from the $55 million *Young v. County of Cook* fund to be eligible for a payment from the additional monies recovered from the insurers.

No payments will be sent until the Court approves the Settlement. Even then, there may be appeals relating to the Settlement. It is always uncertain how any appeals may be resolved and how long it will take. Please be patient.

Currently, the parties anticipate that there will be multiple distributions of funds if the Court approves the Settlement, as follows:

a. **Payment One** will distribute the *pro rata* shares of the first $19,500,000 of settlement payments in the *Young Insurance Litigation*.

b. **Payment Two** will consist of a *pro rata* distribution of the remaining $13,000,000 of the common fund from the Young Insurance Litigation, as well as a *pro rata* distribution of any funds from uncashed checks issued in **Payment One**. In addition, class members may be entitled to receive additional compensation if there is a recovery in another case pending in the Circuit Court of Cook County, against the County's former insurance broker. That case is captioned as *County of Cook v. USI Insurance Services*, Case No. 2012-L-008066. **Payment Two** will include a *pro rata* distribution of the Class' share of any funds recovered in the USI Insurance Services litigation.

Any attorneys' fees that the Court awards will be distributed in the same manner, and on the same schedule, as the *pro rata* distributions to Class Members.



### 9. Do I need to submit any records proving that I am a Class Member?

No additional records or documentation are required.

### 10. Will I have to pay taxes on my payment?

You may have to pay tax on your settlement income. The Claims Administrator will be responsible for all tax withholding and reporting as required by law, including for issuing any necessary IRS 1099 form(s) to Class Members. You may or may not be able to claim a refund when you file your tax return.

## Your Rights

### 11. Do I have a lawyer in this case? How will the lawyers be paid?

The Court has designated Loevy & Loevy, Attorneys at Law, 311 N. Aberdeen St., Third Floor, Chicago, IL 60607, to act as Class Counsel in this case. The firm has represented the Class through all phases of this case and will continue to represent the Class in the administration of the Settlement and on any appeals.

You do not need to pay for Class Counsel's services. Class Counsel will ask the Court to approve an award of one third of the $32,500,000 common fund as fees and reimbursement of the out-of-pocket costs they have incurred in pursuing the claims against the insurers. Class Counsel will also ask the Court to award up to one third of any subsequent recovery in *County of Cook v. USI Insurance Services*. The fees will compensate Class Counsel for investigating the facts, litigating the case, representing the class at trial, negotiating the Settlement, and for any appeals. The Court may award less than the amount Class Counsel seeks.

The Class Representatives will also petition the Court for payment of an incentive award not to exceed $10,000 each for their work representing the Class. Class Counsel will file with the Court and post on the settlement website its request for attorneys' fees and incentive awards no later than two weeks before the objection deadline.

The Court has also appointed an administrator to send notice to the Class, maintain a settlement website, and process and handle the distribution of payments to the class members. The costs for the claims administrator will be paid out of the fund.

You do not need to retain your own lawyer, but if you want to be represented by your own lawyer, you must hire a lawyer at your own expense.

### 12. How does the Settlement affect my legal rights?

If you did not previously exclude yourself ("opt out") from the settlement of *Young v. County of Cook*, all of the decisions by the Court in this matter will similarly bind you. You are *not* giving up your right to sue Defendants for claims other than those at issue in the lawsuit.

## Excluding Yourself

### 13. Can I remove myself from the Settlement?

No. You are eligible for a payment from the *Young Insurance Litigation* because you chose to submit a claim in the initial Young v. County of Cook Settlement. The claims pursued in the *Young Insurance Litigation* were part of that initial settlement.

## Objecting to the Settlement

You can tell the Court that you don't agree with the Settlement or some part of it, including Class Counsel's request for fees and expenses.

