IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM YOUNG, RONALD JOHNSON, WILLIAM JONES, ALLEN GORMAN, GERRAD LAMOUR, LEE MERCADO, BRADLEY HYTREK, CARL GRAY, and MATTHEW LIPTAK, on behalf of themselves and a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF COOK and SHERIFF TOM DART in his capacity as Head of the Cook County Sheriff's Department, <br><br> Defendants. | No. 06-CV-552 <br><br> JUDGE KENNELLY |

**Plaintiffs' Motion to Make Final Distribution from *Young Insurance* Settlement to Class Members who were recently located and to have Rust Consulting hold any remaining funds pending resolution of the final insurance case**

Plaintiffs respectfully move this Court for an order: (1) permitting class administrator Rust Consulting to make a final distribution to certain Class Members from the settlement in *Cook County, et al. v. American International Group, et al.*, Case No. 12-L-2765 (Cir. Ct. Cook County, Ill.) ("*Young Insurance*"); and (2) to have Rust Consulting hold any remaining funds pending the resolution of the final insurance case, stating in support as follows:

1. On July 3, 2018, Plaintiffs moved for leave to have Rust Consulting distribute the remaining funds from the *Young Insurance* settlement to the approximately 43,000 Class Members who had cashed their first checks from that settlement or who had otherwise contacted Class Counsel or Rust Consulting with updated contact information. *See* Dkt. 961.

2. The Court granted that motion on July 12, 2018, *see* Dkt. 964, and Rust Consulting subsequently distributed the remaining funds.

3. Some of the checks that Rust Consulting mailed to Class Members in the last distribution have been returned as undeliverable with no known updated contact information.

4. In addition, since Rust distributed the remaining funds, approximately 500 Class Members who would have been entitled to proceeds from the *Young Insurance* settlement but who Rust and Class Counsel had not previously been able to locate have come forward with updated contact information.

5. Because of the returned checks mentioned in paragraph 3 above, there are sufficient funds available for Rust Consulting to distribute checks to all of the approximately 500 Class Members who recently provided updated contact information, and Class Counsel seeks permission for Rust Consulting to do so in the same amount that other Class Members received.

6. Finally, based on input provided by Rust Consulting, Class Counsel expects that approximately $300,000 may remain available after this proposed distribution because of undeliverable and/or uncashed checks.

7. The final insurance-related lawsuit in this case, *County of Cook v. USI*, Case No. 12-L-8066 (Cir. Ct. Cook County), is on appeal. If the verdict in favor of Cook County is upheld, Class Members will be entitled to additional payments from that case. Therefore, Class Counsel suggests that any funds still available after Rust Consulting makes the distribution proposed in this motion should remain in the settlement fund until the USI appeal is resolved, so that such funds can be distributed with any eventual distribution from the *USI* case.

8. Class Counsel submits that having Rust maintain any remaining funds pending resolution of the *USI* case is the only economically feasible alternative. The cost of

Rust Consulting distributing approximately $300,000 to nearly 45,000 class members would be substantial, resulting in the Class Members getting at most a few dollars each, and possibly less than that, given the additional costs that would be required for Rust Consulting to carry out those payments, including substantial costs incurred answering Class Member questions through a call center.

9. Allowing Rust Consulting to distribute that money as part of a potentially larger pool will be a much more efficient approach and will likely maximize Class Member payments.

10. In the event that USI is successful on appeal and no additional funds become available for Class Members, the remaining funds from uncashed and/or returned checks "shall be distributed to Program Services at Cook County Jail, for use for counseling, recreation, skills, training, and the like for detainees" pursuant to the original settlement in this case. *See* Dkt. 624-1 ¶45.

WHEREFORE, Plaintiffs seek leave for Rust Consulting to make a final distribution of funds to the approximately 500 Class Members who were entitled to a share of the *Young Insurance* settlement but did not receive it because Rust Consulting did not previously have their contact information and to have Rust Consulting hold any remaining funds pending resolution of the *USI* insurance case.

        Respectfully submitted,

        /s/ Scott Rauscher
        Arthur Loevy
        Michael Kanovitz
        Jon Loevy
        Scott Rauscher
        LOEVY & LOEVY
        311 N. Aberdeen St., Third Floor
        Chicago, IL 60607

(312) 243-5900

Class Counsel

## **CERTIFICATE OF SERVICE**

  I, Scott Rauscher, hereby certify that on December 3, 2018, I caused the foregoing to be filed via the Court's electronic filing system:

/s/ Scott Rauscher