**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIM YOUNG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 06 C 552 |
| ) | |
| COUNTY OF COOK, et al., ) | |
| ) | |
| Defendants. | |

## ORDER REGARDING RECENT FILINGS

In this order, the Court deals with a number of recent filings by persons claiming to be class members and/or claiming they should have received a distribution pursuant to the class-wide settlement but did not. Class counsel are directed to mail a copy of this order to each of the persons discussed at their last known address. Finally, the Court agrees with plaintiffs' statement that there is no need at this time to place further advertisements regarding the current status of the class settlement.

1. **Jimmie Dale Miller, Marco Gatewood, Calvin Spivey, Otis Edwards, Ehile Kourouma, and David Jones**

The submission by Jimmie Dale Miller [986] is moot, because the claims administrator committed to re-send his pament to the correct address. The requests for payment by Marco Gatewood [988], Calvin Spivey [989], Otis Edwards [990], Ehile Kourouma [991], and David Jones [992] are denied because plaintiffs have shown that they are not class members.

2. **Antoine Manning**

Antoine Manning is indisputably a class member. He was sent a check in 2011 representing payment from the initial settlement distribution. It was returned undeliverable and was not cashed. The check became void 180 days after its issuance. The remaining funds from that distribution were rolled over into the 2018 distribution and are no longer available. Mr. Manning has received the later disbursements from the

*Young* insurance litigation payments. Plaintiffs argue that the Court should overrule Mr. Manning's request for re-payment of his initial distribution. Mr. Manning argues that class counsel were duty-bound to tack him down no matter how long it took. The Court disagrees; counsel were required to make reasonably diligent efforts, and they did so. The Court declines Mr. Manning's request for a re-payment of his initial distribution, but also declines to completely deny his request for payment. If, but only if, there are residual funds held by the claims administrator for distribution after final resolution of the insurance litigation, then the administrator is directed to re-pay Mr. Manning's full initial distribution out of those funds at that time (it appears to be likely that there will be funds that can be used for this purpose). If there are no such residual funds, Mr. Manning's request for payment is denied [987] [1010].

3.  **Angel Mendoza**

Mr. Mendoza is indisputably a class member. He received his initial disbursement check from the *Young* insurance litigation in early 2018 but says he did not receive his second check later in 2018. Mr. Mendoza says his address changed and that he advised the claims administrator before the second distribution; plaintiffs say that the claims administrator received nothing. The Court will treat Mr. Mendoza's request like Mr. Manning's. If, but only if, there are residual funds held by the class administrator for distribution after final resolution of the insurance litigation, then the administrator is directed to re-pay Mr. Mendoza's second insurance litigation-related distribution out of those funds at that time (it appears to be likely that there will be funds that can be used for this purpose). If there are no such residual funds, Mr. Mendoza's request for payment is denied [1000].

4.  **Theopolis Williams and Carlos Nash**

The Court has previously ruled, more than once, that Theopolis Williams and Carlos Nash are not qualifying members of the class. Their requests for payments or for a status are denied [1001] [1003] [1013].

Date: March 20, 2019

_____
MATTHEW F. KENNELLY
United States District Judge