# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM YOUNG, RONALD JOHNSON, WILLIAM JONES, ALLEN GORMAN, GERRAD LAMOUR, LEE MERCADO, BRADLEY HYTREK, CARL GRAY, and MATTHEW LIPTAK, on behalf of themselves and a class of others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF COOK and SHERIFF TOM DART in his capacity as Head of the Cook County Sheriff's Department,<br><br>        Defendants. | No. 06-CV-552<br><br>JUDGE KENNELLY |

**JOINT MOTION TO APPROVE THE RETURN OF FUNDS TO COOK COUNTY JAIL AND FOR A FINAL PAYMENT TO THE CLASS ADMINISTRATOR**

Plaintiffs and the County of Cook respectfully move for the Court's approval to return the remaining settlement funds in this case to the County of Cook, less $35,167.67 for unreimbursed expenses that Class Administrator Rust Consulting, Inc. ("Rust Consulting") incurred in carrying out the various settlement administration tasks in this case. In support of this motion, the parties state as follows:

1. On May 10, 2021, the Court entered an order: (a) approving Class Counsel's final fee petition in connection with this long-running class action and related insurance cases; and (b) directing Rust Consulting to distribute the funds to Class Members that had recently become available from the verdict that Class Counsel helped obtain for the County of Cook from the case captioned as *County of Cook v. USI Ins. Serv. Corp. of Ill. Inc.*, Case No. 12-L-8066 (Cir. Ct. Cook Cty., Ill.). Dkt. 1061.

2. The Court's May 10, 2021 Order further provided that nine months after distributing the USI funds, any remaining settlement funds from uncashed or returned checks "'shall be distributed to Program Services at Cook County Jail, for use for counseling, recreation, sills, training, and the like for detainees,'" in line with the original settlement agreement's provision for uncashed checks. *Id*. ¶ 5 (quoting Dkt. 624-1 ¶ 45).

3. Rust Consulting subsequently distributed the remaining settlements to Class Members, and more than nine months has now passed since the Court issued its May 10, 2021 Order.

4. The settlement fund currently has a balance of approximately $783,129.61.

5. The Cook County Jail is entitled to this balance pursuant to the Court's May 10, 2021 Order and the original settlement agreement in this case. *See* Dkt. 1061 ¶ 5.

6. Subject to this Court's approval, the County has further agreed that prior to providing the remaining funds to Jail for Program Services, Rust Consulting may reimburse itself for certain costs that were higher than expected. Specifically, in connection with the various distributions it made, Rust provided good faith estimates and agreed to cap its fees. As explained in the attached declaration of Jason Stinehart, some of the costs that Rust incurred ended up being substantially larger than it had anticipated. *See* Stinehart Declaration ¶¶ 7-13. For example, Rust received "roughly 7 times" the call volume it had anticipated, and "approximately 10 times more" undeliverable checks than it had anticipated. Mr. Stinehart's declaration explains how Rust worked to maintain the total cost at a level close to the cap it agreed to but ultimately incurred $35,167.67 in billed work above the cap (which was less than 3% above the cap). The County has reviewed Mr. Stinehart's declaration and has agreed

that Rust should be permitted to reimburse itself for these costs prior to sending the remaining funds to the County.

7. The parties therefore jointly request that the Court enter an order: (a) authorizing Rust Consulting to reimburse itself for expenses incurred in the amount of $35,167.67; and (b) returning the remaining funds to Program Services at the Cook County Jail after the County provides Rust with payment instructions.

8. However, for book-keeping purposes, and since there is no budget account called "Program Services at Cook County Jail" this distribution shall be made to Cook County for appropriation to the correct account.

WHEREFORE, the parties jointly request that the Court grant their motion to return the remaining funds to the County for use at the Cook County Department of Corrections for Inmate Services minus the unreimbursed costs that Rust Consulting has incurred.

Respectfully submitted,

/s/ Scott Rauscher
Arthur Loevy
Michael Kanovitz
Jon Loevy
Scott Rauscher
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
(312) 243-5900

Class Counsel

/s/ Francis J. Catania
Francis J Catania
Supervisor – Civil Rights/Torts Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
Richard J. Daley Center
50 W. Washington St. Room 500
Chicago, IL 60602

P: 312.603.3373
E: francis.catania@cookcountyil.gov