### 14. How do I tell the Court that I don't like the Settlement?

If you are a class member but do not like the Settlement, you can tell the Court why you think the Settlement should not be approved. In order to object, you must send a letter that includes the following: Your objection must be personally signed and include the following information: (1) your name and current address, (2) the specific grounds for your objection, (3) all arguments, citations, and evidence supporting your objection, including copies of any documents you intend to rely on, (4) a statement that you are a Class Member, (5) the name and contact information of any and all attorneys representing you, advising, or in any way assisting you in connection with the preparation or submission of your objection or who may profit from the pursuit of your objection, and (6) a statement indicating whether you (or your counsel) intend to appear at the Final Fairness Hearing. If you are represented by a lawyer, he or she must file an appearance or seek pro hac vice admission to practice before the Court.

You must mail your objection, so that it is <u>received</u> by the Court and the Claims Administrator no later than August 14, 2017, to (1) the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.; *and* (2) Young v Cook County II – 5614, PO Box 2599, Faribault, MN 55021-9599.

If you object and the Court decides against your objection, you will not be able to bring or continue a separate suit for any claims covered by this suit.

If you previously excluded yourself from the settlement in *Young v. County of Cook*, then you cannot object to this Settlement.

## The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

### 15. When and where will the Court decide whether to approve the Settlement?

The Court will have a Fairness Hearing to decide whether to approve the Settlement on September 12, 2017 at 9:30 a.m. before Judge Kennelly at the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604. You do not have to come to the hearing. If you want to speak at the hearing, you must request to do so when you file an objection (*see* Question 14). Incarcerated persons do not have a right to be brought from a jail/prison to the hearing. All written objections will be considered by the Court.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel and the Class Representatives. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

## If You Do Nothing

### 16. What happens if I do nothing at all?

If you do nothing and you are an eligible Class Member, you will receive payment. The answer to Question 8 discusses the automatic payments you will receive.

## Getting More Information

### 17. How do I get more information?

You can call 1-800-315-2291; write to Young v Cook County II – 5614, PO Box 2599, Faribault, MN 55021-9599; email: info@cookcountystripsearch.com, or visit www.cookcountystripsearch.com, where you will find copies of the Settlement papers, the Attorneys' Fee Petition, and answers to common questions. You can obtain detailed information about the case by examining the court file located at the address listed in Question 2. If you wish to speak to Class Counsel, you can contact Michael Kanovitz or Scott Rauscher at Loevy & Loevy by calling 1-877-722-2928 or emailing stripsearch@loevy.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON FEBRUARY 22,2018,I FILED THE FOREGOING MOTION WITH THE CLERK. THE COPY OF THE FOREGOING MOTION WAS ALSO SENT TO THE FOLLOWING AGENCIES:

TO: YOUNG v COOK COUNTYII-5614,pobox 2599,FARIBAULT,MN. 55021-9599

&

TO: LOEVY & ATTORNEY AT LAW,311 n. ABERDEEN ST.,THIRD FLR., CHICAGO,ILLINOIS. 60607

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION WAS SERVED VIA REGULAR MAIL TO THE ABOVE MENTIONED PARTIES AT THE ABOVE ADDRESSES BY DEPOSITING THE SAME IN THE U.S.MAIL LOCATED AT PINCKNEYVILLE CORR. CNTR.,POBOX 999,PINCKNEYVILLE,ILLINOIS. 62274, on february 22,2018 UNDER THE PENALTIES AS PROVIDED BY LAW PURSUANT TO 735 ILCS 5/1-109,I CERTIFY THAT THE STATEMENT IS TRUE AND CORRECT.

JIMMIE DALE MILLER #K79113

PINCKNEYVILLE CORR. CNTR.

POBOX #999

PINCKNEYVILLE,IL. 62274

Jimmie Dale Miller #K79113
P.O. Box 999
Pinckneyville, IL. 62274

Legal mail

RECEIVED
2018 MAR -5 PM 8:43

United States District Court
For the Northern District of Illinois
219 S. Dearborn St., Chicago IL. 60224

TO: Honorable Judge Kennelly

INMATE MAIL

FOREVER

03/05/2018-65

© USPS 2013

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT


FSC MIX Paper